Addendum to Petition for Habeas Corpus
of <u>Marvin Mathis</u>
Docket No. _____

GROUNDS RAISED:    ( POST-CONVICTION RELIEF)

A. DEFENDANT'S CONVICTIONS WERE SECURED IN
VIOLATION OF CONSTITUTIONS OF BOTH THE
UNITED STATES AND STATE OF NEW JERSEY
IN THAT DUE PROCESS WAS NOT SATISFIED
BECAUSE MATERIAL PERJURED TESTIMONY WAS
EMPLOYED DURING HIS TRIAL.

B. DEFENDANT'S CONVICTIONS WERE SECURED IN
VIOLATION OF DUE PROCESS, A FAIR TRIAL AND
SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL
RIGHTS DUE TO THE STATE'S FAILURE TO AFFORD
HIM A PETIT JURY FREE FROM TAINT OF DISCRIM-
NOTORY PRACTICE AND ONE MADE UP FROM A FAIR
CROSS-SECTION OF THE COMMUNITY INCLUDING
BLACKS AND HISPANICS.

C. DEFENDANT WAS DENIED EQUAL PROTECTION OF
LAW DUE TO HIS RACE IN THE JUVENILE WAIVER
HEARING, UNDER SIMILAR CIRCUMSTANCES OTHER
GROUP (CAUCASIANS) ARE LIKELY TO BE
WAIVED UP TO ADULT COURT, AND OFTEN ARE NOT
PROPORTIONALITY REVIEW IS NECESSARY TO
SUBSTANTIATE DEFENDANT'S CLAIMS.

D. THE CUMULATIVE EGREGIOUS SHORTCOMINGS OF
TRIAL COUNSEL DEPRIVED DEFENDANT OF HIS
SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL
RIGHTS EFFECTIVE ASSISTANCE OF COUNSEL,
DUE PROCESS OF LAW, AND A FAIR TRIAL.

E. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE
OF COUNSEL ON DIRECT APPEAL BY VIRTUE OF HIS
APPELLATE COUNSEL'S FAILURE TO MOUNT AND ARGUE
THE ISSUES RAISED HEREIN BEFORE THE APPELLATE
DIVISION ON DIRECT APPEAL. APPELLATE COUNSEL
ALSO FAILED TO ARGUE THE TOTALITY OF THE
CIRCUMSTANCES TEST MANDATED IN <u>SCHENLOTH</u>
<u>BUSTAMANTE</u> (DIC). THE CONFESSIONS ALLEGEDLY
GIVEN BY DEFENDANT WERE NOT VOLUNTARILY NOR
KNOWINGLY.

F. THE GRAND JURY WHICH RETURNED THE INDICT-
MENT AGAINST DEFENDANT WAS NOT MADE UP FROM A
CROSS-SECTION OF THE COMMUNITY.

Addendum to Petition for Habeas Corpus
of <u>Marvin Mathis</u>
Docket No. _____

GROUNDS RAISED:      ( POST-CONVICTION RELIEF )

<u>POINT I</u> DEFENDANT'S STATE CONSTITUTIONAL
RIGHT TO INDICTMENT BY GRAND JURY WAS VIOLATED
WHEN THE FACTS REQUIRED TO BE FOUND BEFORE
DEFENDANT COULD BE TRIED AS AN ADULT WERE NOT
CHARGED IN THE INDICTMENT. FURTHERMORE,
DEFENDANT'S FEDERAL AND STATE CONSTITUTIONAL
RIGHTS TO TRIAL BY JURY WERE VIOLATED WHEN A
JUDGE MADE THE FINDING THAT RESULTED IN
DEFENDANT BEING TRIED AS AN ADULT, AND NOT AS
A JUVENILE.

<u>POINT II</u> DEFENDANT'S FEDERAL AND STATE
CONSTITUTIONAL RIGHT TO A JURY TRIAL WERE
VIOLATED WHEN THE TRIAL JUDGE FOUND THE
AGGRAVATING FACTORS USED TO INCREASE
DEFENDANT'S SENTENCE FOR MURDER BEYOND THE
PRESCRIBED MAXIMUM. FURTHERMORE, DEFENDANT'S
(STATE CONSTITUTIONAL) RIGHT TO INDICTMENT
BY GRAND JURY WAS VIOLATED WHEN THE AGGRAVA-
TING FACTORS USED TO INCREASE THE SENTENCE
FOR MURDER WERE NOT CHARGED IN THE INDICTMENT.

<u>POINT III</u> DEFENDANT'S WAVIER OF HIS <u>MIRANDA</u>
RIGHTS WAS NOT KNOWING AND INTELLIGENT
BECAUSE DEFENDANT WAS NOT INFORMED THAT,
ALTHOUGH HE WAS A JUVENILE, ANY STATEMENT
MADE BY HIM COULD BE USED AGAINST HIM IN A
PROSECUTION AS AN ADULT.

<u>POINT IV</u> TRIAL COUNSEL WAS INEFFECTIVE FOR
FAILING TO PRESENT EVIDENCE OF DEFENDANT'S
LOW INTELLECTUAL FUNCTIONING IN ORDER TO
ESTABLISH THAT DEFENDANT'S WAIVER OF HIS
<u>MIRANDA</u> RIGHTS WAS NOT KNOWING AND
INTELLIGENT.

