Hon. Judge John F. Malone, J.S.C.

Marvin Mathis #304144/244859-C
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625-0861
**Defendant-Movant/ Pro se**

**Presently Confined**

---

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

       v.

MARVIN MATHIS,

       Defendant-Movant.

:
:
:
:
:
:
:

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – UNION COUNTY
Union County Ind. No.
97-02-123

**CRIMINAL ACTION**

Motion For Reconsideration
of February 29, 2008 Order
Denying Defendant's Motion
For Post-Conviction Relief
And Allowing Defendant
To Proceed As An Indigent

---

**WITH RELIANCE** on the attached Letter-brief and certification, the undersigned Marvin Mathis, Defendant-Movant acting Pro se in the above captioned matter, hereby moves for entry of the following relief:

    a. **An Order** granting the Defendant's Pro se Motion for Leave To Proceed As An Indigent;

    b. **An Order** granting the Defendant's Pro se Motion For Reconsideration of Order Denying Defendant's Motion For Post-Conviction Relief.

Dated: _March 10, 2008_

Respectfully submitted,

_Marvin Mathis_
Marvin Mathis, Pro Se

Hon. Judge John F. Malone, J.S.C.

3

Marvin Mathis #304144/244859-C
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625-0861
**Defendant-Movant/ Pro se.**

**Presently Confined**

|                                      |   |                                                                                           |
|--------------------------------------|---|-------------------------------------------------------------------------------------------|
|                                      |   | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - UNION COUNTY<br>Union County Ind. No.       |
| STATE OF NEW JERSEY,                 | : | 97-02-123                                                                                 |
|    Plaintiff-Respondent; | : |                                                                                           |
|                                      | : |                                                                                           |
| v.                                   | : | **CRIMINAL ACTION**                                                                       |
|                                      | : | Motion For Reconsideration                                                                |
| MARVIN MATHIS,                       | : | of February 29, 2008 Order<br>Denying Defendant's Motion                                  |
|    Defendant-Movant.  | : | For Post-Conviction Relief                                                                |

LETTER BRIEF AND APPENDIX ON BEHALF OF
DEFENDANT-MOVANT

Dear Honorable Judge John F. Malone:

Please accept this letter brief in lieu of a more formal

brief, pursuant to **R. 2:6-2(b)**, in support of defendant's Motion

For Reconsideration.

## Procedural History

Marvin Mathis (hereafter) shy of his sixteenth birthday, was charged in Union County Juvenile Complaint No. FJ 20-1786-96 with acts which, if committed by an adult, would constitute armed robbery N.J.S.A. 2C:15-1 and 2C:2-6 and felony murder N.J.S.A. 2C:11-3(a) (3).

Following a wavier hearing held on October 10 and November 11, 1996, the Honorable Judge Rudolph N. Hawkins, J.S.C. decided to waive juvenile-defendant jurisdiction.

On February 04, 1997, a Union County Grand Jury returned Indictment No. 97-02-00123 charging the defendant with first-degree murder N.J.S.A. 2C:11-3a(1) and/or (2), first-degree robbery N.J.S.A. 2C:15-1, first-degree felony murder N.J.S.A. 2C:11-3a(3), second-degree possession of a firearm for an unlawful propose N.J.S.A. 2C:39-4a and third-degree possession of a weapon for an unlawful purpose. N.J.S.A. 2C:39-5b.

Following an unsuccessful Miranda motion before the Honorable Judge John F. Malone, J.S.C., on June 9 and 10, 1998, the defendant was tried before Judge Malone and a jury on June 10, 11, 16, 17, and 18, 1998. Defendant was found guilty of all charges.

On August 14, 1998, the court sentenced the defendant to an aggregate term of 50 yeas in prison, with a parole bar of 30 years. The appropriate statutory penalties were imposed, and the defendant was given credit of 934 days for time spent in custody.

1

By Order of March 15, 1999, the Appellate Division granted the defendant's motion to file a Notice of Appeal nunc pro tunc.

On appeal to the Superior Court of New Jersey Appellate Division, Defendant's conviction were affirmed on June 02, 2000.

Thereafter defendant sought further review of his case by way of a petition for certification which was filed with the Supreme Court of New Jersey. His petition was denied without opinion on October 10, 2000.

