Marvin Mathis #304144/244859-C
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625-0861

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3222-11T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent;

v.

MARVIN MATHIS

    Defendant-Appellant.

CRIMINAL ACTION

On Appeal from a Denial
of Petition for Post-
Conviction Relief from
New Jersey Law Division,
Union County

Sat Below:

Hon. John F. Malone, J.S.C.

---

**Pro Se** REPLY BRIEF ON BEHALF OF

DEFENDANT-APPELLANT MARVIN MATHIS

---

DEFENDANT IS PRESENTLY CONFINED

- 1 -

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Defendant relies upon and incorporates the procedural history and statement of facts set forth in his initial pro se brief.

---

"1MT" refers to the transcript of the October 10, 1996, juvenile waiver hearing.
"2MT" refers to the transcript of November 11, 1996, juvenile waiver hearing.
"3MT" refers to the transcript of June 9, 1998, Miranda hearing
"1T" refers to the trial transcript of June 10, 1998
"2T" refers to the trial transcript of June 11, 1998 (a.m.)
"3T" refers to the trial transcript of June 11, 1998 (p.m.)
"4T" refers to the trial transcript of June 16, 1998
"5T" refers to the trial transcript of June 17, 1998 (a.m.)
"6T" refers to the trial transcript of June 17, 1998 (p.m.)
"7T" refers to the trial transcript of June 18, 1998
"ST" refers to the sentencing transcript of August 14, 1998
**"PCR-T" refers to the transcript of January 27, 2012 (PCR hearing)**
"Db" Designated counsel's brief
"Da" Designated counsel's appendix
"Db*" Defendant's initial pro se brief
"Da*" Defendant's pro se appendix
"Pb" State's brief
"Pa" State's appendix

- 4 -

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND PRESENT EVIDENCE OF DEFENDANT'S COGNITIVE LIMITATIONS AND HIS STATUS AS A SPECIAL EDUCATION STUDENT DURING THE PRETRIAL MIRANDA HEARING AND AT TRIAL

The evidence of defendant's cognitive limitations and his status as a special education student was not only material to the issue of the volunartiness of defendant's statement to the police and the question of mitigation of defendant's sentence, but was also material to the jury's assessment of of defendant's demeanor and credibility as a witness at trial. See State v. Sexton, 311 N.J. Super. 70, 88 (App. Div. 1998), aff'd 160 N.J. 93 (1999). Trial counsel's failure to present this relevant evidence at trial, like his failure to present this evidence at the Miranda hearing and at the sentencing hearing, established a prima facie claim of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984) and also State v. Fritz, 105 N.J. 42, 58 (1987). (Db* 23-33).

At the January 27, 2012 PCR hearing, the Court asked PCR counsel if he wished to add or highlight any arguments. (PCR-T 5-15 to 18). In response counsel summarized his argument, stressing the argument that trial counsel was ineffective for failing to present defendant's cognitive limitations and his special education status. PCR counsel introduced on record a trial transcript of a sidebar colloquy that took place between the prosecutor and trial counsel where defendant's special education status was at issue. (Db* 12 to 13; Da* 201-205).

- 5 -

At the PCR hearing, the State conceded that defendant was in special education classes. (PCR-T 20-22 to 24; Pb 14). However, the State simply misconstrued defendant's issue by mentioning a "diminished capacity defense." (PCR-T 20-4 to 7; Pb 5). In response, PCR counsel clearly pointed out to the court that a diminished capacity or an insanity defense was not the issue which is being raised. (Db* 13 to 14).

As previously discussed, throughout defendant's trial, trial counsel repeatedly made references of defendant's status as a special education student at the <u>Miranda</u> hearing (3MT 48-15 to 21); in defense opening statement (1T 39-12 to 15); during the testimony of Detective Thomas Koczur (2T 97-8 to 10); and in defense summation (6T 188-18 to 19).

Defendant's special education status was brought into focus when the prosecutor requested a sidebar to express his concerns about trial counsel asking Detective Thomas Koczur during cross-examination, if he was aware that defendant was a special education student. The prosecutor immediately requested the trial judge to give a curative instruction to the jury. (Db* 25; Da* 201).

It is also significant, with respect to trial counsel's notice of facts materially relevant to defendant's special education status that evidence of him being classified as "special education" and "communication handicap" was readily available to trial counsel. Counsel was remiss, however, in offering this relevant evidence. (Db* 25; Da* 202) It is also important to emphasize that the issue of defendant's special education status at sidebar was never resolved. (Db* 25; Da* 205).

- 6 -

This precise issue was addressed by this Court in State v. Sexton, supra., this Court specifically stated that "evidence of the defendant's limited mental ability and his status as a special education student was potentially relevant to the reasonableness of his perceptions of the charged crimes. It is also relevant to the jury's evaluation of the defendant's demeanor and credibility as witness at trial." 311 N.J. Super. at 88.

This is the remedy defendant sought in his initial pro se brief. Evidence of his severe learning disabilities, including being classified as "special education" and "communication handicap" was clearly relevant, especially since he testified on his own behalf at the Miranda hearing and at trial. (Db* 27-28).

In Sexton, **which was decided 33 days before defendant's trial,** this Court further stated that even when the defendant does not raise a diminished capacity or insanity defense, defendant mental condition may, nonetheless, be admitted as evidence at trial. Id. at 88. (Db* 29-30).

Accordingly, the remedy established in Sexton should be applied in the present case. Alternatively, and at the very least, the court should reverse the lower court order and remand the matter for an evidentiary hearing in order to allow defendant to establish the facts in support of his claim of ineffective assistance of trial and appellate counsel. (Db* 23-33; Db* 34-42).

## C O N C L U S I O N

For the aforementioned reasons, and the reasons set forth in defendant's initial pro se brief, defendant respectfully submits that the order denying post-conviction relief be reversed. Further, the court should apply the remedy established in State v. Sexton, 311 N.J. Super. 70, 88 (App. Div. 1998), aff'd 160 N.J. 93 (1999). Alternatively, this matter should be remanded for an evidentiary hearing.

Respectfully submitted,

_Marvin J. Mathis_
Marvin Mathis, pro se

Dated: June 24, 2013

HONORABLE JUDGES OF THE APPELLATE DIVISION
SUPERIOR COURT OF NEW JERSEY
HUGHES JUSTICE COMPLEX
P.O. BOX 006
TRENTON, NEW JERSEY 08625-0006

Dear Honorable Judges:

    Pursuant to R. 2:6-2(b), please accept this relpy letter brief in a lieu of formal brief.

- 2 -

## TABLE OF CONTENTS

PAGE NOS.

PROCEDURAL HISTORY AND STATEMENT OF FACTS ................   4

LEGAL ARGUMENT:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S
PETITION FOR POST-CONVICTION RELIEF
BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR
FAILING TO INVESTIGATE AND PRESENT EVIDENCE
OF DEFENDANT'S COGNITIVE LIMITATIONS AND
HIS STATUS AS A SPECIAL EDUCATION STUDENT
DURING THE PRETRIAL MIRANDA HEARING AND
AT TRIAL .......................................   5

CONCLUSION ..........................................   8