SUPERIOR COURT OF NEW JERSEY
LAW DIVISION : UNION COUNTY
CRIMINAL    –   97-02-00123
                        :
STATE OF NEW JERSEY,     :   Stenographic Transcript
                        :            of
            vs.          :      Trial Proceedings
                        :
MARVIN MATHIS,           :
                        :
            Defendant,   :
_____  :

                Place:   Union County Courthouse
                         2 Broad Street,
                         Elizabeth, New Jersey,

                Date:    JUNE 18, 1998.


B E F O R E:
            HON. JOHN F. MALONE, J.S.C., & JURY

TRANSCRIPT ORDERED BY:
            OFFICE OF THE PUBLIC DEFENDER
                 Appellate Section

A P P E A R A N C E S:

            WILLIAM KOLANO,  ESQ.
            Assistant Prosecutor, Union County,
            For the State,

            WALTER E. FLORCZAK, ESQ.
            (Florczak & Florczak)
            Attorney for the Defendant,



                B. PETER SLUSAREK, C.S.R., XIO0291
                Official Court Reporter
                Union County Courthouse
                Elizabeth, New Jersey, 07207

2

1   JUNE 18, 1998.

2        THE COURT:  Counsel, anything before the jury is

3   brought out for the charge?

4        MR. KOLANO:  No, your Honor.

5        MR. FLORCZAK:  No, judge.

6        THE COURT:  We had the in chambers discussion with

7   juror number one regarding her recognition of Mr. Orr.

8        Mr. Kolano, something you had indicated you wanted to

9   give some thought to, apparently.

10       MR. KOLANO:  Your Honor, I concur with the Court's

11  judgment and Mr. Florczak that she is a perfectly appropriate

12  juror and should remain on the jury.

13       MR. FLORCZAK:  Judge, I am sorry.  I am hesitant now.

14       Since we have reached the point where we are ready to

15  eliminate two jurors, I would suggest that she be one of the

16  jurors eliminated just because of the fact that she recognized

17  him.  I don't know how that would affect her.

18       I would ask she be removed.

19       THE COURT:  My thinking on it originally was that it

20  was not a problem.  I am not even sure it's actually the same

21  person.  She is talking about somebody, a name that she

22  recognized she associated with somebody sixteen years ago, she

23  hasn't seen sixteen years.  She thinks looking at him now that

24  it was the same person, but she is not sure.

25       And, in any event, she said rather firmly that even if

3

1   it was the same person that she knew of sixteen years ago, it

2   would have absolutely no impact on her ability to be fair and

3   impartial.

4            As I said, I am not even sure it was the same person.

5   I am not sure she thinks it's the same person.  The most we

6   knows she knew a family with that name, and that Mr. Orr who

7   testified here would have obviously been a rather young person

8   sixteen years ago, a child, teenager perhaps.

9            So I am satisfied that juror number one can remain.

10           I am satisfied with her answer that it would have no

11  impact on her.  Okay.

12           Let's bring the jurors out.  We will go ahead into the

13  charge.

14           (Jury seated in the jury box in the courtroom.)

15           Good morning, ladies and gentlemen.

16           As you know, the evidence in this case has been

17  presented, and the attorneys have completed their summations.

18  We have, therefore, arrived at that time in the case where you

19  as the jurors are about to perform your final function in this

20  trial.

21           At the outset, let me express my thanks and

22  appreciation to you for your attention to this case.  And I

23  would also like to commend the attorneys for the professional

24  manner in which they presented their respective cases and for

25  their courtesy to the court and the jury during the course of

- CHARGE -                                                      4

1    the trial.

2            Before you retire to deliberate and reach your

3    verdict, it is my obligation to instruct you as to the

4    principles of law that apply in this case.  You shall consider

5    my instructions in their entirety and not pick out any

6    particular instruction and overemphasize it.

7            You must accept and apply this law for this case as I

8    give it to you in these instructions.  Any ideas you have as to

9    what the law is or what the law should be or any statements by

10   the attorneys as to what the law may be must be disregarded by

11   you if they are in conflict with my charge.

12           During the course of the trial I was required to make

13   certain rulings on the admissibility of evidence, either in or

14   outside of your presence.  These rulings involved questions of

15   law.  Comments of the attorneys on these matters were not

16   evidence.  In ruling I have decided questions of law, and

17   whatever the ruling may have been in any particular instance

18   you should understand that it was not an expression or opinion

19   by me on the merits of the case.  Neither should my other

20   rulings on any other aspect of the trial be taken as favoring

21   one side or the other.  Each matter was decided on its own

22   merits.

23           When I use the term "evidence" I mean the testimony

24   that you have heard and seen from the witness box and the

25   exhibits that have been admitted into evidence.

- CHARGE -                                                    5

1    Any testimony that I may have had occasion to strike

2  is not evidence and shall not enter into your final

3  deliberations.  It must be disregarded by you.  This means that

4  even though you may remember the testimony, you are not to use

5  it in your discussions or deliberations.  Further, if I gave

6  any limiting instructions as to how to use certain evidence,

7  that evidence must be considered by you for that purpose only.

8  You cannot use it for any other purpose.

9    As jurors it is your duty to weigh the evidence calmly

10  and without passion, prejudice or sympathy.  Any influence

11  caused by these emotions has the potential to deprive both the

12  state and the defendant of what you promised them, fair and

13  impartial trial by fair and impartial jurors.  Also,

14  speculation, conjecture, and other forms of guessing play no

15  role in the performance of your duty.

16    The defendant stands before you on an indictment

17  returned by the grand jury charging him with murder, robbery,

18  felony murder, possession of a firearm for an unlawful purpose,

19  and unlawful possession of a weapon.

20    The indictment is not evidence of defendant's guilt of

21  the charges.  An indictment is a step in the procedure to bring

22  the matter before the court and jury for the jury's ultimate

23  determination as to whether the defendant is guilty or not

24  guilty on the charges stated in it.

25    The defendant has pleaded not guilty to the charges.








- CHARGE -                                      6

1       The defendant on trial is presumed to be innocent, and

2  unless each and every essential element of an offense charged

3  is proved beyond a reasonable doubt, the defendant must be

4  found not guilty of that charge.  The burden of proving each

5  element of the charge beyond a reasonable doubt rests upon the

6  state.  That burden never shifts to the defendant.  The

7  defendant in a criminal case has no obligation or duty to prove

8  his innocence or to offer any proof relating to his innocence.

9       The prosecution must prove its case by more than a

10 mere preponderance of the evidence, yet not necessarily to an

11 absolute certainty.  The state has the burden of proving the

12 defendant guilty beyond a reasonable doubt.

13      Some of you may have served as jurors in civil cases

14 where you were told that it is necessary to prove only that a

15 fact is more likely true than not true.  In criminal cases the

16 state's proof must be more powerful than that; it must be

17 beyond a reasonable doubt.

18      A reasonable doubt is an honest and reasonable

19 uncertainty in your minds about the guilt of the defendant

20 after you have given full and impartial consideration to all of

21 the evidence.  A reasonable doubt may arise from the evidence

22 itself or from a lack of evidence.  It is a doubt that a

23 reasonable person hearing the same evidence would have.  Proof

24 beyond a reasonable doubt is proof, for example, that leaves

25 you firmly convinced of the defendant's guilt.

— CHARGE —                                                        7

1       In this world we know very few things with absolute

2  certainty.   In criminal cases the law does not require proof

3  that overcomes every possible doubt.   If based on your

4  consideration of the evidence you are firmly convinced that the

5  defendant is guilty of the crime charged you must find him

6  guilty.   If, on the other hand, you are not firmly convinced of

7  defendant's guilt you must give the defendant the benefit of

8  the doubt and find him not guilty.

9       In my preliminary instructions when we started the

10  case I explained to you that you are the judges of the facts.

11  And as judges of the facts you are to determine the credibility

12  of the various witnesses as well as the weight to be attached

13  to their testimony.   You and you alone are the sole and

14  exclusive judges of the evidence, of the credibility of the

15  witnesses, and the weight to be attached to the testimony of

16  each witness.

17       Regardless of what counsel said or I may say recalling

18  the evidence in this case, it is your recollection of the

19  evidence that should guide you as judges of the facts.

20  Arguments, statements, remarks, openings, and summations of

21  counsel are not evidence and must not be treated as evidence.

22  Although the attorneys may point out what they think important

23  in this case, you must rely solely upon your understanding and

24  recollection of the evidence that was admitted during the

25  trial.   Whether or not the defendant has been proven guilty

- CHARGE -                                        8

1   beyond a reasonable doubt is for you to determine based on all

2   the evidence presented during the trial.   Any comments by

3   counsel are not controlling.

4        It is your sworn duty to arrive at a just conclusion

5   after considering all the evidence which was presented during

6   the course of the trial.

7        The function of the court is separate and distinct

8   from the function of the jury.   It is my responsibility to

9   determine all questions of law rising during trial and to

10  instruct the jury as to the law which applies in this case.

11  You must accept the law as given to you by me and apply it to

12  the facts as you find them to be.

13       I have sustained objections to some questions asked by

14  counsel which may have contained statements of certain facts.

15  The mere fact that an attorney asks a question and inserts

16  facts or comments or opinions in that question in no way proves

17  the existence of those facts.   You will only consider such

18  facts which in your judgment have been proven by the testimony

19  of witnesses or from exhibits admitted into evidence by the

20  court.

21       Evidence may be either direct or circumstantial.

22       Direct evidence means evidence that directly proves a

23  fact without an inference and which in itself, if true,

24  conclusively establishes that fact.   On the other hand,

25  circumstantial evidence means evidence that proves a fact from

- CHARGE -                                          9

1   which an inference of the existence of another fact may be

2   drawn.

3          And you will recall the example that I gave in the

4   preliminary instructions about proving the snow fall during the

5   night.  Direct evidence would be the testimony of a person who

6   saw the snow falling; circumstantial evidence being testimony

7   of a person who provided other facts, about not having seen

8   snow before going to bed but seeing snow upon arising, from

9   which you could draw the inference as to when the snowfall took

10  place.

11         An inference is a deduction of fact that may logically

12  and reasonably be drawn from another fact or group of facts

13  established by the evidence.  Whether or not inferences should

14  be drawn is for you to decide using your own common sense,

15  knowledge, and everyday experience.  Ask yourself, is it

16  probable, logical, and reasonable.

17         It is not necessary that all the facts be proven by

18  direct evidence.  They may be proven by direct evidence,

19  circumstantial evidence, or by a combination of direct and

20  circumstantial evidence.  All are acceptable as a means of

21  proof.  In many cases circumstantial evidence may be more

22  certain, satisfying, and persuasive than direct evidence.

23  However, direct and circumstantial evidence should be

24  scrutinized and evaluated carefully.

25         A verdict of guilty may be based on direct evidence

1  alone, circumstantial evidence alone, or a combination of

2  direct evidence and circumstantial evidence, provided, of

3  course, that it convinces you of the defendant's guilt beyond a

4  reasonable doubt.  The reverse is also true.  A defendant may

5  be found not guilty by reason of direct evidence,

6  circumstantial evidence, a combination of the two, or a lack of

7  evidence if it raises in your mind a reasonable doubt as to the

8  defendant's guilt.

9          As judges of the facts you are to determine the

10  credibility of the witnesses, and in determining whether a

11  witness is worthy of belief and, therefore, credible you may

12  take into consideration the appearance and demeanor of the

13  witness; the manner in which he or she may have testified; the

14  witness' interest in the outcome of the trial, if any; his or

15  her means of obtaining knowledge of the facts; the witness'

16  power of discernment, meaning their judgment, understanding;

17  his or her ability to reason, observe, recollect, and relate;

18  the possible bias, if any, in favor of the side for whom the

19  witness testified; the extent to which, if at all, each witness

20  is either corroborated or contradicted, supported or

21  discredited by other evidence; whether the witness testified

22  with an intent to deceive you; the reasonableness or

23  unreasonableness of the testimony the witness has given, and

24  any and all other matters in the evidence which serve to

25  support or discredit his or her testimony.  Through this




- CHARGE -                                                11

1   analysis as judges of the facts you weigh the testimony of each

2   witness and then determine the weight to give to it.   Through

3   that process you may accept all of it, a portion of it, or none

4   of it.

5          Evidence including a witness' statement or testimony

6   prior to the trial showing that at a prior time a witness has

7   said something which is inconsistent with the witness'

8   testimony at the trial may be considered by you for the purpose

9   of judging the witness' credibility.   It may also be considered

10  by you as substantive evidence, that is as proof of the truth

11  of what is stated in the prior contradictory statement.

12         Evidence has been presented showing that at a prior

13  time witnesses have said something which is inconsistent with

14  what the witnesses' testimony was at the trial.   This evidence

15  may be considered by you as substantive evidence or proof of

16  the truth of the prior contradictory statement.   However,

17  before deciding whether the prior inconsistent statement

18  reflects the truth in all fairness you will want to consider

19  all of the circumstances under which the statement or failure

20  to disclose occurred.   You may consider the extent of the

21  inconsistency and the importance or lack of importance of the

22  inconsistency or omission on the overall testimony of the

23  witness as bearing on his or her credibility.   You may consider

24  such factors as where and when the prior statement or omission

25  occurred and the reasons, if any, therefor.   The extent to

1   which such inconsistency reflects the truth is for you to

2   determine.  Consider their materiality and relationship to the

3   person's entire testimony and all the evidence in the case;

4   when, where, and the circumstances under which they were said;

5   and whether the reasons any person gave for the inconsistency

6   appear to be to you believable and logical.  In short, consider

7   all that I have told you before about inconsistent statements.