<u>POINT V</u> TRIAL COUNSEL WAS INEFFECTIVE FOR
NOT PRESENTING IN MITIGATION OF SENTENCE THE
EVIDENCE OF DEFENDANT'S LOW INTELLECTUAL
FUNCTIONING AND PERSONALITY DISORDER.

<u>POINT VI</u> THE NEW RULE PROPOSED IN <u>POINT
III</u> SHOULD BE RETROACTIVELY APPLIED TO
DEFENDANT.

<u>POINT VII</u> THE CLAIMS FOR RELIEF ARE NOT
BARRED BY A PROCEDURAL RULE.

Addendum to Petition for Habeas Corpus
of <u>Marvin Mathis</u>
Docket No. _____

GROUNDS RAISED:    (  POST-CONVICTION RELIEF )

<u>POINT I</u> TRIAL AND APPELLATE COUNSEL WERE
PREJUDICIALLY INEFFECTIVE BY FAILING TO DISCOVER
AND RAISED THE ISSUE OF THE DEFENDANT'S LACK OF
COMPETENCE TO STAND TRIAL. <u>N.J. CONST.</u>, (1947),
ART. I PAR. 10; <u>U.S. CONST.</u>, AMEND V; VI; XIV.

<u>POINT I</u> TRIAL COUNSEL WAS INEFFECTIVE FOR
FAILING TO PRESENT EVIDENCE OF THE DEFENDANT'S
COGNITIVE LIMITATIONS AND HIS STATUS AS A SPECIAL
EDUCATION STUDENT AS A BASIS TO EXPLAIN THE
REASONABLENESS OF DEFENDANT'S PERCEPTIONS DURING
THE CHARGED CRIMES AND AS A BASIS FOR THE JURY TO
EVALUATE DEFENDANT'S CREDIBILITY AND DEMEANOR AS
A WITNESS AT TRIAL.

<u>POINT II</u> APPELLATE COUNSEL WAS INEFFECTIVE FOR
FAILING TO RAISE ON DIRECT APPEAL, THE GROSS
INCOMPETENCE OF DEFENDANT'S TRIAL COUNSEL'S
FAILURE TO PRESENT RELEVANT EVIDENCE OF
DEFENDANT'S COGNITIVE LIMITATIONS AND HIS STATUS
AS A SPECIAL EDUCATION STUDENT AS A BASIS TO
EXPLAIN THE REASONABLENESS OF DEFENDANT'S
PERCEPTIONS DURING THE CHARGED CRIMES AND AS A
BASIS FOR THE JURY TO EVALUATE DEFENDANT'S
DEMEANOR AND CREDIBILITY AS A WITNESS AT TRIAL.

<u>POINT III</u> DEFENDANT'S CLAIMS FOR RELIEF ARE
NOT BARRED PROCEDURAL FROM BEING RAISED IN
THIS PETITION FOR POST-CONVICTION RELIEF.

Addendum to Petition for Habeas Corpus
of <u>Marvin Mathis</u>
Docket No. _____

GROUND RAISED:    (APPEALING DENIAL OF POST-CONVICTION RELIEF)

<u>POINT I</u> THE ORDER DENYING POST-CONVICTION RELIEF
SHOULD BE REVERSED BECAUSE THE COURT MISAPPLIED
THE PROCEDURAL BARS OF <u>R</u>. 3:22-4 AND 3:22-5

<u>POINT II</u> THE PCR COURT ERRED IN DENYING
DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF
BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR
FAILING TO INVESTIGATE AND PRESENT EVIDENCE OF
DEFENDANT'S COGNITIVE LIMITATIONS AND HIS STATUS
AS A SPECIAL EDUCATION STUDENT DURING THE PRETRIAL
<u>MIRANDA</u> HEARING AND AT TRIAL.

<u>POINT III</u> THE PCR COURT ERRED IN DENYING
DEFENDANT'S PETITION FOR POST-CONVICTION REILEF
BECAUSE APPELLATE COUNSEL FAILED TO DISCOVER
AND RAISED ON DIRECT APPEAL, TRIAL COUNSEL'S
FAILURE TO PRESENT EVIDENCE OF DEFENDANT'S
COGNITIVE LIMITATIONS AND HIS STATUS AS A
SPECIAL EDUCATION STUDENT DURING THE PRETRIAL
<u>MIRANDA</u> HEARING AND AT TRIAL.

<u>POINT IV</u> THE PCR COURT'S RULING DENYING POST-
CONVICTION RELIEF VIOLATED DEFENDANT'S RIGHT TO
EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE AS
GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED
STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 10
OF THE NEW JERSEY CONSTITUTION.

<u>POINT V</u> DEFENDANT REASSERTS ALL OTHER ISSUES
RAISED IN HIS <u>PRO</u> <u>SE</u> PETITION AND BRIEFS IN SUPPORT
OF POST-CONVICTION RELIEF.