On April 26, 2001, filed a timely Petition for Post-Conviction Relief with the Criminal Case Manager of the Union County Superior Court.

On February 29, 2003, a Post-Conviction Relief hearing was held. And this Court heard oral argument on defendant's letter-brief to determine if a prima facie case was presented to warrant an evidentiary hearing. During that hearing PCR counsel did not argue, in any manner, the issues contained in the defendant's supplemental pro se brief nor his second amended petition.

On February 29, 2003, the Honorable Judge John F. Malone, J.S.C. denied defendant's petition for Post-Conviction Relief without scheduling an evidentiary hearing.

---

"Da" refers to the appendix to this letter brief.

LEGAL ARGUMENT

DEFENDANT'S CLAIMS RAISED IN HIS FEBRUARY 24, 2005, SUPPLEMENTAL BRIEF AND HIS SEPTEMBER 14, 2006, SECOND AMENDED PETITION WERE NOT ADDRESSED BY ASSIGNED PCR COUNSEL AS REQUIRED BY R. 3:22-6(d), State v. Rue, 175 N.J. 1 (2002) AND State v. Webster, 187 N.J. 254 (2006), THEREBY REQUIRED A NEW PCR HEARING

In the N.J. Court Rules, Rule 3:22-6(d) requires that assigned PCR counsel bring forth to the Court all claims raise by the defendant. R. 3:22-6(d) provides in pertinent part:

> "Counsel [assigned to represent a defendant on a petition for post-conviction relief] should advance any grounds insisted upon by defendant notwithstanding that counsel deems them without merit."

Interpreting this rule, the Court stated in State v. Rue, 175 N.J. 1, 19 (2002):

> "[C]ounsel must advance the claims the client desires to forward in a petition and brief and make the best available arguments in support of them. Thereafter, as in any case in which a brief is filed. counsel may choose to stand on it at the hearing, and is not required to further engage in expository argument. In no event however, is counsel empowered to denigrate or dismiss the client's claims, to negatively evaluate them, or to render aid and support to the state's opposition. That kind of conduct contravenes [R. 3:22-6(d)]."

In State v. Webster, 187 N.J. 254, 257 (2006), the Court refined Rue, stating:

> "Reduced to its essence, Rue provides that PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the

petition and include defendant's remaining claims,
either by listing them or incorporating them by
reference so that the judge may consider them."

In the present case, on February 24, 2005, defendant filed
a supplemental pro se brief in support of his Post-Conviction
Relief to include the following issues:

Point I: Defendant's State Constitutional Right to Indictment
by Grand Jury was Violated when the Facts Required
to be Found Before Defendant could be tried as as
Adult were not Charged in the Indictment.
Furthermore, Defendant's Federal and State
Constitutional Rights to Trial by Jury were Violated
when a Judge made the Finding that Resulted in
Defendant being tried as an Adult, and not as  a
Juvenile.

Point II: Defendant's Federal and State Constitutional Right
to a Jury Trial were Violated when the Trial Judge
Found the Aggravating Factors used to Increase
Defendant's Sentence for Murder Beyond the Prescribed
Maximum. Furthermore, Defendant's (State Constitutional
Right to Indictment by Grand Jury was Violated when
the Aggravating Factors used to Increase the
Sentence for Murder were not Charged in a Indictment.

Point III: Defendant's Waiver of his Miranda Right was not
Knowing and Intelligent Because Defendant was not
Informed that, Although He was a Juvenile any
Statement made by Him could be used Against Him
in a Prosecution as an Adult.

Point IV: Trial counsel was Ineffective for Failing to Present
Evidence of Defendant's Low Intellectual Functioning
in Order to Establish that Defendant's Waiver of his
Miranda Rights was not Knowing and Intelligent.

Point V: Trial Counsel was Ineffective for not Presenting in
Mitigation of Sentence the Evidence of Defendant's
Low Intellectual Functioning and Personality
Disorder.

Point VI: The New Rule Proposed in Point III Should be
Retroactively to Applied to Defendant.

4

Point VII: The Claims for Relief are not Barred by a Procedural
          Rule.

[Da   1 and 3   ].