8   You will, of course, consider other evidence and inferences

9   from other evidence including statements of other witnesses and

10  acts of the witnesses and others disclosing other motives that

11  the witness may have had to testify as he or she did, that is

12  reasons other than that which he or she may have given to you.

13      Perhaps a hypothetical example will help you

14  understand what constitutes a prior contradictory statement

15  and, more importantly, how it may be used by you.

16      Assume at the trial a witness testified the car was

17  red.  In cross examination of that witness or at some other

18  point in the trial it is shown that at an earlier time that

19  witness said that the car was blue.  You may consider the prior

20  contradictory statement, that is the statement that the car was

21  blue, as a factor in deciding whether or not you believe the

22  statement made at trial that the car was red.  You may also

23  consider the earlier statement, that the car was blue, as proof

24  of the fact or evidence that the car was blue.

25      There is for your consideration in this case written



- CHARGE -                                    13

1    and oral statements allegedly made by the defendant.  It is

2    your function to determine whether or not the statement was

3    actually made by the defendant and, if made, whether the

4    statement or any portion of it is credible.

5         With respect to statements of the defendant I am

6    referring both to written and oral.  Written statements are the

7    formal statements that were referred to during the course of

8    the trial, and I believe were exhibits marked for

9    identification as S-2 and 4.  Those are the statements that

10   were taken at police headquarters as written statements.  But

11   there were also oral statements referred to, at least it is my

12   recollection of the testimony -- remember, it is your

13   recollection that is controlling of other statements made by

14   the defendant, alleged to have been made by the defendant --

15   statements alleged to have been made to Miss Brooks, Miss

16   Diggs, and the oral interview given to Officer Koczur at police

17   headquarters.

18        In considering whether or not an oral statement was

19   actually made by the defendant and, if made, whether it is

20   credible you should receive, weigh, and consider this evidence

21   with caution, based on the generally recognized risk of

22   misunderstanding by the hearer or the ability of the hearer to

23   recall accurately the words used by the defendant.  The

24   specific words used and the ability to remember them are

25   important to the correct understanding of any oral

- CHARGE -                                    14

1   communication, because the presence or absence or change of a

2   single word may substantially change the true meaning of even

3   the shortest sentence.   You should therefore receive, weigh,

4   and consider such evidence with caution.

5            In considering whether or not a statement is credible

6   you should take into consideration the circumstances and facts

7   as to how the statement was made as well as all other evidence

8   in this case relating to this issue.

9            Also recall the testimony of Detective Koczur with

10  respect to advising the defendant of his constitutional rights.

11  It is my recollection of that testimony that Detective Koczur

12  indicated that he did provide the defendant with his rights,

13  and that a written form was used which was read to the

14  defendant, and the defendant was asked to initial and sign that

15  form.

16           If after consideration of all these factors you

17  determine that the statement was not actually made, or that the

18  statement is not credible, then you must disregard the

19  statement completely.   If you find that the statement was made,

20  and that part or all of the statement is credible, you may give

21  what weight you think appropriate to the portion of the

22  statement you find to be truthful and credible.

23           With respect, by the way, to the statement that I

24  referred to of Detective Koczur, don't forget also to consider

25  the testimony presented by the defense with respect to the

- CHARGE -                                              15



1    presentation of Miranda rights and the waiver of those rights.

2    That was the testimony of the defendant himself and of his

3    mother that touched upon the subject of their knowledge and

4    understanding of the rights that were presented.

5         Evidence of good character or reputation of an accused

6    is always competent in the trial of a criminal action and is

7    entitled to be considered by you.  You, the jury, should

8    consider all of the relevant testimony including that relating

9    to the defendant's good character and reputation.  And if on

10   such consideration there exists a reasonable doubt of his

11   guilt, even though that doubt may arise merely from his

12   previous good repute, he is entitled to an acquittal.  But if

13   from the entire evidence in this case, including that relating

14   to good character, you believe the defendant guilty beyond a

15   reasonable doubt, he should be convicted and evidence of good

16   character should not alter the verdict.

17        A general rule of evidence is that witnesses can

18   testify only as to facts known by them.  This rule ordinarily

19   does not permit the opinion of a witness to be received as

20   evidence.  However, an exception to this rule exists in the

21   case of an expert witness who may give his or her opinion as to

22   any matter in which he or she is versed which is material to

23   the case.  In legal terminology, an expert witness is a witness

24   who has some special knowledge, skill, experience, or training

25   that is not possessed by the ordinary juror and who thus may be




1   able to provide assistance to the jury in its fact finding

2   duties.

3            In this case Doctor Graciela Linares was called as an

4   expert and testified.

5            You are not bound by such expert's opinion, but you

6   should consider the opinion and give it the weight to which you

7   deem it entitled, whether that be great or slight, or you may

8   reject it.  In examining that opinion you may consider the

9   reasons given for it, if any, and you may also consider the

10  qualifications and credibility of the expert.  It is always

11  within the special function of the jury to decide whether the

12  facts on which the answer of an expert is based actually exist,

13  and the value or weight of the opinion of the expert is

14  dependent upon and no stronger than the facts on which it is

15  predicated.

16           There are five offenses charged in the indictment.

17  They are separate offenses by separate counts of the

18  indictment.  The defendant is entitled to have his guilt or

19  innocence separately considered on each count by the evidence

20  which is relevant and material to that particular charge based

21  on the law as I will give it to you.

22           With respect to the offenses that are charged in the

23  indictment against the defendant in this case, the state

24  alleges in its case that the defendant is the principal, that

25  is the one who actually committed the crime.  In the course of

1  your consideration of the offenses with which the defendant is

2  charged if you determine that the defendant did not act as the

3  principal with respect to a crime that you are to consider in

4  accordance with my instructions, the state alternatively

5  charges that the defendant acted as an accomplice to that

6  crime.   And that is going to be relevant when we talk about the

7  crimes of murder and the crime of robbery.

8       I am going to explain the elements of the offenses,

9  the legal definitions that apply with respect to the offenses

10 charged in the indictment on the basis initially as if the

11 defendant was the principal, that is the person who actually

12 committed the offense.   But there is the concept of accomplice

13 liability, that is someone who aided or assisted another in the

14 commission of the crime.   And I will be talking to you when I

15 finish going through the five separate charges in the

16 indictment about the concept of accomplice liability.   So what

17 I am doing now really is just highlighting or alerting you to

18 the fact that there is this concept of accomplice liability

19 which you will be hearing about later in the charge.   I will be

20 talking about what is meant by accomplice liability.   But for

21 now I am going to charge the elements of the offense, the

22 definitions that apply to the offense, and then later I will be

23 discussing with you the concept of accomplice liability.

24      The defendant is charged by the indictment in count

25 one with the murder of Antonio Saraiva.




- CHARGE -                                    18

1        Count one of the indictment reads as follows:  That on

2    the 22nd day of January, 1996 in the City of Elizabeth the

3    defendant, Marvin Mathis, did purposely and or knowingly cause

4    serious bodily injury to Antonio Saraiva resulting in his

5    death, and or did purposely and or knowingly cause the death of

6    Antonio Saraiva.

7        A person is guilty of murder if he purposely causes

8    the death or serious bodily injury resulting in death, or

9    knowingly causes death or serious bodily injury resulting in

10   death.  In order for you to find the defendant guilty of murder

11   the state is required to prove each of the following elements

12   beyond a reasonable doubt:

13       First, that the defendant caused Antonio Saraiva's

14   death or serious bodily injury resulting in his death; and,

15   two, that the defendant did so purposely or knowingly.

16       One of the elements that the state must prove beyond a

17   reasonable doubt is that the defendant acted purposely or

18   knowingly.  A person who causes another's death does so

19   purposely when it is the person's conscious object to cause

20   death or serious bodily injury resulting in death.  A person

21   who causes another's death does so knowingly when the person is

22   aware that it is practically certain that his conduct will

23   cause death or serious bodily injury resulting in death.

24       The nature of the purpose or knowledge with which the

25   defendant acted towards Antonio Saraiva is a question of fact

- CHARGE -                                          19

1   for you, the jury, to decide.  Purpose and knowledge are

2   conditions of the mind which cannot be seen and can only be

3   determined by inferences from conduct, words, or acts.  It is

4   not necessary for the state to produce a witness or witnesses

5   who could testify that the defendant stated, for example, that

6   his purpose was to cause death or serious bodily injury

7   resulting in death, or he knew that his conduct would cause

8   death or serious bodily injury resulting in death.  It is

9   within your power to find that proof of purpose or knowledge

10  has been furnished beyond a reasonable doubt by inferences

11  which may arise from the nature of the acts and the surrounding

12  circumstances.  Such things as the place where the acts

13  occurred, the weapon used, the location, number and nature of

14  wounds inflicted, and all that was done or said by the

15  defendant preceding, connected with, and immediately succeeding

16  the events leading to the death of Antonio Saraiva are among

17  the circumstances to be considered.

18          Although the state must prove that the defendant acted

19  either purposely or knowingly, the state is not required to

20  prove a motive.  If the state has proved the essential elements

21  of the offense beyond a reasonable doubt, the defendant must be

22  found guilty of that offense regardless of the defendant's

23  motive or lack of a motive.  If the state, however, has proved

24  a motive you may consider that insofar as it gives meaning to

25  other circumstances.  On the other hand, you may consider the

1    absence of a motive in weighing whether or not the defendant is

2    guilty of the crime charged.

3            A homicide or a killing with a deadly weapon, such as

4    a handgun, in itself would permit you to draw an inference that

5    the defendant's purpose was to take life or cause serious

6    bodily injury resulting in death.

7            A deadly weapon is any firearm or other weapon,

8    device, instrument, material, or substance which in the manner

9    it is used or is intended to be used is known to be capable of

10   producing death or serious bodily injury.  In your

11   deliberations you may consider the weapon used and the manner

12   and circumstances of the killing, and if you are satisfied

13   beyond a reasonable doubt that the defendant shot and killed

14   Antonio Saraiva with a gun, you may draw an inference from the

15   weapon used, that is the gun, and from the manner and

16   circumstances of the killing as to defendant's purpose or

17   knowledge.

18           The other element that the state must prove beyond a

19   reasonable doubt is that the defendant caused Antonio Saraiva's

20   death or serious bodily injury resulting in death.  Serious

21   bodily injury means bodily injury which creates a substantial

22   risk of death or which causes serious permanent disfigurement

23   or protracted loss or impairment of the function of any bodily

24   member or organ.  Whether the killing is committed purposely or

25   knowingly causing death or serious bodily injury resulting in

1    death must be within the design or contemplation of the

2    defendant.

3           If you determine that the state has proven beyond a

4    reasonable doubt that the defendant purposely or knowingly

5    caused death or serious bodily injury resulting in death you

6    must find the defendant guilty of murder.  If, on the other

7    hand, you determine that the state has not proven beyond a

8    reasonable doubt that the defendant purposely or knowingly

9    caused death or serious bodily injury resulting in death, then

10   you must find him not guilty of murder and go on to consider

11   whether the defendant should be convicted of the crimes of

12   aggravated or reckless manslaughter.

13          A person is guilty of aggravated manslaughter if he

14   recklessly caused the death of another person under

15   circumstances manifesting extreme indifference to human life.

16          In order for you to find the defendant guilty of

17   aggravated manslaughter the state is required to prove each of

18   the following elements beyond a reasonable doubt:

19          First, that the defendant caused Antonio Saraiva's

20   death;

21          Second, that the defendant did so recklessly;

22          Third, that the defendant did so under circumstances

23   manifesting extreme indifference to human life.

24          One element that the state must prove beyond a

25   reasonable doubt is that the defendant acted recklessly.

- CHARGE -                                    22

1          A person who causes another's death does so recklessly

2     when he is aware of and consciously disregards a substantial

3     and unjustifiable risk that death will result from his conduct.

4     The risk must be of such a nature and degree that considering

5     the nature and purpose of defendant's conduct and the

6     circumstances known to the defendant his disregard of that risk

7     is a gross deviation from the standard of conduct that a

8     person, reasonable person would follow in the same situation.

9     In other words, you must find that the defendant was aware of

10    and consciously disregarded the risk of causing death.

11         If you find that the defendant was aware of and

12    disregarded the risk of causing death you must determine

13    whether the risk that he disregarded was substantial and

14    unjustifiable.  In doing so, you must consider the nature and

15    purpose of defendant's conduct and the circumstances known to

16    defendant, and you must determine whether in light of those

17    factors defendant's disregard of that risk was a gross

18    deviation from the conduct a reasonable person would have

19    observed in defendant's situation.

20         Another element that the state must prove beyond a

21    reasonable doubt is that the defendant acted under

22    circumstances manifesting extreme indifference to human life.