**Addendum to Petition for Habeas Corpus
of Marvin Mathis
Docket No. _____**

**GROUND ONE:**   THE STATE COURT'S RULING THAT PETITIONER WAS NOT
DEPRIVED OF HIS SIXTH AMENDMENT CONSTITUTIONAL
RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
COUNSEL'S FAILURE TO PRESENT EVIDENCE OF
PETITIONER'S LOW INTELLECTUAL FUNCTIONING IN ORDER
TO ESTABLISH THAT PETITIONER'S WAIVER OF HIS <u>MIRANDA</u>
RIGHTS WAS NOT KNOWING AND INTELLIGENT WAS CONTRARY
TO CLEARLY ESTABLISHED FEDERAL LAW, AND AN
UNREASONABLE APPLICATION THEREOF, THEREFORE THE
WRIT SHOULD ISSUE

Supporting Facts:

During the Miranda hearing, trial counsel first reference

of petitioner's cognitive limitations and his status as a special

education student occurred during his cross-examination of

Detective Thomas Koczur:

> **[Trial counsel]:** (W)ere you aware that [petitioner]
> was a **special education student** in the school?
>
> **[Detective Koczur]:** No.
>
> **[Trial counsel]:** So you weren't aware he may have
> had certain **learning disabilities** that made it
> difficult for him to understand any of these things?
>
> **[Detective Koczur]:** No.
>
> **[Trial counsel]:** So you just assumed in **two
> minutes** that you read this that he understand
> everything?
>
> **[Detective Koczur]:** Yes.
>
> (emphasis added) (3MT 48-15 to 21).

Trial counsel argued that petitioner's statement should

be suppressed because petitioner "didn't understand those right":

> **[Trial counsel]:** I suggest to the court con-
> sidering the nature of the charge, the fact that
> you have a fifteen year ten month old juvenile
> at the time of the arrest . . . knowingly waived

5

> his rights . . . especially since my client's own
> testimony indicated that he didn't understand those
> rights at that time.
>
> (1T 10-17 to 11-1).

In denying the motion to suppress, the trial court stated:

> **I do not find credible defendant's testimony
> that he didn't understand what was being read to him.**
> On cross-examination, Mr. Kolano went through the
> form with him and indicated phrase by phrase almost
> word by word what was contained in the form, and
> there the answers given by the defendant did not
> suggest that he was, that he did not understand
> what was contained in the form.
>
> (1T 16-7 to 13).

At the **January 27, 2012** Post-Conviction Relief hearing,
assigned PCR counsel argued that petitioner received ineffective
assistance of trial counsel because counsel failed to present
evidence of petitioner's learning disability and his special
education status at the Miranda hearing. (PCR-T 10-25 to 11-
10). PCR counsel further argued that evidence of petitioner's
special education status was not only relevant to the issue
of the volunartiness of petitioner's statement to the police,
**but was also relevant to the jury's assessment of petitioner's
demeanor and credibility as a witness at trial.** See (PCR-T
13-17 to 21).

On appeal, the Appellate Division found that the arguments
relating to the performance of petitioner's trial counsel at
the Miranda hearing to lack merit. Petitioner's remaining
arguments lack sufficient merit to warrant discussion in a
written opinion. (See **Appendix "B" - page 7).**

6

**GROUND TWO:** THE STATE RULING THAT PETITIONER WAS NOT
DEPRIVED OF HIS SIXTH AMENDMENT
CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE
OF TRIAL COUNSEL COUNSEL'S FAILURE TO
PRESENT IN MITIGATION OF SENTENCE THE EVIDENCE
OF PETITIONER'S LOW INTELLECTUAL FUNCTIONING
AND PERSONALITY DISORDER WAS CONTRARY TO CLEARLY
ESTABLISHED FEDERAL LAW, AND AN UNREASONABLE
APPLICATION THEREOF, THEREFORE THE WRIT SHOULD
ISSUE

## Supporting Facts:

At the sentencing hearing, as at the <u>Miranda</u> hearing,

trial counsel referred to petitioner being "a **special ed**

**student,** but counsel did not explain nor present evidence to

establish exactly what that meant. (ST 3-1 to 3).

At the **January 27, 2012** Post-Conviction Relief hearing,

assigned PCR counsel argued that petitioner received ineffective

assistance of counsel based on petitioner's representation at

sentencing. It was also argued that the sentencing judge should

have give weigh to the non-statutory mitigating factor of

petitioner's relative youth, as petitioner was only two months

shy of his sixteenth birthday when the incident occurred.

PCR counsel further argued that petitioner was influenced by

older persons (PCR-T 15-6 to 23).

On appeal, the Appellate Division found that petitioner's

arguments based upon his sentence is procedurally barred as

his sentence was challenged on direct appeal and not to be

excessive. (<u>See</u> **Appendix "B" - page 7).**

**GROUND THREE:** THE STATE COURT'S RULING THAT PETITIONER WAS
NOT DEPRIVED OF HIS SIXTH AMENDMENT
CONSTITUTIONAL RIGHTS TO EFFECTIVE
ASSISTANCE OF COUNSEL AND COMPULSORY PROCESS
FOR OBTAINING WITNESSES IN HIS FAVOR WAS CONTRARY

7

TO CLEARLY ESTABLISHED FEDERAL LAW, AND AN UNREASONABLE APPLICATION THEREOF, THEREFORE THE WRIT SHOULD ISSUE

## Supporting Facts:

Petitioner will rely on the supporting facts as contained in **Point III** of designated counsel's brief submitted in Petition for Post-Conviction Relief. **(October 11, 2011).**

**GROUND FOUR:** THE STATE COURT'S RULING THAT PETITIONER WAS NOT DEPRIVED OF HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY TRIAL COUNSEL COUNSEL'S FAILURE TO INVESTIGATE AND PRESENT EVIDENCE OF PETITIONER'S COGNITIVE LIMITATIONS AND HIS STATUS AS A SPECIAL EDUCATION STUDENT DURING THE MIRANDA HEARING AND AT TRIAL WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW, AND AN UNREASONABLE APPLICATION THEREOF, THEREFORE THE WRIT SHOULD ISSUE

## Supporting Facts:

Throughout petitioner's trial trial counsel repeatedly made references of petitioner's status as a **special education student** at the Miranda hearing (3MT 48-15 to 21); in defense opening statement (1T 39-12 to 15); during the testimony of Detective Thomas Koczur (2T 97-8 to 10); in defense summation (6T 188-18 to 19); and during sentencing (ST 3-1 to 3).