On September 14, 2006, defendant filed s second amended

petition in support of his Post-Conviction Relief, which provides

in pertinent part:

> 4. To substantiate petitioner's Competency claims set
>    forth in his Supplemental Verified Petition for
>    Post-Conviction Relief, which was submitted
>    [Dated February 02, 2006] Petitioner requests that
>    assigned counsel Lewis D. Thompson to interview
>    and obtain affidavits from expert witnesses: **Martha
>    H. Page, Ed.D., Dr. Cheryl L. Thompson, Ph.D. and
>    Louis B. Shlesinger, Ph.D.**

[Da   5 and 7   ].

On August 07, 2007, defendant filed s letter-brief in

support of his petition for Post-Conviction Relief, which states

the following issues:

Legal Argument: Trial and Appellate Counsel were Prejudicially
               Ineffective by Failing to Discover and Raise
               the Issue of the Defendant's Lack of Competence
               to Stand Trial.

[Da   9 and 11   ].

PCR counsel is in direct violation of R. 3:22-6(d), State

v. Rue, and  State v. Webster, by failing to investigate and

present any of the remaining issues in the defendant's pro se

brief and second amended petition. Counsel did not list the

remaining issues nor incorporating them by reference so that

the judge may consider them at the February 29, 2003, Post-

Conviction Relief hearing. see Webster, supra, 185 N.J. at 257.

The Supreme Court in Rue states:

PCR is a defendant's last chance to raise constitutional

error that may have affected the reliability of his
or her criminal conviction. It is not pro forma ritual
that is why we require provision of counsel. Under
our scheme that attorney is responsible to communicate
with his client and investigate the claims. State v.
Velez, 329 N.J. Super. 128, 133 (App. Div. 2000)
(remanding case to trial court to determine whether
trial counsel fulfilled his obligations to interview
trial counsel, meet with defendant, submit brief
argue on behalf of defendant); State v. King, 117
N.J. Super. 109, 111 (App. Div. 1971). Based on the
communication and investigation, counsel then must
"fashion the most effective arguments possible." *
* * In some cases, the record will give PCR counsel
a wealth of grist for his or her mill, in some cases
not. At the very least, where communication and
investigation have yielded little or nothing, forward
in a petition and brief and make the best available
arguments in support of them. Rue, supra, 175 N.J.
at 18 and 19.

Here, in this case, the defendant contends that PCR counsel

did not meet the letter nor the spirit underlying R. 3:22-6(d),

counsel's violation of R. 3:22-6(d), Rue and Webster requires

a briefing schedule and hearing even if the defendant's remaining

issues have no apparent merit. Rue, supra.

Notwithstanding the fact that the defendant does not need

to demonstrate that the remaining issues have merit in order

to prevail on this motion for reconsideration, the remaining

issues indeed have significant merit.

Therefore, on reconsideration, this case must be remanded

as indicated below.

### Conclusion

For the foregoing reasons, the defendant respectfully requests that this Court vacate the February 29, 2008 denial of his Petition for Post-Conviction Relief and allowing the defendant to present his remaining claims that were not addressed at this Court. And Ordering the Public Defender's Office to appoint new PCR counsel to "file an application forwarding the claims raised and required by R. 3:22-6(d), [State v. Rue, 175 N.J. 1 (2002) and State v. Webster, 187 N.J. 254 (2006) ] and that the matter should be considered as a first PCR application." see Rue, supra. 175 N.J. at 12-13.


Dated: _March 10, 2008_                     Respectfully submitted,

                                            _Marvin Mathis_
                                            Marvin Mathis

7

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - UNION COUNTY
Union County Ind. No.
**97-02-123**

STATE OF NEW JERSEY,

      Plaintiff-Respondent;

      v.

MARVIN MATHIS,

      Defendant-Movant.

**CRIMINAL ACTION**

Motion For Reconsideration
of February 29, 2008 Order
Denying Defendant's Motion
For Post-Conviction Relief

ATTACHED APPENDIX

Marvin Mathis #304144/244859-C
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625-0861


April 25, 2005


Andrea Ferraro
Criminal Division Manager
Courthouse Annex 7th Floor
Elizabeth, New Jersey 07207

---

State v. Marvin Mathis
Union County Ind. No. 97-02-123


Re: Request Notification of filig of defendant's
    memorandum of law and appendix.


Dear Ms. Ferraro:

    On February 24, 2005, I timely submitted to your office
my memorandum of law and appendix in support of petition for
Post Conviction Relief in the above-captioned matter. I've
not received notice as to whether the brief and appendix has
been filed nor a filed copy return back to me.