23         The phrase "under circumstances manifesting extreme

24    indifference to human life" does not focus on the defendant's

25    state of mind, but rather on the circumstances under which you

- CHARGE -                                                    23

1   find he acted.  If in light of all the evidence you find the

2   defendant's conduct resulted in a probability, as opposed to a

3   mere possibility, of death, then you may find that he acted

4   under circumstances manifesting extreme indifference to human

5   life.  On the other hand, if you find that his conduct resulted

6   in only a possibility of death, then you must acquit him of

7   aggravated manslaughter and consider the offense of reckless

8   manslaughter -- which I will explain to you shortly.

9        The final element that the state must prove beyond a

10  reasonable doubt is that the defendant caused Antonio Saraiva's

11  death.  You must find that Antonio Saraiva would not have died

12  but for defendant's conduct.

13       If after consideration of all the evidence you are

14  convinced beyond a reasonable doubt that the defendant

15  recklessly caused Antonio Saraiva's death under circumstances

16  manifesting extreme indifference to human life, then your

17  verdict should be guilty of aggravated manslaughter.

18       If, however, after consideration of all the evidence

19  you are not convinced beyond a reasonable doubt that the

20  defendant recklessly caused Mr. Saraiva's death under

21  circumstances manifesting extreme indifference to human life,

22  you must find the defendant not guilty of aggravated

23  manslaughter and go on to consider whether the defendant should

24  be convicted of reckless manslaughter.

25       A person is guilty of reckless manslaughter if he

- CHARGE -                                    24

1    recklessly causes the death of another person.  In order for

2    you to find the defendant guilty of reckless manslaughter the

3    state is required to prove each of the following elements

4    beyond a reasonable doubt:  First, that the defendant caused

5    Antonio Saraiva's death, and, second, that the defendant did so

6    recklessly.

7            One element that the state must prove beyond a

8    reasonable doubt is the defendant acted recklessly.

9            A person who causes another's death does so recklessly

10   when he is aware of and consciously disregards a substantial

11   and unjustifiable risk that death will result from his conduct.

12   The risk must be of such a nature and degree that considering

13   the nature and purpose of defendant's conduct and the

14   circumstances known to defendant his disregard of that risk is

15   a gross deviation from the standard of conduct that a

16   reasonable person would follow in the same situation.  In other

17   words, you must find that the defendant was aware of and

18   consciously disregarded the risk of causing death.

19           If you find the defendant was aware of and disregarded

20   the risk of causing death, you must determine whether that risk

21   he disregarded was substantial and unjustifiable.  In doing so

22   you must consider the nature and purpose of defendant's conduct

23   and the circumstances known to defendant, and you must

24   determine whether in light of those factors defendant's

25   disregard of that risk was a gross deviation from conduct a

1 reasonable person would have observed in defendant's situation.

2 The other element that state must prove beyond a

3 reasonable doubt is that the defendant caused Antonio Saraiva's

4 death.  You must find that Antonio Saraiva would not have died

5 but for defendant's conduct.

6 If after consideration of all the evidence you are

7 convinced beyond a reasonable doubt that the defendant

8 recklessly caused Mr. Saraiva's death, then your verdict should

9 be guilty of reckless manslaughter.  If, however, after

10 consideration of all the evidence you are not convinced beyond

11 a reasonable doubt that the defendant recklessly caused Antonio

12 Saraiva's death, you must find the defendant not guilty of

13 reckless manslaughter.

14 The defendant is charged in the second count of the

15 indictment with robbery.  The indictment reads in pertinent

16 part as follows:  That on January 22nd, 1996, in the City of

17 Elizabeth, the defendant, Marvin Mathis, did while in the

18 course of committing a theft, knowingly threaten immediate

19 bodily injury to Antonio Saraiva and or purposely put Antonio

20 Saraiva in fear of immediate bodily injury, and or did commit

21 the crime of first degree, specifically, murder, and or did

22 purposely inflict serious bodily injury upon Antonio Saraiva,

23 and or was armed with and or used or threatened the immediate

24 use of a deadly weapon.

25 That's the language of the indictment which charges

1    the defendant with the specific crime of robbery.

2         Let me again just give you sort of a highlight or a

3    sort of advance notice as to how this charge is laid out and

4    what you will be hearing.

5         The charge in the indictment is robbery of the first

6    degree.  First what you have to consider is whether or not the

7    defendant is guilty, that is whether the facts satisfy you

8    beyond a reasonable doubt that the defendant was guilty of the

9    offense of robbery.  And I will be explaining to you what

10   robbery is.  But, in short, it is that while in the course of

11   committing a theft the defendant engaged in some other

12   conduct:  the knowing infliction of bodily injury, use of force

13   on another, or the threatening of another with or purposely

14   putting him in fear of immediate bodily injury, or commission

15   of the crime of first degree, namely, in this case murder.  So

16   robbery requires a finding by you that the defendant was in the

17   course of committing a theft, and that one of those other three

18   elements exist.

19        If you are satisfied that the defendant has been

20   guilty of robbery, you then consider two additional elements,

21   which I will explain to you, either of which could make that

22   robbery a first degree robbery.

23        So the way this charge, this definition is laid out to

24   you or this instruction is laid out to you, explains to you

25   first what a robbery is, and then goes on to explain the




1    elements which make the robbery a first degree robbery.

2            Now, let me begin by referring to the statute upon

3    which the robbery charge is based.  The pertinent part of the

4    statute upon which the indictment is based reads as follows:

5            A person is guilty of robbery if in the course of

6    committing a theft he either knowingly inflicts bodily injury

7    or uses force on another, or threatens another with or

8    purposely puts him in fear of immediate bodily injury, or

9    commits or threatens immediately to commit any crime of first

10   or second degree.

11           The state alleges in this case that the defendant is

12   guilty of robbery by having done all of those three things.

13   However, in order for you to find the defendant guilty of

14   robbery you must be satisfied that while in the course of

15   committing a theft he did at least one of those things, they

16   are, in the alternative, any one of those three if found by you

17   beyond a reasonable doubt to have occurred will support the

18   crime of robbery.

19           In order for you to find the defendant guilty of

20   robbery the state is required to prove each of the following

21   elements beyond a reasonable doubt:  First, that the defendant

22   was in the course of committing a theft; That while in the

23   course of committing that theft the defendant knowingly

24   inflicted bodily injury or used force on another, or he

25   threatened another with or purposely put him in fear of

1    immediate bodily injury, or he committed or threatened

2    immediately to commit the crime of murder.

3            As I have said, the state must prove beyond a

4    reasonable doubt that the defendant was in the course of

5    committing a theft.  In this connection you are advised that an

6    act is considered to be in the course of committing a theft if

7    it occurs in an attempt to commit the theft, during the

8    commission of the theft itself, or in immediate flight after

9    the attempt or commission.  Theft is defined as the unlawful

10   taking or exercise of unlawful control over property of another

11   with purpose to deprive him thereof.

12           I have used the phrase with "purpose," and you have

13   heard me use that phrase before, and I will in all likelihood

14   use it again.  I shall now explain what that means.

15           A person acts purposely with respect to the nature of

16   his conduct or a result thereof if it is his conscious object

17   to engage in conduct of that nature or to cause such a result.

18   In addition to proving beyond a reasonable doubt that the

19   defendant was in the course of committing a theft the state

20   must also prove beyond a reasonable doubt that while in the

21   course of committing the theft the defendant did one of those

22   other additional things that I referred to:  The first of

23   which, the defendant knowingly inflicted bodily injury or used

24   force upon another.

25           A person acts knowingly with respect to a result of




1  his conduct if he is aware that it is practically certain that

2  his conduct will cause such a result.  A person acts knowingly

3  with respect to the nature of his conduct if he is aware that

4  his conduct is of that nature.

5        The phrase "bodily injury" means physical pain,

6  illness, or any impairment of physical condition.

7        Force means an amount of physical power or strength

8  used against the victim and not simply against the victim's

9  property.  The force need not entail pain or bodily harm, it

10 need not leave any mark.  Nevertheless, force must be greater

11 than that necessary merely to snatch an object from the

12 victim's grasp or the victim's person, and the force must be

13 directed against the victim, not merely the victim's property.

14       Second of those three elements that I referred to that

15 would make the crime the crime of robbery was that during the

16 course of the commission of the theft the defendant threatened

17 another with or purposely put him in fear of immediate bodily

18 injury.

19       The phrase "bodily injury" means physical pain,

20 illness, or any impairment of physical condition.  Although no

21 bodily injury need have resulted, the prosecution must prove

22 that the defendant either threatened the victim with or

23 purposely put him in fear of such bodily injury.

24       The third possibility connected with the theft is that

25 the defendant committed or threatened immediately to commit the

- CHARGE -                                              30

1   crime of murder while in the course of committing the theft.

2          A section of our statute provides that robbery is a

3   crime of the second degree, except that it is a crime of the

4   first degree if the robber is either armed with or uses or

5   threatens immediate use of a weapon, or if the robber purposely

6   inflicted serious bodily injury.

7          In this case both of those elements are alleged.

8          In order for you to find the defendant guilty of the

9   first degree robbery you must find beyond a reasonable doubt

10  that the state has proven at least one of those elements.  In

11  this case it is alleged that the defendant was armed with,

12  used, or threatened immediate use of a deadly weapon while in

13  the course of committing the robbery.

14         In order for you to find -- In order for you to

15  determine the answer to this question you must understand the

16  meaning of the term "deadly weapon."  A deadly weapon is any

17  firearm or other weapon, device, instrument, material or

18  substance which in the manner it is used or intended to be used

19  is known to be capable of producing death or serious bodily

20  injury, or which in the manner it is fashioned would lead the

21  victim reasonably to believe it to be capable of producing

22  death or serious bodily injury.

23         Serious bodily injury means bodily injury which

24  creates a substantial risk of death or which causes serious

25  permanent disfigurement or protracted loss or impairment of the

- CHARGE -                                              31

1   function of any bodily member or organ.

2           To summarize, if you find that the state has not

3   proven beyond a reasonable doubt any element of the crime of

4   robbery as I have defined that crime to you, then you must find

5   the defendant not guilty.  If you find that the state has

6   proven beyond a reasonable doubt that the defendant committed

7   the crime of robbery as I have defined that crime to you, but

8   you have a reasonable doubt as to whether defendant was armed

9   with or used or threatened the immediate use of a deadly weapon

10  at the time of the commission of the robbery, you would be

11  finding the defendant guilty of robbery in the second degree.

12  If you find beyond a reasonable doubt that the defendant

13  commited the crime of robbery and was armed with a deadly

14  weapon or used or threatened the immediate use of a deadly

15  weapon at the time of the commission of the robbery, then you

16  will find the defendant guilty of robbery in the first degree.

17          Now, if you have found that the defendant did not, the

18  state did not prove beyond a reasonable doubt that the

19  defendant was armed with or used or threatened immediate use of

20  a deadly weapon, you must then go on to consider whether the

21  defendant attempted to kill the victim or purposely inflict or

22  attempt to inflict serious bodily injury upon the victim as

23  charged in the indictment.

24          A section of statute provides that the robbery is a

25  crime of second degree, except that it is a crime of the first

1    degree if the robber purposely inflicted or attempted to

2    inflict serious bodily injury.

3           The defendant in this case -- It is alleged that the

4    defendant did purposely inflict or attempt to inflict serious

5    bodily injury upon Antonio Saraiva while in the course of

6    committing the theft.

7           In order for you to determine the answer to this

8    question you must understand the meaning of the term "serious

9    bodily injury."  It means bodily injury which creates a

10   substantial risk of death or which causes serious permanent

11   disfigurement or protracted loss or impairment of the function

12   of any bodily member or organ.

13          In order for you to determine the answer to this

14   question you must understand the meaning of the word "attempt"

15   within this context.

16          A person is guilty of an attempt if he purposely

17   commits an act which constitutes substantial step towards the

18   commission of the infliction of serious bodily harm.

19          If you find that the state has not proven beyond a

20   reasonable doubt each element of the crime of robbery as I have

21   defined that crime, then you would find the defendant not

22   guilty.  If you find that the state has proven beyond a

23   reasonable doubt that the defendant committed the crime of

24   robbery as I have defined that crime to you, but you have a

25   reasonable doubt as to whether the defendant purposely

1  inflicted or attempted to inflict serious bodily injury upon

2  Mr. Saraiva at the time of the commission of the robbery, then

3  you will find the defendant guilty of robbery in the second

4  degree.   If you find beyond a reasonable doubt that the

5  defendant while in the course of committing the theft purposely

6  inflicted or attempted to inflict serious bodily injury upon

7  Mr. Saraiva then you will find the defendant guilty of robbery

8  in the first degree.

9        The third count of the indictment is the count that

10  charges the defendant with the offense of felony murder.   With

11  respect to this charge, the indictment reads as follows:

12        That the defendant on January 22nd, 1996, in the City

13  of Elizabeth, did cause the death of Antonio Saraiva, acting

14  either alone or with one or more persons, during the commission

15  of or attempted commission of or flight after the commission of

16  the crime of robbery.

17        Now, with respect to this count of the indictment the

18  state contends that on that date, January 22nd, 1996, while the

19  defendant was engaged in the commission of the crime of robbery –

20  which is count two of the indictment -- that the defendant shot

21  and killed Antonio Saraiva.