Petitioner's status as a special education student became the focus of significant attention at sidebar where a lengthy discussion took place between the prosecutor and trial counsel. The prosecutor was troubled when trial counsel asked Detective Thomas Koczur during cross-examination if he aware that petitioner was a special education student. The prosecutor immediately requested the trial judge to give a curative instruction to the jury. See (2T 115-2 to 9).

8

During the sidebar colloquy, the prosecutor pointed out that expert testimony was needed in describing petitioner's learning disabilities and **what exactly special education meant,** but trial counsel refused the aid of an expert. See (2T 116-4 to 13). The issue of petitioner's special education status at sidebar was left unresolved. See (2T 117-11 to 12).

At the **January 27, 2012** Post-Conviction Relief hearing, assigned PCR counsel argued that petitioner received ineffective assistance of trial counsel because counsel failed to call witnesses to support the assertion that petitioner had a learning disability and being classified as a **"special education student"** (PCR-T 8-19 to 23). PCR counsel further argued that evidence of petitioner's special education status was not only relevant to the issue of the volunartiness of petitioner's statement to the police, but was also relevant to the jury's assessment of petitioner's demeanor and credibility as a witness at trial. See (PCR-T 13-17 to 21).

On appeal, the Appellate Division found that the arguments relating to the performance of petitioner's trial counsel at the Miranda hearing to lack merit. Petitioner's remaining arguments lack sufficient merit to warrant discussion in a written opinion. (See **Appendix "B" - page 7).**

**GROUND FIVE:** THE STATE COURT'S RULING THAT PETITIONER WAS NOT DEPRIVED OF HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL COUNSEL'S FAILURE TO DISCOVER AND RAISE ON DIRECT APPEAL, TRIAL COUNSEL'S FAILURE TO PRESENT EVIDENCE PETITIONER'S COGNITIVE LIMITATIONS AND HIS STATUS AS A SPECIAL EDUCATION STUDENT DURING THE MIRANDA HEARING AND AT TRIAL WAS CONTRARY TO CLEARLY ESATABLISHED FEDERAL LAW, AND AN UNREASONABLE APPLICATION

9

THEREOF, THEREFORE THE WRIT SHOULD ISSUE

## Supporting Facts:

At the **January 27, 2012** Post-Conviction Relief hearing,
assigned PCR counsel argued that petitioner received ineffective
of appellate counsel because counsel failed to raise on direct
appeal, trial counsel's failure to present evidence of
petitioner's cognitive limitations and his status as a special
education student at Miranda hearing and at trial. (PCR-T 18-
7 to 24). PCR counsel also introduced on record a trial
transcript of **June 11, 1998 - morning session,** of a sidebar
colloquy that took place between the prosecutor and trial counsel
where petitioner's special education status was at issue. (PCR-
11-14 to 12-19).

On appeal, the Appellate Division found that the arguments
relating to the performance of petitioner's trial counsel at
the Miranda hearing to lack merit. Petitioner's remaining
arguments lack sufficient merit to warrant discussion in a
written opinion. (See **Appendix "B" - page 7).**

**GROUND SIX:** THE STATE COURT'S RULING THAT PETITIONER WAS NOT
DEPRIVED OF HIS SIXTH AMENDMENT CONSTITUTIONAL
RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
COUNSEL'S FAILURE TO MOUNT AND ARGUE THE ISSUES
RAISED HEREIN BEFORE THE APPELLATE DIVISION ON
DIRECT APPEAL. APPELLATE COUNSEL ALSO FAILED TO
ARGUE THE TOTALITY OF THE CIRCUMSTANCES TEST
MANDATED IN SCHENLOTH BUSTAMANTE (DIC). THE
CONFESSION ALLEGEDLY GIVEN BY PETITIONER WERE NOT
**VOLUNTARILY NOR KNOWINGLY WAS CONTRARY TO CLEARLY**
ESTABLISHED FEDERAL LAW, AND AN UNREASONABLE
APPLICATION THEREOF, THEREFORE THE WRIT SHOULD
ISSUE

## Supporting Facts:

Petitioner will rely on the supporting facts as contained

10

in **Point I** of his designated counsel's brief submitted to the
Appellate Division**. (February 25, 2013)**


Dated: _March 13, 2015_                    _Marvin Mathis_
                                         Marvin Mathis
                                    Petitioner pro se

APPENDIX "A"

STATE OF NEW JERSEY

v.