                Thank you for your time and assistance.




                                   Very truly yours,

                                   Marvin Mathis




                          Da 1

MM/file...

Marvin Mathis 304144 244859C
New Jersey State Prison
P.O. Box 861
Trenton NJ 08625

                                    Superior Court of New Jersey
                                    Law Division - Union County
                                    Ind. No. 97-02-123

State of New Jersey,                :

        Plaintiff-Respondent;       :       Criminal Action

        v.                          :       On Petition for Postconviction
                                            Relief
Marvin Mathis,                      :

        Defendant-Petitioner.       :


Memorandum of Law and Appendix in Support
of Petition for Postconviction Relief

## Table of Contents

Page No.

Point I: Defendant's State Constitutional Right to
Indictment by Grand Jury was Violated when
the Facts Required to be Found Before
Defendant Could be Tried as an Adult were not
Charged in the Indictment.  Furthermore,
Defendant's Federal and State Constitutional
Rights to Trial by Jury were Violated when a
Judge made the Findings that Resulted in
Defendant being Tried as an Adult, and not as
a Juvenile.....................................   1

Point II: Defendant's Federal and State Constitutional
Right to a Jury Trial were Violated when the
Trial Judge Found the Aggravating Factors
used to Increase Defendant's Sentence for
Murder Beyond the Prescribed Maximum.
Furthermore, Defendant's (State Constitu-
tional) Right to Indictment by Grand Jury was
Violated when the Aggravating Factors used to
Increase the Sentence for Murder were not
Charged in an Indictment......................   6

Point III: Defendant's Waiver of his Miranda Rights was
not Knowing and Intelligent Because
Defendant was not Informed that, Although He
was a Juvenile, any Statement made by Him
could be used Against Him in a Prosecution
as an Adult...................................   10

Point IV: Trial Counsel was Ineffective for Failing
to Present Evidence of Defendant's Low
Intellectual Functioning in Order to
Establish that Defendant's Waiver of His
Miranda Rights was not Knowing and
Intelligent..................................   15

Point V: Trial Counsel was Ineffective for not
Presenting in Mitigation of Sentence the
Evidence of Defendant's Low Intellectual
Functioning and Personality Disorder......   23

Point VI: The New Rule Proposed in Point III
Should be Retroactively to Applied to
Defendant.................................   27

Point VII: The Claims for Relief are not Barred by
a Procedural Rule.......................   30

## Table of Contents Cont'd

|                                                    | Page No. |
| -------------------------------------------------- | -------- |
| Conclusion........................................ | 32       |

RECEIVED AND FILED
SUPERIOR COURT
UNION COUNTY
Criminal Case-Management Office

OCT 0 1 2006

BERNADETTE A. FIORE, PhD.
Criminal Division Manager

RECEIVED AND FILED
SUPERIOR COURT
UNION COUNTY
Criminal Case-Management Office

SEP 1 5 2006

BERNADETTE A. FIORE, Ph.D.,
Criminal Division Manager

Marvin Mathis #304144/244859-C
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625-0861

September 14, 2006

Bernadetta A. Fiore, PH.D
Criminal Case Manager
Criminal Case Management Office
2 Broad Street
Elizabeth, New Jersey 07207

Re: State v. Marvin Mathis
    Union County Indictment No. 97-02-123

Dear Miss Fiore:

    Enclosed for filing please find an original and a copy
of each of the following documents:

    1.  Second Supplemental Amended Petition for Post
        Conviction Relief; and

    2.  Certificate of Service.

    Enclosed please return the extra copy of this cover letter
to me stamped **"FILED"** in the self-addressed stamped envelope
provided as proof of filed for my records.

                                    Very Truly Yours,

                                    Marvin Mathis

Cc: w/2cpy. ea. encl. Union County Prosecutor.
    w/ 1 cpy. ea. encl. Lewis D. Thompson, Esq.

Da 5

Honorable John F. Malone, J.S.C.