22        The section of the statute applicable to this case

23  reads in pertinent part as follows:

24        Criminal homicide constitutes murder when it is

25  committed when the actor is engaged in the commission of or

- CHARGE -                                                      34

1    attempt to commit or flight after committing or attempting to

2    commit robbery, and in the course of such crime or the

3    immediate flight therefrom causes the death of a person other

4    than one of the participants.

5          Now what I am going to do is go on to describe for

6    you, instruct you with respect to the law that applies to this

7    crime, the crime of felony murder.  And you will note that, as

8    I have already indicated to you, the indictment charges that

9    the defendant was the person who shot and killed Antonio

10   Saraiva during, during the commission of the robbery.  And that

11   is the general basis of the offense of felony murder.

12         It is the state's contention in the indictment that

13   the defendant, Marvin Mathis, was the person who committed the

14   murder, actually did the shooting, resulting in the death of

15   Antonio Saraiva.

16         But there is an alternate theory that the state has

17   presented with respect to this charge, and that is that the

18   defendant may be found guilty of the offense of felony murder

19   even if he was not actually the person who committed the murder

20   by shooting and killing Antonio Saraiva.

21         So first I am going to explain the concept of felony

22   murder from the perspective that it was the defendant who was

23   the person who shot and killed Antonio Saraiva during the

24   commission of the robbery.  Then I will discuss with you felony

25   murder as it applies to the circumstances where the defendant

- CHARGE -                                    35

1    participated in the robbery of Antonio Saraiva and that Antonio

2    Saraiva was shot and killed during that robbery but it was not

3    the defendant himself who was the person who was responsible

4    for doing the shooting.

5           So felony murder can be viewed from both of those

6    perspectives.

7           Keep in mind at all times while I am talking about

8    this I am talking about what the charges are.  It is for you to

9    determine whether the state has proven the facts beyond a

10   reasonable doubt to substantiate these charges.  I am talking

11   about what the charge is, what it is the state is contending

12   through the course of this trial.  It is, unquestionably, your

13   responsibility to make the determination as to whether the

14   facts presented by the evidence in this case support the

15   conclusion beyond a reasonable doubt that the state has proven

16   the elements necessary to substantiate its contentions with

17   respect to these crimes.  And I don't want you to lose sight of

18   that particular fact.  I am talking about the elements of the

19   offense that the state is required to prove and the contentions

20   that the state is making.

21          So remember now we are talking about, I am going to be

22   talking about felony murder, I am going to be talking about

23   from this perspective, from the perspective that the defendant

24   was the person who during the course of the robbery shot and

25   killed Antonio Saraiva.  Okay.

1   And, once again, the statute on which that is based

2   reads as follows:

3   Criminal homicide constitutes murder when it is

4   committed when the actor is engaged in the commission of or

5   attempt to commit or flight after committing or attempting to

6   commit robbery, and in the course of such crime or the

7   immediate flight therefrom causes the death of a person other

8   than one of the participants.

9   Generally it does not matter that the act which caused

10  death was committed recklessly or unintentionally or

11  accidentally.  The perpetrator is guilty of felony murder as he

12  would be if he had purposely or knowingly committed the act

13  which caused death.

14  In order for you to find the defendant guilty of

15  felony murder the state is required to prove beyond a

16  reasonable doubt from all of the evidence in the case all of

17  the essential elements of the crime charged.

18  Accordingly, before you can find the defendant guilty

19  of felony murder the state must prove beyond a reasonable doubt

20  that on or about January 22nd, 1996, the defendant was engaged

21  in the commission of the crime of robbery as charged in the

22  second count in the indictment; second, that the death of

23  Antonio Saraiva was caused by the defendant; third, that the

24  death of Antonio Saraiva was caused at some time within the

25  course of the commission of that crime including its aftermath

1  of flight and concealment efforts.

2        The first element requires the state to prove beyond a

3  reasonable doubt that the defendant was engaged in the

4  commission of or attempt to commit or flight after committing

5  or attempting to commit the crime of robbery.  I have already

6  defined the elements of that crime, the crime of robbery for

7  you, which the defendant is accused of having engaged in

8  committing in my instructions concerning count two.  You cannot

9  find the defendant guilty of felony murder unless you first

10  find him guilty beyond a reasonable doubt of having committed

11  or attempting to commit the crime charged in count two, that is

12  having committed the robbery.  The second and third elements

13  require the state to establish that the victim's death was

14  caused by the defendant and was caused during the commission of

15  or attempt to commit or flight after committing the crime of

16  robbery.

17        In order to meet its burden of proof as to the second

18  and third elements the state must prove beyond a reasonable

19  doubt the following:  That but for defendant's conduct in the

20  commission or the attempt to commit or flight after committing

21  the crime of robbery the victim would not have died.  In other

22  words, that the victim's death would not have occurred without

23  the commission of the robbery.  Second, that the victim's death

24  was a probable consequence of the commission of or attempt to

25  commit, or flight after committing, or attempting to commit,




1    the robbery.

2            In order for the death to be a probable consequence of

3    the crime of robbery the death must not have been too remote or

4    too accidental in its occurrence or too dependent upon

5    volitional acts to have a just baring on the defendant's

6    liability or the gravity of his offense.  In other words, you

7    must decide if the state has proven beyond a reasonable doubt

8    that under all the circumstances the death did not occur in

9    such an unexpected or unusual manner that it would be unjust to

10   find the defendant responsible for the death.

11           In conclusion, if you find after consideration of all

12   the evidence that the state has proven to your satisfaction

13   beyond a reasonable doubt each of these elements as I have just

14   explained them, one, that the defendant was engaged in the

15   commission of or attempt to commit or flight after committing

16   or attempting to commit robbery as charged in count two of the

17   indictment; two, that the death of Antonio Saraiva was caused

18   by the defendant; three, that the death of that person was

19   caused at some time within the course of the commission of that

20   crime, including its aftermath of flight and concealment

21   efforts, then you must find the defendant guilty of felony

22   murder.

23           On the other hand, if you find that the state has

24   failed to prove to your satisfaction beyond a reasonable doubt

25   any one or more of these elements, then you must find the

1   defendant not guilty of felony murder.

2          If the state has failed to prove beyond a reasonable

3   doubt that the defendant caused the death of the victim, then

4   the defendant should be found not guilty of all charged

5   homicide offenses, that is the defendant is not guilty of

6   murder.  If, however, you find that the defendant, beyond a

7   reasonable doubt, did cause the death of the victim, but the

8   state has failed to prove the defendant was engaged in the

9   course of the commission of or attempt to commit or the flight

10  after committing or attempting to commit the robbery, you would

11  nevertheless still consider whether the defendant did cause the

12  death of the victim as charged in count one, which is the

13  murder charge.

14         Basically what I am saying, this is a felony murder:

15  Felony murder has a predicate crime, that is you must determine

16  that the defendant committed the crime of robbery in order to

17  consider whether the defendant committed the crime of felony

18  murder.  There has to be a felony, a robbery, before you

19  consider felony murder.

20         If you find that the defendant was not guilty of the

21  crime of robbery, then, of course, you cannot find the

22  defendant guilty of the crime of felony murder.

23         That does not affect your consideration, though, of

24  count one of the indictment, which is consideration of the

25  crime of murder.  You must still, even if you were to find the

- CHARGE -                                    40

1  defendant not guilty of the felony murder because he didn't

2  commit the felony, the robbery, you must still consider whether

3  he committed the murder.  And remember, that's count one of the

4  indictment.  You still must consider count one of the

5  indictment.  But if you found in, if you found that the

6  defendant did not commit the crime of murder at all, you are

7  not convinced, you do not believe the evidence substantiates a

8  determination on your part beyond a reasonable doubt that he

9  committed the crime of murder, then he didn't commit the crime

10  of murder as charged in count one, he would also not have

11  committed the crime of murder as it relates to felony murder.

12  All right.

13        So that remember, however, that you must take into

14  consideration all, all of the charges that I explained to you

15  with respect to felony murder, all of the elements of that

16  offense, and what is required to be proven with respect to the

17  commission of a felony murder.  And consider that as a separate

18  crime.  I am just simply pointing out to you that felony murder

19  has a predicate, the robbery.  You can't have felony murder

20  without the robbery.  And if you found that the defendant was

21  not guilty of the robbery, then there would be no basis on

22  which to find a felony murder, because you would not have

23  found, then, that the felony, robbery, occurred.

24        Now I am going to get to the other theory that the

25  state has with respect to the felony murder.  The first

- CHARGE -                                           41

1    instruction that I gave you with respect to felony murder is

2    that the defendant was the person who shot and killed Antonio

3    Saraiva during the commission of the robbery.  I said that

4    there is an alternative theory, and that is that Antonio

5    Saraiva was shot and killed while the defendant alone or with

6    one or more persons was engaged in the commission of the

7    robbery as charged in count two of the indictment.

8            The section of the statute applicable to this case

9    reads in pertinent part as follows:

10           Criminal homicide constitutes murder when it is

11   committed when the actor either acting alone or with one or

12   more other persons is engaged in the commission of or attempt

13   to commit or flight after committing or attempting to commit

14   robbery, and in the course of such crime or the immediate

15   flight therefrom any person causes the death of a person other

16   than one of the participants.

17           Under this law it does not matter that the act which

18   caused the death was committed by a participant in the crime of

19   robbery other than defendant, or even by someone other than a

20   participant.  Nor does it generally matter that the act which

21   caused death was committed recklessly or unintentionally or

22   accidentally.  Each participant in the crime of robbery,

23   whether the participant himself caused the death or not, would

24   be guilty of felony murder.

25           In order for you to find the defendant guilty of

1    felony murder in this case the state is required to prove

2    beyond a reasonable doubt from all the evidence in the case

3    each of the following elements of the offense charged:   That on

4    or about January 22nd, 1996, the defendant was engaged in the

5    commission of robbery as charged in the second count; that the

6    death of Antonio Saraiva was caused at sometime within the

7    course of the commission of that crime, including its aftermath

8    of flight and concealment efforts.

9           The first element requires the state to prove beyond a

10   reasonable doubt that the defendant was engaged in the

11   commission of or attempt to commit or flight after committing

12   or attempting to commit the crime of robbery.   I have already

13   defined the elements of that crime, robbery, which the

14   defendant is accused of having engaged in committing in my

15   instructions on count two.

16          You cannot find the defendant guilty of felony murder

17   unless you first find him guilty beyond a reasonable doubt of

18   having committed the crime charged in count two, that is the

19   robbery.

20          The second element requires the state to establish

21   that the victim's death was caused during the commission of or

22   attempt to commit or flight after committing or attempting to

23   commit the crime of robbery.   In order to meet its burden of

24   proof in this regard the state must prove beyond a reasonable

25   doubt the following:   That but for defendant's conducted or the



- CHARGE -                                                43



1   conduct of one or more others with whom the defendant

2   participated in the commission of or attempt to commit or

3   flight after committing or attempting to commit the robbery the

4   victim would not have died.  In other words, that the victim's

5   death would not have occurred without the commission of the

6   robbery.  Second, that the victim's death was a probable

7   consequence of the commission of or attempt to commit or flight

8   after committing or attempting to commit the robbery.

9        In order for the death to be a probable consequence of

10  the robbery the death must not have been too remote or too

11  accidental in its occurrence or too dependent on another's

12  volitional acts to have a just baring on the defendant's

13  liability or the gravity of his offense.  In other words, you

14  must decide if the state has proven beyond a reasonable doubt

15  that under all the circumstances the death did not occur in

16  such an unexpected or unusual manner that it would be unjust to

17  find the defendant responsible for the death.

18       If you find after a consideration of all the evidence

19  that the state has proven to your satisfaction beyond a

20  reasonable doubt each of these elements of the offense charged

21  as I have just explained them to you, that is that the

22  defendant was engaged in the commission of or attempt to commit

23  or flight after committing or attempting to commit a robbery as

24  charged in count two, that the death of Antonio Saraiva was

25  caused at some time within the course of the commission of that

- CHARGE -                                    44

1   crime, including it's aftermath of flight and concealment, then

2   you must find the defendant guilty of felony murder.  On the

3   other hand, if you find that the state has failed to prove to

4   your satisfaction beyond a reasonable doubt any one or more of

5   these elements of the crime charged as I have explained them,

6   then you must find the defendant not guilty of felony murder.

7          The fourth count of the indictment charges the

8   defendant with the unlawful possession -- (pause) Let me start

9   that over.

10   The fourth count of the indictment charges the

11  defendant with the crime of possession of a weapon,

12  specifically a firearm, with a purpose to use it unlawfully

13  against the person of another.  The statute on which this count

14  of the indictment is based reads in pertinent part as follows:

15         Any person who has in his possession any firearm with

16  the purpose to use it unlawfully against the person of another

17  is guilty of a crime.

18         In order for you if find the defendant guilty of this

19  charge the state has the burden of proving beyond a reasonable

20  doubt each of the following four elements:  First, that there

21  was a firearm; second, that the defendant possessed the

22  firearm; third, that defendant possessed the firearm with a

23  purpose to use it against another person; fourth, that

24  defendant's purpose was to use the firearm unlawfully.