MARVIN MATHIS
_____
Defendant

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – CRIMINAL
_____UNION_____ COUNTY

INDICTMENT #: _97-02-123_

CASE OR PROMIS #: _96004593_

## ORDER ON POST-CONVICTION APPLICATIONS
## ON INDICTABLE OFFENSES

This matter being opened on the application of defendant, _Marvin Mathis_, by:

☒ Petition for Post-Conviction Relief determined to be defendant's

       ✓ first petition

       _____ second or subsequent petition

☐ Motion for Change or Reduction of Sentence pursuant to *Rule* 3:21-10

☐ Motion for _____ and the defendant having been represented by:

_____, Assistant Deputy Public Defender

   _Craig S. Leeds, Esq_ , Retained or (Designated Counsel) *(circle one)* or

☐ The court having concluded that there was no good cause entitling the assignment of counsel on the application, and the State having been represented by:

   _Sara Liebman_ Assistant Prosecutor; and

☒ There having been proceedings conducted on the record on _Jan 27_ , ~~2002~~ 2012 or

☐ The matter having been disposed of on the papers;

It is on this _27_ day of _Jan_ , ~~200~~ 2012 ORDERED THAT DEFENDANT'S APPLICATION IS HEREBY:

     _____ Granted
     _X_ Denied
     _____ Other

For the reasons:

☐ Expressed in the court's written opinion of _____

☒ Expressed orally on the record on _1-27-12_ _____

                                                    , J.S.C.

                        JOHN F. MALONE, P.J.Ch.

ORIGINAL:   Office of the Public Defender
c:       Judge _____
        Criminal Division Manager's Office
        Prosecutor's Office
        Defendant

APPENDIX "B"

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3222-11T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARVIN MATHIS,

    Defendant-Appellant.

---

Submitted January 22, 2014 — Decided August 1, 2014

Before Judges Espinosa and Koblitz.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Indictment No.
97-02-0123.

Joseph E. Krakora, Public Defender, attorney
for appellant (Kimmo Z.H. Abbasi, Designated
Counsel, on the brief).

Grace  H.  Park,  Acting  Union  County
Prosecutor,  attorney  for  respondent
(Meredith L. Balo, Special Deputy Attorney
General/Acting  Assistant  Prosecutor,  of
counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

This is defendant's second appeal from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

At age fifteen, defendant was charged in a juvenile delinquency complaint with acts which, if committed by an adult, would constitute armed robbery and felony murder. Juvenile jurisdiction was waived, and he was convicted in the Law Division of first-degree murder, first-degree armed robbery, first-degree felony murder, and weapons offenses. The sentencing court imposed an aggregate sentence of fifty years in New Jersey State Prison with thirty years of parole ineligibility.

Defendant appealed, challenging the decision to waive juvenile jurisdiction, the admission of hearsay evidence, statements made by the prosecutor, and his sentence. We affirmed his convictions and sentence in an unpublished opinion. State v. Mathis, No. A-3316-98 (App. Div. June 2, 2000), certif. denied, 165 N.J. 603 (2000).

Defendant filed a PCR petition in 2003. A memorandum of law and amended petition were submitted by defendant on February 24, 2005. In the memorandum and in a pro se letter brief, defendant raised additional claims, which included the following points:

2

(III) Defendant's waiver of his <u>Miranda</u>[1] rights was not knowing and intelligent because defendant was not informed that, although he was a juvenile, any statement made by him could be used against him in a prosecution as an adult.

(IV) Trial counsel was ineffective for failing to present evidence of defendant's low intellectual functioning in order to establish that defendant's waiver of his Miranda rights was not knowing and intelligent.

(V) Trial counsel was ineffective for not presenting in mitigation of sentence the evidence of defendant's low intellectual functioning and personality disorder.

. . . .

(VIII) Trial and appellate counsel were prejudicially ineffective by failing to discover and raise the issue of the defendant's lack of competence to stand trial. <u>N.J. Const.</u> (1947) Art. 1, Par. 1, Par. 10; <u>U.S. Const.</u> Amend. V; VI; XIV.

In his appeal from the denial of his petition without a hearing, the issues he raised included the following:

III. THE COURT ERRED IN DENYING POST-CONVICTION RELIEF BECAUSE TRIAL COUNSEL'S FAILURE TO PRESENT EVIDENCE THAT THE DEFENDANT WAS DIAGNOSED WITH A PERSONALITY DISORDER AND COGNITIVE LIMITATIONS AND WAS FOUND TO BE FUNCTIONING AT THE BORDERLINE LEVEL OF RETARDATION DURING THE PRETRIAL MIRANDA HEARING, DURING THE TRIAL, AND AT SENCTENCING SATISFIED BOTH PRONGS OF THE

---

[1] <u>Miranda v. Arizona</u>, 384 <u>U.S.</u> 436, 86 <u>S. Ct.</u> 1602, 16 <u>L. Ed.</u> 2d 694 (1966).

STRICKLAND/FRITZ TEST FOR INEFFECTIVE
ASSISTANCE OF COUNSEL, AND APPELLATE COUNSEL
WAS INEFFECTIVE FOR FAILING TO RAISE THESE
ISSUES ON APPEAL.

We reversed the denial of PCR and remanded for a new

hearing based upon another issue raised by defendant, finding

PCR counsel rendered ineffective assistance
when he failed to prepare a brief on behalf
of defendant, or, at a minimum, failed to
certify that after reviewing the pro se
petition and brief he was satisfied that no
further argument or elaboration was
required.

[State v. Mathis, No. A-3695-07 (App. Div.
October 12, 2010).]

After remand, the PCR court denied defendant's petition by

order dated January 27, 2012. Defendant presents the following

issues for our consideration in his appeal.

POINT I

THE PCR COURT ERRED IN DENYING MATHIS AN
EVIDENTIARY HEARING EVEN THOUGH MATHIS
PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE
ASSISTANCE OF TRIAL COUNSEL.