Marvin Mathis #304144/244859-C
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625-0861
(Movant), <u>Pro Se</u>

<u>Presently Confined</u>

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION-UNION COUNTY

Indictment No. <u>**97-02-123**</u>

---

STATE OF NEW JERSEY,

      Plaintiff-Respondent
       (Respondent);

-VS.-

Marvin Mathis,

      Defendant-Petitioner
       (Movant)

<u>Criminal</u> <u>Action</u>

Second Supplemental Verified
Petition For Post-Conviction
Relief

---

    Petitioner, Marvin Mathis, presently incarcerated at New

Jersey State Prison, in the City of Trenton, and State of New

Jersey, by way of this Second Supplemental Verified Petition

for Post-Conviction Relief, says:

    Union County Indictment No. <u>**97-02-123**</u> charged petitioner

Marvin Mathis with: Murder, Contrary to <u>N.J.S.A.</u> 2C:11-3a(1)

and/or (2) (count one); first degree robbery, Contrary to

<u>N.J.S.A.</u> 2C:15-1 (count two); first degree felony murder,

Contrary to <u>N.J.S.A.</u> 2C:11-3a (3); possession of a weapon for

an unlawful purpose, Contrary to <u>N.J.S.A.</u> 2C:39-4d (count four)

and unlawful possession of a weapon Contrary to <u>N.J.S.A.</u>

2C:39-5d (count five)

Da 6

On June 2, 2000 the Appellate Division affirmed
Petitioner conviction. A Petition for Certification was
subsequently filed with the State Supreme Court and denied on
October 11, 2000.

**This Second Amended Petition is intended to supplement
and clarify the initial petition for Post-Conviction Relief
filed in this matter on or about April 26, 2001 and the same
is hereby incorporated as if set forth at length.**

Accordingly petitioner respectfully requests assignment
of counsel and a hearing afforded. The accompanying Post-
Conviction Relief is being brought so that this Court can address
the constitutional questions that will be submitted. Petitioner
is ultimately seeking and requesting that the Court correct
the errors that were committed during his trial by vacating
the judgment of conviction and remanding the case for a new
trial. And also correcting the errors that were committed during
his Juvenile Waiver Hearing by remanding the case so that
Petitioner may have a new Juvenile Waiver Hearing.

Petitioner conviction must be vacated because his right
to effective assistance of counsel at trial and on direct appeal
served to deny petitioner his rights to a fair trial and due
process of law contrary to the Sixth and Fourteenth Amendment,
guaranteed by Article I, paragraph 10 of the New Jersey
Constitution. (4) To substantiate petitioner's **Competency Claim**
set forth in his Supplemental Verified Petition for Post-
Conviction Relief, which was submitted ( **Dated February 2,
2006**) Petitioner requests that assigned counsel Lewis D. Thompson
to interview and obtain affidavits from expert witnesses: **Martha**

H. Page, Ed.D, Dr. Cheryl L. Thompson, PH.D and Dr. Louis B.
Schlesinger, PH.D. (5) Defense counsel Walter Florczak failed
to investigate the competence of the defendant's waiver of his
constitutional right to testify at the waiver of jurisdiction
hearing in Juvenile Court. Such waiver was not Voluntarily,
Knowingly, and Intelligently made, Counsel had evidence and
was aware of defendant's low intellectual functioning. Defendant
was denied the right to effective assistance of counsel in
violation of U.S.C.A. Const. Amend. 6 and 14. (6) Appellate
counsel failed to raise on direct appeal defendant's
constitutional right to testify on his own behalf at the waiver
hearing in juvenile Court was not Knowingly and Intelligently
waived. Defendant was denied the right to effective assistance
of counsel and due process of law in violation of U.S.C.A. Const.
Amend. 6 and 14. (7) Appellate counsel failed to raise on direct
appeal evidence of defendant's limited mental ability and his
status as a special education student was relevant. **(See Trial
transcript, June 11, 1998, Morning Session 114-19 through 117-
12)** Defendant was denied the right to effective assistance of
counsel and due process of law in violation of U.S.C.A. Const.
Amend. 6 and 14.

WHEREFORE, defendant asserts that he was denied due process
of law, the right to a fair trial, the right to effective
assistance of counsel and the compulsory process for obtaining
witnesses in his favor, by both defense and appellate counsel,
as guaranteed by both State and Federal Law.