25         A firearm means any handgun.  And handgun specifically



- CHARGE -                                    45

1  means any pistol, revolver, or other firearm originally

2  designed or manufactured to be fired by the use of a single

3  hand.  Firearm also includes in its definition rifles,

4  shotguns, machine guns, automatic and semiautomatic rifles or

5  any gun, device or instrument in the nature of a weapon from

6  which may be fired or ejected any solid projectible ball, slug,

7  pellet, missile, or bullet, or any gas, vapor, or other noxious

8  things by means of cartridge or shell or by action of the

9  explosive or igniting of flammable or explosive substances.

10       The second element of this offense is that the

11  defendant possessed the firearm.

12       The word "possess" as used in criminal statutes

13  signifies a knowing intentional control of a designated thing

14  accompanied by a knowledge of its character.  Thus a person

15  must know or be aware that he possessed the item, in this case

16  a firearm, and the person must know what it is that he possess

17  or controls, that is that he controls a firearm.  This

18  possession cannot merely be passing control, that is fleeting

19  or uncertain in its nature.  In other words, to possess within

20  the meaning of the law the defendant must knowingly procure or

21  receive the item possessed or be aware of his control thereof

22  for a sufficient period of time to have been able to relinquish

23  control if he chose to do so.

24       A person acts knowingly with respect to the nature of

25  his conduct if he is aware that his conduct is of that nature.




- CHARGE -                                      46

1   And, as I have just indicated to you, possession must be

2   knowing, that is the person must be aware that his conduct is

3   of that nature.

4           A person may possess an item even though it was not

5   physically on him at the time of his arrest if the person had

6   in fact at some time prior to his arrest had control and

7   dominion over it.

8           When we speak of possession we mean a conscious

9   knowing possession.  The law recognizes two kinds of

10  possession, they are actual possession and constructive

11  possession.

12          A person is in actual possession of a particular

13  article or thing when he knows what it is, that is the person

14  has knowledge of its character, and he knowingly has it on his

15  person at a given time.  The law recognizes that possession may

16  be constructive instead of actual.

17          A person who, with knowledge of its character,

18  knowingly has direct physical control over a thing at a given

19  time is in actual possession of it.  Constructive possession

20  means possession in which the person does not physically have

21  the property, but though not physically on one's person, he is

22  aware of the presence of the property and is able to exercise

23  intentional control or dominion over it.  A person who,

24  although not in actual possession, has knowledge of its

25  character knowingly has both the power and the intention at a

1   given time to exercise control over a thing, either directly or

2   through another person or persons, is then in constructive

3   possession of it.

4         The law recognizes that possession may be sole or

5   joint.  If one person alone has actual or constructive

6   possession of a thing possession is sole; if two or more

7   persons share actual or constructive possession of a thing

8   possession is joint, that is if they knowingly share control

9   over the article.

10        The third element that the state must prove beyond a

11  reasonable doubt is that the defendant's purpose in possessing

12  the firearm was to use it against another person.

13        Purpose is a condition of the mind which cannot be

14  seen and can only be determined by inferences from conduct,

15  words, or acts.  In determining the defendant's purpose in

16  possessing a firearm you may consider that a person acts

17  purposely with respect to the nature of his conduct or a result

18  of his conduct if it is the person's conscious object to engage

19  in conduct of that nature or to cause such a result.  That is,

20  a person acts purposely if he means to act in a certain way or

21  to cause a certain result.  A person acts purposely with

22  respect to attendant circumstances if the person is aware of

23  the existence of such circumstances or believes or hopes that

24  they exist.

25        The defendant's purpose or conscious objective to use

- CHARGE -                                                      48

1   the firearm against another person may be found to exist at any

2   time he is in possession of the object and need not have been

3   defendant's original intent in possessing the object.

4          The fourth element that the state must prove beyond a

5   reasonable doubt is that the defendant had a purposes to use

6   the firearm in a manner that was prohibited by law.  I have

7   already defined purpose for you.  The mental element of purpose

8   to use a firearm unlawfully requires that you find that the

9   defendant possessed the firearm with the conscious objective,

10  design, or specific intent to use it against the person or

11  property of another in an unlawful manner as charged in the

12  indictment and not for some other purpose.

13         In this case the state contends that the unlawful

14  purpose in possessing the firearm was to threaten Mr. Antonio

15  Saraiva, to commit robbery of him, and or to inflict serious

16  bodily injury upon Antonio Saraiva.  The defense, on the other

17  hand, denies, the defendant denies that he had possession of

18  the weapon at all, and therefore did not possess it for any

19  purpose.

20         You must consider your own notions of the unlawfulness

21  of --

22         Let me start over.

23         You must not consider your own notions of the

24  unlawfulness of some other undescribed purpose of the defendant

25  but, rather, must consider whether the state has proven the

- CHARGE -                    49

1   specific unlawful purpose charged.  The state need not prove

2   which specific completed crime the defendant intended to commit

3   using the firearm.  The unlawful purpose alleged by the state

4   may be inferred from all that was said and done and from all of

5   the surrounding circumstances of this case.

6          If you are satisfied beyond a reasonable doubt that

7   the state has proven each of the elements of this offense as I

8   have defined them, then you must find the defendant guilty.

9   However, if you find that the state has failed to prove beyond

10  a reasonable doubt any one of the elements of this offense as I

11  have defined them then you must find the defendant not guilty.

12         Fifth count of the indictment charges that on January

13  22nd, 1996, in the City of Elizabeth, that the defendant

14  Antonio -- Marvin Mathis did knowingly possess a handgun

15  without having first obtained a permit to carry the same as

16  required by law.  That is, this is the charge of unlawful

17  possession of a handgun.

18         The pertinent language of the statute upon which this

19  count of the indictment is based reads as follows:

20         Any person who knowingly has in his possession any

21  handgun without first having obtained a permit to carry same is

22  guilty of a crime.

23         The crime with which the defendant in this case is

24  charged with having committed contains three essential

25  elements, all of which the state must prove beyond a reasonable




- CHARGE -                                     50

1   doubt:  First, that there was a handgun; second, that the

2   defendant knowingly possessed the handgun; third, that the

3   defendant didn't have a permit to possess such a weapon.

4          A handgun is any pistol, revolver, or other firearm

5   originally designed or manufactured to be fired by the use of a

6   single hand.

7          The second element is that the defendant knowingly

8   possessed the handgun.  And I have already defined knowing

9   possession for you in the last count.  The last count of the

10  indictment we talked about was possession of a weapon for

11  unlawful purpose.  An element of that offense was knowing

12  possession.  Knowing possession also applies with the same

13  definition to this offense.  So that the second element of this

14  charge is that the defendant knowingly possessed a handgun.

15         The third element that the state must prove is that

16  the defendant didn't have a permit to possess such a weapon.

17         If you find that the defendant knowingly possessed the

18  weapon, and that there is no evidence that the defendant had a

19  valid permit to carry such a weapon, then you may infer if you

20  think it appropriate to do so based on the facts presented that

21  the defendant had no such permit.  Note, however, that as with

22  all other elements the state bears the burden of showing beyond

23  a reasonable doubt the lack of a valid permit, and that you may

24  apply the inference only if you feel it appropriate to do so

25  under all the facts and circumstances.



1    If any one of the elements of the crime has not been

2  proven to your satisfaction beyond a reasonable doubt your

3  verdict must be not guilty.  If, on the other hand, you are

4  satisfied beyond a reasonable doubt that the defendant

5  knowingly possessed the handgun without a valid permit, then

6  your verdict must be guilty.

7    I had indicated to you earlier that I would be

8  charging you with respect to the idea, the concept of

9  accomplice liability, that is liability for another's conduct.

10    Accomplice liability, as it pertains to this

11  particular case, is relevant in your consideration of the first

12  two counts of the indictment, that is murder and robbery.  The

13  instruction that I will be giving you now are with respect to

14  this legal concept of liability for another's conduct, also

15  referred to as accomplice liability.

16    The state contends as an alternative to the

17  allegations of the indictment that the defendant was the

18  principal who committed the offenses of murder and robbery that

19  the defendant is legally responsible for the criminal conduct

20  of another person, that is Antwan Harvey, in violation of law

21  which reads in pertinent part as follows:

22    A person is guilty of an offense if it is committed by

23  his own conduct or by the conduct of another person for which

24  he is legally accountable, or both.  A person is legally

25  accountable for the conduct of another person when he is an

1    accomplice of such other person in the commission of the

2    offense.  A person is an accomplice of another person in the

3    commission of an offense if, with the purpose of promoting or

4    facilitating the commission of the offense he, (A) solicits

5    such other person to commit it, and or (B) aides or agrees or

6    attempts to aid such other person in planning or committing it.

7    This provision of the law means that not only is the person who

8    actually commits the criminal act responsible for it, but one

9    who is legally accountable as an accomplice is also

10   responsible.

11          Now, this responsibility as an accomplice may be equal

12   and the same as he who commits, actually committed the crime,

13   or there may be responsibility in a different degree, depending

14   upon the circumstances as you find them to be.  What that means

15   is that a person may be guilty as an accomplice to the same

16   degree as the person who is the principal who committed the

17   offense, or a person may be guilty as an accomplice to a lesser

18   degree than the person who committed the offense.

19          I will be discussing this with you in more detail.

20   But in this particular case what we will be talking about is

21   the concept that the defendant is guilty of the crime of murder

22   as an accomplice to Antwan Harvey.

23          You will be considering the elements of the offense of

24   murder, and you will be considering my instructions as

25   accomplice to murder.  But as you will remember, when I




1    discussed the offense of murder, we talked about murder, we

2    talked about aggravated manslaughter, and we talked about

3    reckless manslaughter.  A person may be guilty as an accomplice

4    of the same offense which the principal committed, or based

5    upon the circumstances, and I will be describing that to you

6    later, may be guilty as an accomplice of the lesser included

7    offense.  That is, you may determine that one person, the

8    principal, acted with requisite mental state to commit a

9    murder, but the accomplice had a different mental state, that

10   his mental state supported, supports in your determination that

11   he acted as an accomplice to commit lesser offense of

12   aggravated manslaughter or reckless manslaughter.

13            Similarly, that could apply to the crime of robbery.

14   You may find that the principal committed the crime of robbery

15   because you are satisfied those elements of that offense took

16   place, were proven to your satisfaction beyond a reasonable

17   doubt, and that sufficient proofs to find beyond a reasonable

18   doubt that it was first degree robbery, but your consideration

19   of the accomplice is that his participation was not to the same

20   degree as the principal's, that is the principal committed a

21   first degree robbery, but that the accomplice committed a

22   second degree robbery.

23            Now, having said that you can consider that the

24   accomplice committed the lesser I don't mean to exclude that

25   you cannot consider that the accomplice also committed the





- CHARGE -                                                      54

1  greater offense.  You may consider that both the principal and

2  the accomplice committed the offense and that both are

3  responsible to the same degree, that is both committed the

4  murder, both committed first degree robbery, or one or the

5  other.

6       So that the idea of accomplice liability essentially

7  means that you must consider the accomplice status separately

8  as to each of the offenses.

9       Let me get back to the instructions with respect to

10 accomplice liability.

11      In this case the state alleges that the defendant is

12 equally guilty of the crimes committed by Antwan Harvey because

13 the defendant acted as his accomplice with the purpose that

14 that specific crime charged be committed.

15      In order to find the defendant guilty of the specific

16 crimes charged the state must prove beyond a reasonable doubt

17 each of the following elements:  First, that Antwan Harvey

18 committed the crimes of murder and robbery in the first degree.

19 And I have already described those crimes to you.  Second, that

20 this defendant, Mr. Mathis, solicited Antwan Harvey to commit

21 those offenses, or he did aid or agree or attempt to aid Antwan

22 Harvey in planning or committing them.  Third, that this

23 defendant's purpose was to promote or facilitate the commission

24 of the offenses.  Fourth, that this defendant possessed the

25 criminal state of mind that is required to be proved against

1  the person who actually committed the criminal act.

2          Remember that one acts purposely with respect to his

3  conduct or a result thereof if it is his conscious object to

4  engage in conduct of that nature or to cause such a result.

5          Solicit means to strongly urge, suggest, lure, or

6  proposition.  Aid means to assist, support, or supplement the

7  efforts of another.  Agree to aid means to encourage by promise

8  of assistance or support.  Attempt to aid means that a person

9  takes substantial steps in a course of conduct designed to or

10 planned to lend support or assistance in the efforts of another

11 to cause the commission of a substantive offense.

12         If you find that the defendant with a purpose of

13 promoting or facilitating the commission of the offenses

14 solicited Antwan Harvey to commit them, and or aided or agreed

15 or attempt to aid him in planning or committing them, then you

16 should consider him as if he committed the crimes himself.

17         Remember, you are considering the two crimes, murder

18 and robbery, separately as it pertains to accomplice status.

19         To prove the defendant's criminal liability the state

20 does not have to prove his accomplice status by direct evidence

21 of a formal plan to commit a crime.  There does not have to be

22 a verbal agreement by all who are charged.  The proof may be

23 circumstantial.  Participation and agreement can be established

24 from conduct as well as spoken word.