POINT II

THE PCR COURT ERRED IN DENYING MATHIS'S
PETITION FOR POST-CONVICTION RELIEF AS
MATHIS SUCCESSFULLY DEMONSTRATED THAT HIS
STATEMENTS TO THE POLICE SHOULD HAVE BEEN
SUPPRESSED AND MATHIS DID NOT RECEIVE
REASONABLE REPRESENTATION OF TRIAL COUNSEL
AT THE MIRANDA HEARING.

POINT III

$\mathcal{P}_A$    4    A-3222-11T1

THE PCR COURT ERRED IN DENYING MATHIS'S
PETITION FOR POST-CONVICTION RELIEF EVEN
THOUGH THE SENTENCE IMPOSED BY THE TRIAL
COURT WAS EXCESSIVE, IMPROPER AND OTHERWISE
UNCONSTITUTIONAL AND MATHIS DID NOT RECEIVE
THE REASONABLE REPRESENTATION OF TRIAL
COUNSEL AT SENTENCING.

POINT IV

MATHIS INCORPORATES BY REFERENCE THE
ARGUMENTS CONTAINED IN HIS INITIAL VERIFIED
PETITION AND BRIEF.

Plaintiff filed a supplemental pro se brief in which he

presents the following arguments:

POINT I

THE ORDER DENYING POST-CONVICTION RELIEF
SHOULD BE REVERSED BECAUSE THE COURT
MISAPPLIED THE PROCEDURAL BARS OF R. 3:22-4
AND 3:22-5.

POINT II

THE PCR COURT ERRED IN DENYING DEFENDANT'S
PETITION FOR POST-CONVICTION RELIEF BECAUSE
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO
INVESTIGATE AND PRESENT EVIDENCE OF
DEFENDANT'S COGNITIVE LIMITATIONS AND HIS
STATUS AS A SPECIAL EDUCATION STUDENT DURING
THE PRETRIAL MIRANDA HEARING AND AT TRIAL.

POINT III

THE PCR COURT ERRED IN DENYING DEFENDANT'S
PETITION FOR POST-CONVICTION RELIEF BECAUSE
APPELLATE COUNSEL FAILED TO DISCOVER AND
RAISE[] ON DIRECT APPEAL TRIAL COUNSEL'S
FAILURE TO PRESENT EVIDENCE OF DEFENDANT'S
COGNITIVE LIMITATIONS AND HIS STATUS AS A
SPECIAL EDUCATION STUDENT DURING THE
PRETRIAL MIRANDA HEARING AND AT TRIAL.

5

POINT IV

THE PCR COURT'S RULING DENYING POST-
CONVICTION RELIEF VIOLATED DEFENDANT'S RIGHT
TO EFFECTIVE ASSISTANCE OF TRIAL AND
APPELLATE [COUNSEL] AS GUARANTEED BY THE
SIXTH AMENDMENT TO THE UNITED STATES
CONSTITUTION AND ARTICLE I, PARAGRAPH 10 OF
THE NEW JERSEY CONSTITUTION.

POINT V

DEFENDANT REASSERTS ALL OTHER ISSUES RAISED
IN HIS PRO SE PETITION AND BRIEFS IN SUPPORT
OF POST-CONVICTION RELIEF.

The standard for determining whether counsel's performance
was ineffective for purposes of the Sixth Amendment was
formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court
in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a
claim of ineffective assistance of counsel, defendant must meet
the two-prong test of establishing both that (1) counsel's
performance was deficient and he or she made errors that were so
egregious that counsel was not functioning effectively as
guaranteed by the Sixth Amendment to the United States
Constitution; and (2) the defect in performance prejudiced
defendant's rights to a fair trial such that there exists a
"reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."

$\overrightarrow{\mathcal{A}}$     6                                      A-3222-11T1

Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

A PCR petition is not, however, "a substitute for appeal from conviction or for motion incident to the proceedings in the trial court." R. 3:22-3. Rule 3:22-5 bars our consideration of an issue that has been previously adjudicated, stating,

> A prior adjudication upon the merits of any
> ground for relief is conclusive whether made
> in the proceedings resulting in the
> conviction or in any post-conviction
> proceeding brought pursuant to this rule or
> prior to the adoption thereof, or in any
> appeal taken from such proceedings.

The primary arguments raised concern claims of ineffective assistance of counsel based on defendant's representation at sentencing and a failure to present evidence of defendant's alleged mental deficiency at his Miranda hearing. Defendant's argument based upon his sentence is procedurally barred as his sentence was challenged on direct appeal and not found to be excessive. R. 3:22-5. For the reasons that follow, we find the arguments relating to the performance of his counsel at the Miranda hearing to lack merit. Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

The facts underlying defendant's convictions are set forth in our opinion on defendant's direct appeal and need not be

$\not{P}_A$  7

repeated here.  We summarize the record regarding his claim that his counsel failed to investigate and present evidence of his alleged mental deficiency at the <u>Miranda</u> hearing.

At the suppression hearing, the State presented the testimony of two police officers who provided the following account:

After his girlfriend told a police officer that defendant admitted shooting someone by accident, two officers in plain clothes went to his high school and asked defendant if he would go to police headquarters because one of the detectives wanted to speak to him.  Defendant agreed and was transported to police headquarters.  He was not under arrest or handcuffed.  At headquarters, defendant was told he was "a strong suspect" in a robbery-murder case.  He was instructed not to answer any questions until his mother was present.  The police officer advised defendant pursuant to <u>Miranda</u> orally and in writing in his mother's presence.  Both defendant and his mother were asked if they understood each of the rights and stated they did.  Both defendant and his mother signed the <u>Miranda</u> form.