Dated: _September 14_ , 2006

Marvin Mathis
Petitioner-Defendant

Da 8

RECEIVED AND FILED
SUPERIOR COURT
UNION COUNTY
Criminal Case-Management Office

AUG 1 0 2007

BERNADETTE A. FIORE, PhD.
Criminal Division Manager

**Marvin Mathis #304144/244859-C**
**New Jersey State Prison**
**P.O. Box 861**
**Trenton, New Jersey 08625-0861**
**Defendant-Petitioner**

August 07, 2007

Bernadetta A. Fiore, PH.D.
Criminal Case Manager
Criminal Case Management Office
2 Broad Street
Elizabeth, New Jersey 07207

Re: **State v. Marvin Mathis**
    **Union County Ind. No. 97-02-123**

Dear Miss Fiore,

    Enclosed for filing please find an original and one copy
of the following documents:

    1. Letter-Brief in support of Post-Conviction Relief
       **[Pursuant to N.J. Rule 3:22 et seq.];** and

    2. Certificate of Service.

    Enclosed please return the extra copy of this cover letter
to me stamped **"FILED"** in the self-addressed stamped envelope
provided as proof of filing for my records.

Very truly yours,

Marvin Mathis

Cc: w/2 cpy. encl.: Union County Prosecutor.
    w/1 cpy. encl.: Lewis D. Thompson, Esq.

Da 9

Marvin Mathis #304144/244859C                    Hon. John F. Malone, J.S.C.
New Jersey State Prison
P. O. Box 861
Trenton, New Jersey 08625

**PRESENTLY   CONFINED**

                                          SUPERIOR COURT OF NEW JERSEY
                                          LAW DIVISION, UNION COUNTY
                                          UNION COUNTY IND. NO. 97-02-123

STATE OF NEW JERSEY,                 :              CRIMINAL ACTION
        Plaintiff-Respondent,        :
                                     :
                                     :    LETTER-BRIEF IN SUPPORT OF
        v.                           :    POST-CONVICTION RELIEF, PURSUANT
                                     :    TO N.J. RULE 3:22 et seq.
MARVIN MATHIS,                       :
        Defendant-Petitioner.        :
_____      :

HONORABLE JUDGE JOHN F. MALONE, J.S.C.
Union County Courthouse
2 Broad Street, 3rd Floor
Elizabeth, New Jersey 07207

                Re: On Petition for Post-conviction Relief
                    State v. Marvin Mathis
                    Union County Ind. No. 97-02-123


Dear Honorable Judge Malone:


        Pursuant to **N.J. Rule** 2:6-2(b), please accept this letter-
brief and appendix in lieu of a more formal brief in support
of defendant's petition for post-conviction relief.


                            Da 10

# TABLE OF CONTENTS

PROCEDURAL HISTORY                                                    1

STATEMENT OF FACTS                                                    2

LEGAL ARGUMENT:

## POINT ONE

TRIAL AND APPELLATE COUNSEL WERE PREJUDICIALLY INEFFECTIVE BY
FAILING TO DISCOVER AND RAISE THE ISSUE OF THE DEFENDANT'S
LACK OF COMPETENCE TO STAND TRIAL. N.J. CONST. (1947) Art. 1,
Par. 1, Par. 10; U.S. CONST. AMEND. V; VI; XIV

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

## CONCLUSION

. . . . . . . . . . . . . . . . . . . . . . . . . . . .      13

## INDEX TO APPENDIX

Ten-Page report of Martha H. Page, ED.D. .......................

Five-Page report of Cheryl L. Thompson, PH.D. ..................

Sixteen-Page report of Louis B. Schlesinger, PH.D. .............

¶ **Petitioner will rely on his pro se appendix in his Memorandum
pages 1 through 31, submitted February 24, 2005.**

## TRANSCRIPT CITATIONS

"1MT" refers to the transcript of the juvenile waiver hearing
on October 10, 1996.

"2MT" refers to the transcript of the juvenile waiver hearing
on November 11, 1996.

"3MT" refers to the transcript of the Miranda hearing on
June 9, 1998.

1T    refers to the trial transcript of June 10, 1998.

2T    refers to the trial transcript of June 11, 1998. (a.m.).

3T    refers to the trial transcript of June 11, 1998 (p.m.).

4T    refers to the trial transcript of June 16, 1998.

5T    refers to the trial transcript of June 17, 1998 (a.m.).

6T    refers to the trial transcript of June 17, 1998 (p.m.).

7T    refers to the trial transcript of June 18, 1998.

ST    refers to the sentencing transcript of August 14, 1998.