25         Mere presence at or near the scene does not make one a

- CHARGE -                                    56

1    participant in the crime, nor does the failure of a spectator

2    to interfere make him a participant in the crime.  It is,

3    however, a circumstance to be considered with the other

4    evidence in determining whether he was present as an

5    accomplice.   Presence is not in itself conclusive evidence of

6    that fact.  Whether presence has any probative value depends

7    upon the total circumstances.

8          To constitute guilt there must exist a community of

9    purpose and actual participation in the crime committed.  While

10   mere presence at the scene of the perpetration of a crime does

11   not render a person a participant in it, proof that one is

12   present at the scene of the commission of the crime without

13   disapproving or opposing it is evidence from which in

14   connection with other circumstances it is possible for the jury

15   to infer that he assented thereto, lent to it his countenance

16   and approval, and was thereby aiding the same.  It depends upon

17   the totality of the circumstances as those circumstances appear

18   from the evidence.

19         An accomplice may be convicted on proof of the

20   commission of the crime or of his complicity therein even

21   though the person who it is claimed committed the crime has not

22   been prosecuted, has been convicted of a different offense or

23   degree of offense, or has immunity from prosecution or

24   conviction, or has been acquitted.

25         Remember that this defendant can be held to be an



- CHARGE -                                          57

1  accomplice with equal responsibility only if you find as a fact

2  that he possessed the criminal state of mind that is required

3  to be proved against the person who actually committed the

4  criminal acts.  In order to convict the defendant as an

5  accomplice to the specific crimes charged you must find the

6  defendant had the purpose to participate in that particular

7  crime.  He must act with a purpose of promoting or facilitating

8  the commission of the substantive crimes with which he is

9  charged.  It is not sufficient to prove only that the defendant

10  had knowledge that a person was going to commit the crimes

11  charged.  The state must prove that it was defendant's

12  conscious object that the specific conduct charged be

13  committed.

14        In sum, in order to find the defendant guilty of

15  committing the crimes of murder and robbery as an accomplice

16  the state must prove each of the following elements beyond a

17  reasonable doubt:  That Antwan Harvey committed the crimes of

18  murder and robbery; that this defendant solicited him to commit

19  them and or did aid or agree or attempt to aid him in the

20  planning or committing them; that this defendant's purpose was

21  to promote or facilitate the commission of the offenses; that

22  this defendant possessed the criminal state of mind that is

23  required to be proved against the person who actually committed

24  the criminal act.

25        Remember, you are to consider accomplice separately as







1   to each charge.

2          If you find that the state has proven each one of the

3   elements as described above beyond a reasonable doubt, then you

4   must find the defendant guilty of murder and robbery in the

5   first degree.

6          If, on the other hand, you find the state has failed

7   to prove one or more of these elements beyond a reasonable

8   doubt, then you must find the defendant not guilty of the

9   crimes charged.

10          And with respect to this offense, as with all the

11   offenses, your verdicts must be unanimous, which means all

12   twelve of you must agree as to guilty or not guilty.

13          Now, as I have previously indicated, you will

14   initially consider whether defendant should be found not guilty

15   or guilty of acting as an accomplice of Antwan Harvey with full

16   and equal responsibility for the specific crimes charged,

17   murder and robbery in the first degree.  If you find the

18   defendant guilty of the specific charges you need not consider

19   any lesser charges.  If, however, you find the defendant not

20   guilty of acting as an accomplice of Antwan Harvey on the

21   specific crimes charged, then you should consider whether

22   defendant did act as an accomplice but with a purpose of

23   promoting or facilitating the commission of some lesser offense

24   than the actual crime charged in the indictment.

25          Our law recognizes that two or more persons may

- CHARGE -                                                59

1    participate in the commission of an offense, but each may

2    participate therein with a different state of mind.  The

3    liability or responsibility of each participant for any ensuing

4    offense is dependent on his own state of mind and not on anyone

5    else's.

6            Guided by these legal principles, if you have found

7    the defendant not guilty of the specific crime charged, you

8    should then consider whether the defendant is guilty or not

9    guilty as an accomplice of the lesser charge of aggravated

10   manslaughter and reckless manslaughter as it pertains to the

11   murder charge and robbery in the second degree as it pertains

12   to the robbery charge.  And I have already defined those

13   offenses for you.

14           In considering whether the defendant is guilty or not

15   guilty as an accomplice of these lesser charges remember that

16   each person who participates in the commission of an offense

17   may do so with a different state of mind, and the liability or

18   responsibility of each person is dependent upon his own state

19   of mind and no one else's.  Therefore, in order for you to find

20   the defendant guilty of a lesser offense of aggravated

21   manslaughter, or reckless manslaughter, or robbery in the

22   second degree, the state must prove beyond a reasonable doubt

23   that Antwan Harvey committed the crime of murder as alleged in

24   the indictment, or the lesser offense of aggravated

25   manslaughter, reckless manslaughter.  As it pertains to the

- CHARGE -                                          60



1   robbery charge, the stated must prove that Antwan Harvey

2   committed the crime of robbery as alleged in the indictment or

3   the lesser offense of robbery in the second degree.  That this

4   defendant, that is Mr. Mathis, solicited Antwan Harvey to

5   commit the lesser offenses, that is either aggravated

6   manslaughter, reckless manslaughter, or robbery in the second

7   degree, and or did aid or attempt to aid -- did aid or agree or

8   attempt to aid him in the planning to commit the lesser

9   offenses.  That the defendant's purpose was to promote or

10  facilitate the commission of the lesser included offense.  And,

11  fourth, that the defendant possessed the criminal state of mind

12  that is required for the commission of the lesser offense.



13           Remember with respect to this, taking into

14  consideration accomplice status as to lesser offense, you will

15  consider murder as the offense, and whether the defendant would

16  be, if you determine he was not guilty as an accomplice of

17  murder, then whether he is guilty as an accomplice to the

18  lesser offenses of aggravated manslaughter, reckless

19  manslaughter.  And then go through the same analysis with

20  respect to robbery.  If you found that the defendant was not

21  guilty as an accomplice to the robbery, then you may consider

22  whether he is guilty, whether he is guilty as an accomplice to

23  the lesser offense of robbery in the second degree.

24           If you find that the state has proven the elements

25  beyond a reasonable doubt, then you will find the defendant






1    guilty.  If, on the other hand, you find the state has failed

2    to prove one or more of the elements beyond a reasonable doubt,

3    then you must find the defendant not guilty.

4          As I have already mentioned, your determination as to

5    the guilt or innocence of the defendant must be unanimous, all

6    twelve of you must agree upon the decision.

7          That concludes my instructions as to the principles of

8    law regarding the offenses charged in the indictment.

9          There is nothing different in the way a jury is to

10   consider the proof in a criminal case from that in which all

11   reasonable persons treat any questions depending upon evidence

12   presented to them.  You are expected to use your own good

13   common sense, consider the evidence for only those purposes for

14   which it has been admitted, and give it a reasonable and fair

15   construction in light of your knowledge of how people behave.

16         It is the quality of the evidence, not simply the

17   number of witnesses that control.

18         Anything that has not been marked into evidence cannot

19   be given to you in the jury room, even though it may have been

20   marked for identification.  Only those things that have been

21   marked in evidence will be given to you.

22         Very shortly you will go to the jury room to commence

23   your deliberations.  You are to apply the law as I have

24   instructed you to the facts as you find them to be for the

25   purpose of arriving at a fair and correct verdict.  The verdict

- CHARGE -                                      62

1   must represent the considered judgment of each juror and must

2   be unanimous as to each charge.  This means that all of you

3   must agree if the defendant is guilty or not guilty of each

4   charge.

5        It is your duty as jurors to consult with one another

6   and deliberate with a view to reaching an agreement, if you can

7   do so without violence to individual judgment.  Each of you

8   must decide the case for yourself, but do so only after an

9   impartial consideration of the evidence with your fellow

10  jurors.  In the course of your deliberations do not hesitate to

11  re-examine your own views and change your opinion if convinced

12  it is erroneous, but do not surrender your honest conviction as

13  to the weight or effect of evidence solely because of the

14  opinion of your fellow jurors or for the mere purpose of

15  returning a verdict.

16       You are not partisans, you are judges, judges of the

17  facts.

18       With respect to each charge you may return a verdict

19  of either not guilty or guilty.  But, as I have indicated, you

20  must be unanimous as to the determination with respect to each

21  charge, all twelve must agree.

22       I am going to have the court clerk distribute to you

23  at this point a verdict sheet.  The verdict sheet is something

24  that I have prepared, and it is not evidence in this case, it

25  is not to be considered as evidence in this case.  It is also



1   not a substitute for the instructions which I have provided

2   you.   Those instructions must be considered in their entirety.

3   It is a form that I have prepared for your use to review and

4   have with you in the jury room to insure that you covered all

5   of the charges that you must take into consideration, make sure

6   that you are reporting a verdict with respect to all of the

7   charges you must consider.   It is also a guide, it's a guide

8   for that use.   It's also a guide that your foreperson is going

9   to be able to use, because when you are brought back into the

10  courtroom having reached a verdict the foreperson will have to

11  tell us what the verdict is, and this verdict sheet will enable

12  the foreperson to tell us what the verdict is.   So remember,

13  it's only a guide.   It's not evidence and it's not a substitute

14  for my instructions.

15          But I am going to have the clerk distribute it to you

16  now, let you look at it.   I will go over it with you, and ask

17  you to pass it back.

18          (Pause in the proceedings.)

19          THE COURT:   First of all, you will note at the top

20  simply indicates the name of the case, the indictment number,

21  and the fact this is a verdict sheet.

22          Let me also point out before I go through the sheet

23  with you that I have numbered the various items contained on

24  this sheet with a numbering system.   That relates to the count

25  of the indictment.

- CHARGE -                                          64

1          So that count one of the indictment was murder.   The

2     questions and topics on the verdict sheet that relate to murder

3     are 1A through D.

4          Robbery is the second count of the indictment.   The

5     second item on this sheet are number two on the sheet, and the

6     questions that relate to number two, 2A and 2B, robbery, goes

7     that way, tracking the count numbers as they appear in the

8     indictment.

9          That is not in any way an instruction to you in what

10    order you are to consider the charges.   That is entirely up to

11    you.   You can organize your deliberations and discussions in

12    any fashion you wish.   The verdict sheet, as I said, is not

13    intended to be a guide to you in that regard to require you to

14    consider the charges in any particular fashion.   It's up to you

15    to conduct your discussions in any way you feel comfortable

16    doing so.   I have simply used the numbering system to relate to

17    the numbers as they, that they are in the indictment so that

18    when the verdict is returned to the court, and the foreperson

19    is reading the verdict, it will be read in that order.   So that

20    the first thing that will be addressed is the first count of

21    the indictment, down to count five of the indictment.   That's

22    really the only reason for the numbering system that I have.

23    Not to direct you as to how to conduct your deliberations.

24          Having said that, let me remind you, however, when we

25    get to count three, remember count three, felony murder, and

- CHARGE -                                                    65





1    remember there has to be a felony in order for there to be a

2    felony murder.  So that it is necessary -- you cannot find a

3    person guilty of a felony murder without first having found

4    that person guilty beyond a reasonable doubt of the felony.  So

5    let me get to that as we get to count three.

6          Count one, as I mentioned, is the murder charge.  The

7    notes that appear in parenthesis are for your guidance, but

8    they are not a substitute for the instruction I gave you.

9    Instructions must be considered in their entirety.

10          But you will consider with respect to the murder

11   charge questions 1A and 1B.  1A relates to that portion of the

12   murder charge which addressed purposely or knowingly causing

13   the death of the victim.  1B relates to the murder charge, as

14   my instruction described, purposely or knowingly causing

15   serious bodily injury upon the victim resulting in death.  And

16   your choices with respect to this, these two questions, is

17   either not guilty or guilty.  You must be unanimous.

18          If your decision is not guilty on 1A and 1B, you will

19   then go on to consider the lesser included offense of

20   aggravated manslaughter, which is 1C.  If your decision is

21   guilty on 1A or 1B, or both of them, and that's, those are the

22   possibilities -- you could be guilty of 1A, guilty on 1B,

23   guilty on both.  Then you will not consider the lesser included

24   offense of aggravated manslaughter, question 1C.

25          But if you have gotten to 1C, if it is appropriate for




1    you to have considered 1C and you find the defendant guilty of

2    1C, aggravated manslaughter, then you go on to consideration of

3    other offenses.  There is no need then to consider 1D.  But if

4    you have decided that the defendant is not guilty of 1C,

5    aggravated manslaughter, you then will go on to consider

6    reckless manslaughter, which is question 1D.

7          That's all spelled out for you.  As you read through

8    the form you will see that it instructs how you are to go

9    through it.  Let me also remind you that with respect to the

10   offense of murder, I have instructed you both on the charge of

11   murder as the defendant was the principal who committed the

12   offense and accomplice liability.  So you are to consider, you

13   may consider defendant's culpability as either the principal or

14   accomplice with respect to the charge of murder.