Defendant initially denied any involvement in the robbery and shooting but then asked for his mother to leave the room.  She did not object and left the interview room.  Defendant then admitted he had been present at the shooting.  His mother

returned to the room, and he repeated his admission. A written statement was taken in which defendant again acknowledged that he understood each of his rights. Defendant and his mother also executed a consent to search form, permitting the police to search their apartment.

Defendant's mother testified that when she arrived at police headquarters, the officers were already questioning her son. She said she left the interview room at the request of one of the police officers. She confirmed that defendant was advised of his rights, specifically as to his right to remain silent and whether he understood that right. She also stated defendant never admitted involvement in the shooting or robbery in her presence and that her written statement to the contrary was incorrect.

Defendant testified that he did not accompany the officers to the police station voluntarily and that he was told he had to go. He stated he was not advised of his <u>Miranda</u> rights until after he made his first statement to police and that he was told he had to put his initials on the form. As to questioning regarding his understanding of the rights, he testified as follows:

> Q.   . . . Did he read that sheet to you, do
>      you recall?
>
> A.   Yes, he did. He read it to me.

$\cancel{t}$ $\cap$    9                                          A-3222-11T1

Q. And did he ask you questions after --
Did he read each one and ask you that
you understand?

A. Yes, he did.

Q. And did you understand it?

A. Not that good, no.

Q. Did you tell him that?

A. No.

Q. And you signed it?

A. Yes.

Defendant said the detectives asked him to read the first
statement he gave before he signed it, that his mother was
present, and that he thought his mother looked at the statement
before he signed it, but he said he did not read the entire
document because the detective was rushing him.

Defendant testified that after he gave the first statement,
the detectives continued to question him and did not advise him
of his rights a second time.  He did not recall giving the
response in the second statement that he intended to rob people
with "Antwan," did not recall signing the statement, and said
that he did so because the detectives told him to sign it.

At one point, defense counsel asked defendant how many
weeks there are in a year and he replied, "Thirty."  Defendant
was asked by his counsel whether the detective asked him to read

$\not{P}_A$   10

any part of the statement out loud and said, "No, he didn't." Defense counsel then questioned defendant about his ability to understand the statement:

> Q.   Are there any parts of this statement
>      that you would have trouble reading, do
>      you recall?
>
> A.   Few, at that time.
>
> Q.   I am talking back in 1996 when you were
>      fifteen.
>
> A.   Yes, it was, you know, it was a few.

On cross-examination, defendant confirmed the following facts. He was not handcuffed until after he gave the second statement. The officers did not do a pat-down of him before taking him to the police department. One of the detectives told him he should not answer any questions until his mother was present. He repeated that to another detective who tried to question him, and the detective then stopped questioning him. He understood that he had a right to stop the questioning. He was not under the influence of drugs or alcohol when questioned, and his mind was clear.

He admitted that he lied in initially denying any knowledge about the robbery and in stating there were two or three other guys involved who were not really involved. However, he did tell the detectives from the beginning that Antwan was responsible for the robbery. He also admitted there was a time

$\mathcal{P}_A$         11                                              A-3222-11T1

when he wanted his mother to leave the interview room because he did not want her to get upset by hearing him tell the details of the crime. He testified that he told the detective the details and then repeated them when his mother returned.

Defendant gave the following account of the robbery and shooting:

> [Antwan] told me to run across the street, look out for cops, and told the other two girls go up the street, ask the man something. Then they just kept on walking. So at that time the two girls, they asked the man a question, the man didn't respond to them. Then that's when I stood by, almost close to the Chinese store. That's when Antwan ran across the street and told the man to empty his pocket. Man just looked at him. Then Antwan grabbed the man, the man just slapped his hand down, threw a punch. Then the man -- no. Man threw a punch at Antwan. Antwan threw a punch at the man. Then that's when Antwan pull out the gun, out of his pants, and he was about to shoot him -- they was struggling, they was struggling like for good two minutes, then that's when I realized they were struggling, that's when I went try to stop the struggle, and gun went off.

Defendant also admitted he knew Antwan had a gun and that Antwan was going to rob a deli and another man who was waiting for a bus but did not after defendant asked him not to do so.

The prosecutor reviewed the Miranda warnings one at a time with defendant and asked if he understood each one. Defendant answered that he understood each one with the following

$\overrightarrow{r}_\eta$    12    A-3222-11T1

exceptions. Although he understood he had the right to talk to a lawyer, he stated he did not understand he could have had a lawyer "present" at the time he was questioned and that he thought he could only have a lawyer "in the future." "Present" was the only word in the Miranda warnings he did not understand. As for the warning, "If you cannot afford to hire a lawyer one will be appointed to represent you before any questioning if you wish," defendant stated he did not understand the part, "if you wish."

In arguing for the suppression of defendant's statements, his counsel stated the State had failed to show he had knowingly waived his rights, "that he was sufficiently . . . informed of his rights to be able to knowingly waive those rights." He noted the nature of the charges, defendant's age and lack of a prior record, and the brief time spent in advising defendant of his rights.