15         And if you will turn the page, page two, also that

16   applies to count of robbery.  You will consider under the

17   robbery count whether the defendant is guilty of the offense of

18   robbery.  If you have determined that he is not guilty of

19   robbery, you don't have to consider, you will not consider

20   questions in 2A and 2B, you will just go on to three, or

21   whatever other question you choose to go on to.  But if the

22   defendant is guilty of robbery, then you would consider the

23   other two questions, question set forth 2A if guilty of

24   robbery, did defendant purposely inflict or attempt to inflict

25   serious bodily injury on Antonio Saraiva, consider question 2B

- CHARGE -                                    67

1   if guilty of robbery was the defendant armed with and or

2   threatened the immediate use of a deadly weapon.  Those are the

3   two questions that will take your consideration to robbery in

4   the first degree.  Either of those two would elevate the crime

5   to a robbery of the first degree.

6          Question three addresses the felony murder.  And what

7   is important for you to remember, as I have noted, is that

8   there must be a determination of guilt on the robbery before

9   considering the felony murder.

10         Question four and five are the weapons related

11  offenses; four is the possession of a firearm for unlawful

12  purpose, and five is the unlawful possession of a handgun.

13         All right.  As I said, you will have a copy of this

14  verdict sheet with you in the jury room.  It will assist you in

15  making sure you covered everything you have to cover.  It will,

16  I hope, assist also your foreperson in reporting the verdict to

17  us.

18         All right.  I will ask that you pass the forms back

19  down so the clerk can collect them.

20         Let me discuss with you the matter if you have any

21  questions or need further instructions during your

22  deliberations.

23         If that situation should arise, if you do have a

24  question or you feel that you need further instructions from

25  me, please write your question or your request on a piece of







1   paper, knock on the jury room door, one of the sheriff's

2   officers will answer the door, and you can hand the question to

3   the person.   While you are deliberating, that's the way you

4   communicate with the court:   You write out whatever the request

5   is, knock on the door and give it to the officer.   Don't just

6   open the door and come back out into the courtroom.   You have

7   to communicate in writing, and you have to wait for somebody to

8   answer the door for you.   If you do have a question, or you

9   feel the need for some additional instructions, write it out,

10  but don't indicate in your note what, where you stand or what

11  your count is, what the vote may be on any particular count of

12  the indictment.   That's not something that should be contained

13  in the question or your request for additional instructions.

14        When you have a verdict, you communicate with the

15  court the same way:   You knock on the door, one of the officers

16  will answer the door, you will tell the officer that you have a

17  verdict.   You don't tell the officer what the verdict is, and

18  you don't give the officer the verdict sheet.   The foreperson

19  will keep the verdict sheet.   And you will be brought into

20  court then so that we can receive the verdict.

21        All right.   Counsel wish to be heard?

22        MR. FLORCZAK:  Yes, your Honor.

23        MR. KOLANO:  Yes, your Honor.

24  (PROCEEDINGS AT SIDE BAR).

25        MR. FLORCZAK:  Maybe I missed accomplice testimony,

- CHARGE -                                                69

1   charge regarding accomplice testimony.

2          THE COURT:  We did.  We didn't discuss what to do with

3   that.  Okay.

4          MR. FLORCZAK:  I would consider the court giving that

5   charge.

6          MR. KOLANO:  Okay.

7          THE COURT:  I don't have that charge with me.  I have

8   to get it.

9          MR. FLORCZAK:  I don't know.  See, this may be a

10  little old.

11         THE COURT:  I believe this is it.  4100, the old model

12  charge.

13         MR. FLORCZAK:  I just note word accomplice is not

14  used.

15         THE COURT:  I am going to talk about co-defendants,

16  really what they were co-defendants, Diggs cousins.

17         MR. KOLANO:  Yes.

18         THE COURT:  I will mention that it applies to both of

19  them.  Okay.

20         MR. KOLANO:  I have a few things.

21         One, I will request flight charge.  They ran from the

22  scene.  That certainly indicates, we didn't bring that up, but

23  I think it's there, so I am requesting a flight charge.

24         THE COURT:  You don't happen to have flight with you.

25  Do you?

- CHARGE -                                    70

1          MR. KOLANO:  No.  But if you want it, I can get it.

2          THE COURT:  No.  I mean I didn't bring it out with me.

3          MR. KOLANO:  No.  I am sorry.

4          On robbery, since it also involves an attempt, I would

5     ask that you advise them specifically that it is not a

6     necessary element that anything be actually taken, if you find

7     that the robbery occurs in the course of attempt, and also

8     there need not be asportation, nothing has to be taken and

9     removed.

10          THE COURT:  Carrying away, isn't that what that means?

11          MR. FLORCZAK:  I thought the court had explained.

12          THE COURT:  I talked about attempt.  I will go back.

13     If you say attempt to commit a robbery means that doesn't have

14     to be a completed act of actually having something taken,

15     that's what attempt means.

16          MR. KOLANO:  Let's see.  In terms of accomplice of

17     robbery there is the state versus Williams, which -- I am

18     sorry.  It is necessary -- a person may be guilty of a first

19     degree crime of armed robbery though the possession of a weapon

20     by his accomplice.  It is necessary, however that the unarmed

21     accomplice to the robbery be shown to have had the purpose to

22     promote or facilitate robbery with the use of a firearm.

23          I would ask that also be given, so the jury be clear,

24     if the gun is with Antwan Harvey that this defendant can still

25     be guilty as accomplice of the armed robbery.




- CHARGE -                                    71

1        Felony murder, when your Honor deviated from the model

2  charge.  Marvin Mathis did the murder, that's true.  But in the

3  context of felony murder.  Our position is he did the killing

4  of him.  And I am afraid, especially given the felony murder,

5  this jury thinks there needs to be a felony murder.

6        THE COURT:  A felony killing.

7        MR. KOLANO:  I would ask you to clarify as relates to

8  felony murder not necessary that it actually be murder.  May be

9  applicable to aggravated manslaughter, manslaughter, or even

10 unintentional or accidental killing.

11       THE COURT:  That's what the charge says.

12       MR. FLORCZAK:  I thought that clearly stated in the

13 charge.  I would object to any further going into it.  Clearly

14 indicates it doesn't have to be murder.

15       MR. KOLANO:  But I think, just by instinct, when the

16 judge gave the instruction it indicated murder.  State's

17 position that Marvin Mathis --

18       THE COURT:  I talked about felony murder, and then I

19 might have misled them.

20       MR. FLORCZAK:  Judge, before he gives any other, I

21 might as well put in my objection to the prior one, about the

22 weapons.  I think that was covered.  He asks additional charge

23 and citing a case.

24       MR. KOLANO:  This also said that robbery is a

25 predicate crime to see if the defendant committed the murder.

1   So, again, just a reference to murder.

2          Okay.  You said it was the state's position that

3   Marvin Mathis was the principal in the robbery.  And gave

4   alternate positions.  State's position is that Antwan and

5   Marvin are both principal and both accomplices of each other.

6   I don't want them to think that our position is kind of

7   wishy-washy, because our position, as it was in my summation,

8   both went up there.  And then obviously Diggs cousins would be

9   accomplices to both.  But I would ask you to clarify our

10  position, both are principals to robbery and accomplices to

11  each other as relates to other.  Our position is Marvin shooter

12  as relates to murder.

13         That's it.

14         MR. FLORCZAK:  How late will you keep them here?

15         MR. KOLANO:  My position, let the jury decide.  As

16  long as they don't send out a note saying we want to go home we

17  should work late.  Especially in this courtroom tomorrow will

18  be logistical Hades.

19         THE COURT:  We have done that here before, having

20  sentencing and the jury at the same time.  I mean the way it's

21  done they use the jury room, and the inmates who are being

22  sentenced are brought over in small groups like two or three at

23  a time.  And attorneys speak with them in the courtroom.  And

24  then they are sentenced and taken out.  So that we don't have

25  too many people in custody in the room in case they knock on

- CHARGE -                                                73

1    the door we can get people out quickly.  But it slows

2    sentencing, because we bring them over two at a time.

3           Probably around four o'clock kind of see what they

4    want to do.

5           MR. FLORCZAK:  I just want to make -- I have

6    appointments scheduled 5:30, six o'clock.

7           THE COURT:  Four o'clock, then, would be enough time

8    for you to know.  If we ask them at four, they say they want to

9    stay, you will know.  If they want to go home, you can get to

10   your appointments okay.

11          MR. KOLANO:  Accomplice person may be be guilty of

12   first degree --.

13          It is necessary, however, that the unarmed accomplice

14   to the robbery be shown to have a purpose to promote or

15   facilitate robbery with the use of a firearm.

16          I don't know if your Honor's code is up there.  Page

17   398.

18          Flight charge and felony murder.

19          It is state's position on the slayer participant that

20   he committed the robbery and the killing, so that it would be

21   sufficient if aggravated manslaughter or even accidental --

22          MR. FLORCZAK:  I think that has been made clear.

23   (SIDE BAR TERMINATED):

24          THE COURT:  All right.  Ladies and gentlemen, just a

25   few things that I want to address with you that were pointed

- CHARGE -                                    74

1    out by counsel that may have caused some confusion for you.

2            Let me talk about accomplice as it relates to robbery

3    and the idea that a person can be serving as an accomplice of

4    another in the commission of a first degree robbery.

5            A person may be guilty of robbery in the first degree

6    even, even if the accomplice was unarmed, if the principal was

7    armed and if the accomplice had the same, had the, had the

8    purpose to, had as his purpose that the robbery would be

9    committed with the firearm.  So a person can --

10           This is similar to the concept, or the concept of

11   joint possession of a weapon.  Although one person may have

12   actual physical possession of the weapon, both persons may have

13   had the same state of mind that the robbery was going to be

14   committed with the firearm.  And so that both could be then

15   guilty, principal and the accomplice, guilty of a first degree

16   robbery, even though a person happen to be the unarmed person,

17   the unarmed accomplice.

18           Also, with respect to felony murder, I had explained

19   to you that it is necessary that the predicate crime, the

20   felony, robbery in this case, be proven to your satisfaction,

21   proved beyond a reasonable doubt, as a prerequisite, that has

22   to be determined first, before you can go on to consider felony

23   murder.

24           What I do want to repeat for you is with respect to

25   the second part of that phrase, murder.  And it does not matter



- CHARGE -                                            75

1    that the act which caused death was committed recklessly or

2    unintentionally or accidentally.  So that when I am using the

3    term, when I talk about the robbery I mean the robbery with

4    which the defendant is charged, which is count two of the

5    indictment, as the predicate crime, the thing that has to be

6    found first.  What I am talking about, the murder, as in the

7    words felony murder, we are not talking about count one of the

8    indictment; we are talking about back to the language of the

9    statute, that while engaged in that predicate crime, that is

10   the commission of the robbery, or the attempt to commit the

11   robbery, or flight after committing the robbery, or attempting

12   to commit it, caused the death of a person other than one of

13   the participants.  It does not matter that the act which caused

14   death was committed recklessly, unintentionally, or

15   accidentally.

16           With respect to the testimony, I talked about

17   testimony of other persons who did testify with respect to this

18   case.  I want to address now for the moment the testimony of

19   the two Miss Diggs who testified, that is April Diggs and Renee

20   Diggs.  Each of those persons are, were co-defendants of the

21   defendant Marvin Mathis with respect to this case, each has

22   admitted their guilt and testified on behalf of the state.

23           The law requires that the testimony of such a witness

24   be given careful scrutiny.  In weighing the testimony of a

25   co-defendant, therefore, you may consider whether she has a




1   special interest in the outcome of the case and whether her

2   testimony was influenced by the hope or expectation of any

3   favorable treatment or reward, or by any feelings of revenge or

4   reprisal.  If you believe the witness to be credible and worthy

5   of belief you have a right to convict the defendant on her

6   testimony alone provided, of course, that upon a consideration

7   of the whole case you are satisfied beyond a reasonable doubt

8   of the defendant's guilt.

9        Also with respect to this case, there has been

10  testimony from which you may infer that the defendant fled

11  shortly after the alleged commission of the crime.  The

12  defendant denies that his leaving the scene constituted flight

13  from the commission of a crime.  The question of whether the

14  defendant fled after the commission of the crime is another

15  question of fact for your determination.

16       Mere departure from a place where a crime has been

17  committed does not constitute flight.

18       If you find that the defendant fearing that an

19  accusation or arrest would be made against him on the charge

20  involved in the indictment took refuge in flight for the

21  purpose of evading accusation or arrest on that charge then you

22  may consider such flight in connection with all the other

23  evidence in the case as an indication or proof of consciousness

24  of guilt.  Flight may only be considered as evidence of

25  consciousness of guilt if you should determine that the





- CHARGE -                                    77

1    defendant's purpose in leaving was to evade accusation or

2    arrest for the offense charged in the indictment.

3            Next order of business is going to be the selection of

4    those two persons who are going to be the alternates.   That is

5    done by a random drawing.

6            MR. KOLANO:   May we approach off the record?

7            THE COURT:   Yes.

8            (Side bar off the record).

9            THE COURT:   I want to get back to the crime of

10   robbery.   I indicated to you that one of the elements of the

11   offense of robbery was that the defendant was in the course of

12   committing a theft.   In this connection you are advised an act

13   to be in the course of committing a theft if it occurs in an

14   attempt to commit the theft, during the commission of the theft

15   itself, or in immediate flight after the attempt or commission.

16           I may have stumbled over that or not correctly read

17   that to you when I was charging you with respect to this.   But

18   so that's why I repeated that particular aspect.   I don't want

19   you to take my repeating of it as placing any emphasis on it.