Among the findings made by the trial court in denying the motion were the following:

> I do not find credible defendant's testimony that he didn't understand what was being read to him. On cross examination, [the prosecutor] went through the form with him and indicated phrase by phrase almost word by word what was contained in the form, and there the answers given by the defendant did not suggest that he was, that he did not understand what was contained in the form. Furthermore, he didn't advise the police

13

that he didn't understand anything.  Nor did his mother advise the police that things were not understood.     And there was the example, cited even by the defendant, that an officer came to the room where he was waiting and he told the officer that he was instructed not to say anything until his mother came, and no interrogation took place.     Clearly, the defendant had some knowledge even in advance of having rights read to him, just based on an oral statement of an officer that he should wait for his mother, that he was able to exercise some control over the process.

Defendant contended in both the first argument before the PCR judge and in the argument following remand that he had a long history of cognitive difficulties, an inability to understand complex concepts, and was a special education student.   In support of this argument, he relied upon the reports from three psychologists who had evaluated defendant prior to the waiver of juvenile jurisdiction to assess the likelihood that he could be rehabilitated within the juvenile justice system, Dr. Page, Dr. Thompson, and Dr. Schlesinger, who determined that defendant functioned at a low intellectual level.

His PCR counsel argued that trial counsel, who had since died, was ineffective in failing to perceive defendant's difficulties and should have pursued a defense that defendant was incompetent to stand trial.

14

A-3222-11T1

In the first argument regarding defendant's petition, the PCR court found that the record supported the conclusion that defendant made his statement knowingly and voluntarily and made the following findings as to this argument:

> The second part of this [Stickland/Fritz] test is . . . but for that deficient conduct of counsel the results would have been different. The defendant asserts that the ineffective assistance of his counsel deals with the fact that counsel did not raise, either during the Miranda proceeding or at the time of sentencing, his mental status.
>
> It is argued that the defendant, a special ed. student at the time of his arrest suffered from learning disabilities and that therefore, his competency to stand trial, his competency to have made a voluntary statement was lacking, and that he lacked -- that his capacity to formulate the necessary mental status necessary to convict him of these crimes was lacking.
>
> So the question then before the court is was that failure -- was there a failure on the part of counsel to raise these issues.   Information has been presented to the court [al]luded to by counsel here in the argument, the psychological reports that have been presented to the court here in connection with this matter.
>
> Based upon my review of those reports it is clear to me that they -- while the evidence does support the conclusion that Mr. Mathis had learning disabilities, that his -- that he -- his learning capacity was as -- I believe it is indicated at a borderline level.    There's also no information contained in these reports that

15

A-3222-11T1

supports a conclusion that he was suffering any psychiatric illness.

There is nothing here that says he lacked competence. That is that he did not understand and appreciate the nature of the charges against him. There is nothing that supports the conclusion that he had a diminished capacity. That is he did not have the capacity to formulate the ability to act in a purposeful or knowing way.

The review of the proceedings indicates that he participated in the interview with the police and the time he gave his statement -- again in the presence of his -- of a parent. He voluntarily waived his rights. It is apparent that he understood the proceedings, that he understood the questions being posed to him, and was able to formulate answers to those questions that were appropriate and responsive to the questions before him.

There is nothing that allows this court to conclude that the evidence supports a conclusion that the defendant at the time of his trial was incompetent or suffered from diminished capacity. Thus any failure on the part of his attorney to raise those issues, either in connection with the Miranda or at the time of sentencing to mitigate -- as a mitigating factor or to raise as a bar to the prosecution of this case that any failure of counsel to do that was ineffective assistance. There simply was nothing to present to the court to argue that the defendant lacked competency or that he suffered diminished capacity.

The PCR court concluded that the two prongs of the Strickland/Fritz standard were not satisfied and denied defendant's petition.

$\nleftarrow_A$      16                                                          A-3222-11T1

The PCR judge addressed this issue again in denying defendant's petition after remand:

> With respect to the contention that the failure to raise a learning disability or special ed status, constituting ineffective assistance, the court notes that in reviewing the record, it does not find that there are any facts from which it could be demonstrated that the fact that the defendant was learning disabled or was a special ed student was sufficient to show that he had a mental deficiency that would some way render him incapable of or impairing his ability to participate in this case.
>
> There is nothing that indicates that he was disabled so that he could not knowingly and voluntarily waive his Miranda rights. That somehow that special ed status would have affected his waiver hearing in juvenile court, his participation in the trial, or even affect the sentencing. We are not without a record here. There was a waiver proceeding in the juvenile court. There was a psychologist involved in that proceeding.
>
> And again the conclusion of the court is that there was not evidence that the mental deficiency was so severe that the absence of his presentation would have affected the outcome of the proceeding. There is nothing to show that reasonable probability but for the failure to present that evidence, the result somehow would have been different.

Based upon our review of the record, we agree that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland/Fritz test. The fact that defendant was a special education student

$\stackrel{\rightharpoondown}{\mathcal{P}}_{\bigcap}$   17

and functioned at a low intellectual level does not alone constitute a sufficient factual basis to conclude that he did not understand his rights when he waived them.   When he testified at the suppression hearing, defendant generally acknowledged his understanding of the <u>Miranda</u> warnings, identifying only isolated phrases that he claimed he did not understand.   The motion judge found this testimony not to be credible, a finding entitled to our deference.   <u>State v. Nuñez-Valdéz</u>, 200 <u>N.J.</u> 129, 142 (2009).   No evidence has been presented to refute that finding to create a prima facie case of ineffective assistance on this ground.   Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted.   <u>See</u> <u>State v. Preciose</u>, 129 <u>N.J.</u> 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office

CLERK OF THE APPELLATE DIVISION

18                                         A-3222-11T1