20   It is simply called to my attention that I may have misspoken

21   or given some other impression as to what is involved with

22   respect to robbery.

23           That phrase in the course of committing a theft means

24   in an attempt to commit the theft, during the commission of the

25   theft itself, or in immediate flight after the attempt.





1    Now we will get on to select alternates.  I was

2  beginning to explain to you the procedures that are employed.

3  All fourteen of your names are on the slips of paper that were

4  used originally when the jury was selected.  Slips of paper are

5  back in the back in the wooden box.  One of the officers is

6  going to draw two names out.  Those two persons are going to be

7  the alternates.

8    If your name is selected as an alternate I would ask

9  that you go back into the jury room, pick up any personal items

10  that you may have, come out, and then take a seat in the

11  courtroom in the audience area, somewhere close to the jury

12  box.

13    I would ask the officer to draw two names.

14    OFFICER:  Carmen Dasilva.

15    THE COURT:  Juror number 365, in seat number ten.

16    OFFICER:  Leonard Farmer, juror 284.

17    THE COURT:  Juror in seat number three.

18    The alternates are not excused as jurors.  Alternates

19  will be kept in separate location, in case it does become

20  necessary to substitute one or both of the alternates for other

21  jurors during the course of the deliberations.

22    I, therefore, instruct the two alternates not to

23  discuss the case between themselves, not to engage in

24  discussions of the case with any other person.  If it is

25  necessary to substitute an alternate during deliberations, I

- CHARGE -                                    79

1   will have further instructions for the jurors and the

2   alternates at that time.

3          We will have the alternates in court if there happens

4   to be any question from the jury or request for additional

5   instructions.  Also, when we have a verdict in the case we will

6   be sure that the alternates will be present for the verdict.

7          The juror in seat number one, Miss Spencer Franklin,

8   remains there.  Because you sit in seat number one you get to

9   be the foreperson of the jury.  It's not a particularly

10  difficult task.  Let me just explain to you what it does mean.

11         It is the responsibility of the foreperson to lead the

12  deliberations and also to tell us what the verdict is when you

13  have reached a verdict and come back out into court.  Let me

14  just explain that process to you.

15         When you have a verdict, as I have explained, knock on

16  the door, one of the officers will answer, you will simply say

17  we have a verdict, but not what the verdict is.  Foreperson

18  will have the verdict sheet on which the verdict will have been

19  noted as to what the jury's decision was on each of the

20  questions that's appropriate to answer.  You will be brought

21  back into the courtroom.

22         When you come in I would ask that you take the seats

23  that you are in.  Any time you are brought back into the

24  courtroom take the same seats you presently have, that is seat

25  number three and seat number ten will be left vacant.  Don't

- CHARGE -                                      80

1   fill in.

2           The clerk will ask the foreperson if a verdict has

3   been reached, and if the verdict is unanimous.  And then using

4   the verdict sheet as a guide go question by question through

5   the verdit sheet and ask the foreperson to say what the verdict

6   was on a particular count or question.

7           Once the foreperson reports the verdict, if requested,

8   the jurors may be polled, and that is simply ask if they agree

9   with the verdict as it was read by the foreperson, and each of

10  you will be asked that question Do you agree with the verdict

11  as it was read, and you will indicate, yes or no, that you

12  either do agree with it as the foreperson read it or you don't

13  agree with it.

14          Now, in a few moments I am going to excuse you to the

15  jury room.

16          We are beyond the point at which we would normally

17  have taken a break, so before you start your deliberations I am

18  going to give you the opportunity for a break.  I will ask that

19  you go to the jury room.  For those of you who do want to go on

20  a break, one of the officers will come back to the jury room,

21  and get those of you who want to go on a break and escort you

22  down to the coffee shop, people who want to buy something, and

23  for those who want to go on to smoke.  I don't know if there

24  are any smokers, but anybody wants to continue on outside the

25  officer will escort you outside for a smoke break.  If you do




- CHARGE -                                    81

1   buy something you will buy it and bring it back to the jury

2   room.   For those of you who don't want to go on a break that's

3   okay, you can stay in the jury room, but you should not discuss

4   the case until we have all twelve of you back together again.

5   So any time you are on this sort of a break and twelve of you

6   are not together, you should not be having small group

7   discussions.   When all twelve of you get back in the room, what

8   we will do we will send the evidence in to you, all those

9   things that have been received in evidence will be brought to

10  you, a pad and some pencils will be brought to you for

11  whatever, and a verdict sheet.   And then the clerk and some of

12  the officers will bring those things.   When they leave you can

13  then begin your deliberations.

14        So I am going to excuse you to the jury room.   And one

15  of the officers will -- one moment.   I have to swear in the

16  officers.   Just wait, if you would, one moment while I swear

17  in, have the clerk swear in the officers, and then go to the

18  jury room and wait for the officer to get those of you who want

19  to go on a break.

20        (Court Officers sworn):

21        THE COURT:   Ladies and gentlemen, you may go to the

22  jury room.

23        (Jury withdrew from the courtroom - 11:35).

24        THE COURT:   Officers, anybody that wants to go on a

25  break can go out now.   I will ask counsel if you want to look





1  through the evidence boxes now, make sure everything is in

2  order.

3          (Both counsel and the clerk checking the exhibits).

4          MR. KOLANO:  For the record, Mr. Florczak and the

5  court clerk and I just went through all of the evidence prior

6  to its submission to the jury, and it is all in perfect order.

7  It's satisfactory for the jury.

8          MR. FLORCZAK:  That's correct.

9          (Court in Recess)

10         (Jury knocked on the door with a verdict, 1:13 p.m.)

11         THE COURT:  Good afternoon.  Be seated.

12         We have been advised that the jury has reached a

13  verdict.  Will you please bring out the jurors to the jury box

14  and have the alternates brought into the courtroom.)

15         (Jury seated in the jury box in the courtroom - 1:40)

16         THE CLERK:  Would the foreperson of the jury please

17  rise.

18         Madam foreperson, has the jury reached a verdict?

19         FOREPERSON:  Yes, sir.

20         THE CLERK:  Is the verdict unanimous?

21         FOREPERSON:  Yes, sir.

22         THE CLERK:  With respect to count one, question 1A,

23  murder, purposely or knowingly caused the death of Antonio

24  Saraiva, how does the jury find?

25         FOREPERSON:  Not guilty.

1          THE CLERK:  On question 1B, murder, purposely or

2    knowingly caused serious bodily injury upon Antonio Saraiva

3    resulting in death, how does the jury find?

4          FOREPERSON:  Guilty.

5          THE CLERK:  On count two, robbery, how does the jury

6    find?

7          FOREPERSON:  Guilty.

8          THE CLERK:  With respect to the question in 2A, if

9    guilty of robbery, did the defendant purposely inflict or

10   attempt to inflict serious bodily jury upon Antonio Saraiva,

11   how does the jury find?

12         FOREPERSON:  Yes.

13         THE CLERK:  Question 2B, was the defendant armed with

14   and or threatened immediate use of a deadly weapon, how does

15   the jury find?

16         FOREPERSON:  Yes.

17         THE CLERK:  Question, count three, felony murder, how

18   does the jury find?

19         FOREPERSON:  Guilty.

20         THE CLERK:  Count four, possession of a firearm for an

21   unlawful purpose, how does the jury find?

22         FOREPERSON:  Guilty.

23         THE CLERK:  Count five, unlawful possession of a

24   handgun, how does the jury find?

25         FOREPERSON:  Guilty.

– CHARGE –                                                84

1      THE COURT:  Thank you.  You may be seated.

2      Counsel wish to have the jury polled.

3      MR. FLORCZAK:  Yes, your Honor.

4      THE COURT:  I am going to ask the clerk to please poll

5   the jury.

6      THE CLERK:  Members of the jury, when your name is

7   called indicate your individual response to this inquiry:  Did

8   you vote for the verdict announced by your foreperson?

9      THE COURT:  The foreperson of the jury, would you

10  inquire of the foreperson.

11      (Jury polled – Unanimous Verdict)

12      THE COURT:  Ladies and gentlemen, with the return of

13  your verdict your service in connection with this case is

14  completed.  Your jury, your jury service has come to an end.

15      Before releasing you I want to express on behalf of

16  myself, my staff, the persons involved in this case our thanks

17  and appreciation to you for your diligent effort in the case,

18  your attention, all of the work that you obviously put into it.

19  Generally for your service.

20      I want to express a particular thanks to the

21  alternates.  I know that that is a difficult position to serve

22  in, to be a member of the jury, and then not participate in the

23  decision.  I know that from a personal experience.  That

24  happened to me once.  As a member of the jury I got to be an

25  alternate, and I know it is a little frustrating.  But I hope

1    you do understand that it is important, you were an important

2    part of the jury, and being present as alternates was, was

3    important to the entire process.

4            I have been instructing all of you throughout not to

5    engage in any discussions with respect to this case.  That has

6    been an instruction which was very important, because it was

7    important that when you began your deliberations you did so

8    with an open mind and were able to discuss the evidence among

9    yourselves.

10           Obviously, my instruction that you not talk about the

11   case no longer applies, with one exception, and that is you are

12   not to discuss the case with the people who were directly

13   involved in the case.  The attorneys involved in the case, the

14   witnesses in the case, the parties to the case, are not to

15   discuss the case with you nor you with them.  But otherwise you

16   are free to discuss the case with others.  You want to talk

17   with your friends and relatives and neighbors about the case,

18   you may do so.

19           Also, you are certainly also free to read anything

20   that may appear in the newspaper with respect to the case.

21   That prohibition no longer applies.

22           With respect to talking about the case, I would ask,

23   ask you to keep one thing in mind.  I don't know what went on

24   in the jury room.  I would not ask or be allowed to ask you

25   what happened there.  That is, what takes place in the jury




- CHARGE -                                    86

1    room is for the jurors to know what took place.  Sometimes

2    what's said in there is said among yourselves with an idea that

3    what you are saying or what someone else is saying is done in

4    confidence.  And I would suggest that you might want to

5    continue to respect those confidences, if something was said to

6    you confidentially; if you heard something that was

7    confidential, don't repeat it.  And obviously I must leave it

8    to your good judgment.  But think about this.  If you would

9    feel uncomfortable right now standing up and saying something

10   about what went on in the jury room in front of all of your

11   other jurors and everyone else in the courtroom, maybe you

12   should not talk about to your friends and neighbors about that

13   same thing.  Respect the confidences of your fellow jurors.

14          As said, you are not permitted to talk with people

15   connected with this case, and you have no obligation to talk to

16   anybody.  So if someone were to approach you and ask to talk

17   about the case, even if they had nothing to do with the case

18   and you chose not to talk about it that's your right.  You are

19   not obligated to talk about it, you are simply permitted to

20   talk about it.

21          I don't get a chance to ask questions of you, or to

22   have you ask questions of me.  I will, nonetheless, pass along

23   what I am sure are the obvious points that you would like to

24   have the jury manager here, which is you don't get paid enough,

25   and there is not adequate parking, and I know both of those are

- CHARGE -                                                    87

1    true and I will pass those two comments along since that's what

2    all jurors believe to be true, and somehow or other we never

3    seem to be able to resolve either one of those particular

4    problems.

5              Based upon the verdict that you rendered in this case,

6    Mr. Mathis is in custody, and Mr. Mathis will be before the

7    court to be sentenced in this case.

8              Do you know the date of the sentence?

9              THE CLERK:  Yes.  8/14/98.

10             THE COURT:  August 14th Mr. Mathis will be before the

11   court to be sentenced.

12             All right.  I would once again with our thanks and

13   appreciation excuse you, and you will probably not hear from

14   the jury manager again for another three years, but perhaps we

15   will have an opportunity to see you back hear again after your

16   three years are up.

17             Ladies and gentlemen, you are excused.  Thank you.

18             (Jury withdrew from the courtroom.)

19             THE COURT:  All the jurors have left the courtroom.

20   As I have just indicated, sentencing date in this matter will

21   be August 14th.

22             MR. KOLANO:  I do ask bail be revoked at this point.

23             THE COURT:  Bail for Mr. Mathis is revoked.  Thank

24   you, counsel.

25             Mr. Kolano when you and your staff finished checking

- CHARGE -                                                    88

1   the exhibits, if you will acknowledge receipt of that for the

2   record.

3              MR. KOLANO:  I will do that, your Honor.

4              THE COURT:  Thank you.

5              MR. KOLANO:  For the record, I acknowledge receipt of

6   all the evidence.

7              (PROCEEDINGS TERMINATED)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- CHARGE -                                                        89

1

2

3                          C E R T I F I C A T E

4

5

6              I, B. PETER SLUSAREK, C.S.R., License No.  XI00291,

7    an Official Court Reporter of the State of New Jersey, do

8    hereby certify the foregoing to be prepared in full compliance

9    with the current Transcript Format for Judicial Proceedings and

10   is a true and accurate non-compressed transcript to the best of

11   my knowledge and ability.

12

13

14

15   _____      Date: March __15__ 1999.

16   B. PETER SLUSAREK, C.S.R., XI00291

17   Official Court Reporter

18   Union County Courthouse,

19   Elizabeth, New Jersey,

20

21

22

23

24

25