```
                          SUPERIOR COURT OF NEW JERSEY
                          LAW DIVISION : UNION COUNTY
                          CRIMINAL     -  97-02-00123
                                       :
STATE OF NEW JERSEY,                   : Stenographic Transcript
                                       :          of
            vs.                        :      Sentencing
                                       :
MARVIN MATHIS,                         :
                                       :
            Defendant,                 :
                                       :
```

Place:   Union County Courthouse
         2 Broad Street,
         Elizabeth, New Jersey,

Date:    AUGUST 14, 1998.


B E F O R E:
         HON. JOHN F. MALONE, J.S.C.,

TRANSCRIPT ORDERED BY:
         OFFICE OF THE PUBLIC DEFENDER
              Appellate Section

A P P E A R A N C E S:

         WILLIAM KOLANO, ESQ.
         Assistant Prosecutor, Union County,
         For the State,

         WALTER E. FLORCZAK, ESQ.
         (Florczak & Florczak)
         Attorney for the Defendant,


                          B. PETER SLUSAREK, C.S.R., XI00291
                          Official Court Reporter
                          Union County Courthouse
                          Elizabeth, New Jersey, 07207

MARVIN MATHIS - SENTENCING                                    2

1  AUGUST 14, 1998.
2          THE COURT:  This is the sentencing of Marvin Mathis
3  under indictment 97-02-123.
4          Counsel, appearances please.
5          MR. FLORCZAK:  Walter Florczak appearing for Mr.
6  Mathis.
7          MR. KOLANO:  William Kolano for the state.
8          THE COURT:  Mr. Florczak, have you and Mr. Mathis had
9  the opportunity to review the presentence report?
10         MR. FLORCZAK:  Yes, your Honor.
11         THE COURT:  Are there any additions or corrections?
12         MR. FLORCZAK:  No, your Honor.
13         THE COURT:  Do you wish to be heard.
14         MR. FLORCZAK:  Yes, your Honor.
15         Obviously, the court is very limited in what sentence
16 it can impose.  There is a mandatory sentence.
17         But I would like the court to consider my client's
18 age.  He is now eighteen; at the time of the offense he was
19 fifteen, close to being sixteen years of age.
20         He had no prior record of any kind.  I think this case
21 is one of an isolated incident.  He has had no incidents of
22 this type prior to this occurring.  Obviously, he has been in
23 custody since.
24         The court should consider his age and lack of record,
25 lack of juvenile record.

1    The court should also consider that my client was a
2    special ed student who got involved with -- two of the three
3    people he was involved with were older than him.
4    The court recalls the trial. I think two teachers
5    tried or attempted to testify as to his good character. There
6    were other teachers present who weren't called. In any case
7    there were at least half dozen teachers that had him in class
8    that were willing to come forward because he was such an
9    excellent student. Even the primary witness I feel against him
10   was his girlfriend, and she indicated that she was stunned.
11   Counselor who she went to was stunned, everyone was stunned;
12   they couldn't believe that Marvin could get involved in
13   something like this.
14   Now, the only negative thing I read about in the
15   report about him was they talk about a lack of remorse on his
16   part.
17   However, judge, I realize the court must consider him
18   guilty because the jury found him guilty, but my client still
19   maintains his innocence. And I think that's the explanation
20   for the lack of remorse.
21   There was also Miss Garcia who testified in the case
22   about what she was told by one of the Diggs sisters.
23   In any case, prior to that she had written a letter
24   indicating her strong support for Marvin, and she felt that he
25   could be rehabilitated and he was basically a good person.

1   All I ask the court to do is impose the minimum
2   possible sentence, again, because of his age and lack of
3   record, and that this was obviously an isolated incident which,
4   unfortunately, led to someone's death.
5       There was only one shot fired. Obviously, it's a
6   murder. But it was not most vicious crime possible. I think
7   this shot was fired during a struggle, which does not justify
8   what happened, but certainly shows that it was not basically
9   intended.
10      That's all I have to say.
11      THE COURT: Mr. Mathis, is there anything you wish to
12  say?
13      MR. MATHIS: Yes. I would like to say I am sorry to
14  the family what happened. I tried to stop what happened, but
15  it was too late. I am very sorry it happened.
16      MRS. SARAIVA: It's not enough. Forty-nine years old.
17      MISS SARAIVA: Because of you we will never see our
18  father again.
19      THE COURT: If you wish to address the court, I will
20  provide you with that opportunity.
21      I am asking Mr. Mathis. Mr. Mathis, if there is
22  anything you wish to say to me please direct your comments in
23  this direction.
24      MR. MATHIS: No. I understand somebody got killed,
25  you know. I am very sorry what happened.

1    That's all I have to say. I am sorry to the family,
2  and I just say I am sorry.
3           You know, I tried to stop what happened that night,
4  but it was too late.
5           If there was anything to go back in time and stop what
6  happened I would, but I can't. What's done is done.
7           And I just, you know, I hurt a lot of people, I hurt
8  my family, friends, you know.
9           Like I say, I am very sorry.
10          THE COURT: Thank you. Mr. Kolano.
11          MR. KOLANO: Thank you, your Honor.
12          First house keeping matters.
13          Obviously, the felony murder will have to merge into
14 the murder. But the robbery count will remain in existence
15 under the case law.
16          I would ask your Honor as a housekeeping matter to
17 make a Graves findings based on the testimony at trial. So
18 that the record is clear that any sentence imposed in addition
19 to the mandatory time for murder is also pursuant to Graves on
20 the robbery, possession, and the murder case.
21          Your Honor, the defendant's words of regret that come
22 now at this very last minute I suggest to you are insincere.
23 Here is a man who even under his own words, through his own
24 version, should have shown some remorse and some regret prior
25 to his coming into court today for being out there.

1     I don't suggest for a minute that the state accepts

2 the version put forth by the defendant in his appearances in

3 court or through his commentary to the pre-sentence people.

4     It is interesting that Mr. Florczak notes there were

5 plenty of teachers to come forward and talk on behalf of Mr.

6 Mathis' character, and some of those teachers did in fact come

7 in.  And they were cross examined not through any external

8 source but only with the defendant's words.  These teachers

9 testified that he was a person of honesty and veracity, as I

10 recall the testimony, and yet his own words were filled with

11 lies, lies, and more lies -- through the cross examination that

12 was clear, through the statements that was quite clear.

13     Here is a man who I guess arguably had two different

14 lives:  The life that his teachers saw and were willing to say,

15 the life that perhaps some others saw; and the life on the

16 street.

17     And it is his life on the street that brings us here

18 today.  It is his life on the street that leaves a family

19 without a father, without a husband.  A family who I have got

20 to know a little bit during the course of actually two trials

21 with the co-defendants, as they were in court for all of them.

22 Good people. Honest people. Hard working people.  As was the

23 victim in this case.  A man who was simply earning his living

24 at the time his life was taken from him.

25     And I suggest to your Honor that this defendant is

1  simply a predator. He was out that night with a pack of other
2  people preying on others. This wasn't an isolated incident.
3  This was a group, a band of predators roaming the streets that
4  night looking for a victim.
5           And it was Mr. Saraiva's bad luck to be the one who
6  they finally caught up with. They didn't have to kill him.
7  This man, the shooter, didn't have to kill him. He could have
8  accomplished the robbery or walked away from the robbery. Just
9  because this man who worked hard, who was closing up in front
10 of his house, in front of his business, with his family inside,
11 wanted to keep the wallet, the money that was in his
12 possession.
13          The defendant and his friends could have walked away
14 from that.
15          Therefore, I suggest that the robbery was separate and
16 distinct from the murder.
17          Your Honor, the state is asking, obviously, thirty
18 year mandatory parole disqualifier. We are asking that there
19 be deterrence, and that deterrence be known to go out to the
20 public by imposing a life sentence on this person.
21          We are also asking that the robbery run consecutive,
22 your Honor, and that your Honor impose an appropriate sentence
23 pursuant to Graves on the robbery consecutive to the count for
24 murder.
25          Thank you, your Honor.

MARVIN MATHIS - SENTENCING 8

THE COURT: Oftentimes imposing sentence in a case is a difficult task. That difficulty arises when there are competing factors that the court must consider and weigh one against the other in determining the appropriate sentence.

There is in this case an indication that perhaps those factors might have existed here, since I have received information about Marvin Mathis from relatives and friends of his, and I have heard testimony in the course of this trial indicating that Marvin Mathis was a good person, a truthful person, a law abiding person, and as has been mentioned here today, that any involvement in criminal activity particularly activity of violence seems out of character.

But as assistant prosecutor pointed out here today, there seems to be a second life of Marvin Mathis, almost as if there are two people. Because the person who participated in this particular crime that resulted in the death of Antonio Saraiva was not a good person, not a kind person, not a law abiding person, not a truthful person, not a person who anyone would be surprised at hearing he was involved in criminal activity.

That person, that Marvin Mathis, together with three other people spent an evening prowling the streets of Elizabeth looking for a person, a victim to rob, carried with him or knew of the carrying of a gun that was going to be used for that purpose. And Marvin Mathis certainly knew the effect that a

1  firearm could have if it was used.
2           Various victims were considered and for various
3  reasons, perhaps only attributal to divine intervention, they
4  were discarded as possible victims as this band continued its
5  way along the streets of Elizabeth with criminal, with criminal
6  minds looking for a crime to commit.
7           They came upon Antonio Saraiva. And this defendant,
8  Marvin Mathis, apparently in some misguided desire to show what
9  he was, to show off, to show that he could be as tough as the
10 next guy, decided to participate in the attempted robbery of
11 Mr. Saraiva, insisted on having the gun so that he could show,
12 as I said, just how tough he could be.
13          That activity by Mr. Mathis, that decision on his part
14 to do that senselessly resulted in the death of Mr. Saraiva, a
15 man who was doing nothing more than the task that we all do all
16 the time, a simple household task of taking out the garbage.
17 But Mr. Saraiva had the misfortune to come upon this group of
18 criminals who were, who had started out their evening's
19 activity looking for someone to rob.
20          There must be two Marvin Mathises, because that person
21 who participated in the crime is not the person that other
22 people have written and spoken of. That person is someone who
23 has complete disregard for the law, complete disregard for
24 other people.
25          The need of this court to impose a sentence that will

1  deter him and others from this kind of activity is incredibly
2  strong.  The manner of the commission of this crime is an
3  additional aggravating factor, one that cries out for this
4  court to impose a serious sentence because of the seriousness
5  of what took place.
6          Perhaps there was a time when Marvin Mathis was
7  something other than what he appears to be now before this
8  court since he, to the time of this arrest, did not involve
9  himself in any other criminal activity.  And that is the only
10 mitigating factor that I can find, that there is no other
11 criminal record.
12         But the aggravating factors in this case are so
13 substantial and so clearly and convincingly outweigh the
14 mitigating factors that a sentence above the minimum for this
15 crime must be imposed.
16         It is for that reason that the following sentence will
17 be imposed:
18         First, the court finds, as the state has pointed out,
19 that counts one and three, murder and felony murder, must merge
20 for sentencing purposes as does the unlawful, possession of a
21 weapon for unlawful purpose.
22         Counts one, three, and four are merged for purposes of
23 sentence, and following sentence is imposed:
24         Defendant is remand to the custody of the Commissioner
25 of the Department of Corrections for a period of fifty years.

1  He is ineligible for parole for thirty of those years. And
2  must pay through the Department of Corrections $100 violent
3  crime compensation penalty, $75 safe neighborhood assessment to
4  be assessed through income from the prison work program.
5         With respect to count two, the robbery, court imposes
6  following sentence: And that is eighteen years, the defendant
7  is remanded to the custody of the Commissioner of the
8  Department of Corrections for eighteen years, ineligible for
9  parole for six. He must also pay $100 violent crime
10 compensation, $75 safe neighborhood, to be collected through
11 the Department of Corrections.
12        Count five, unlawful possession of a weapon, sentence
13 is four years state prison with an eighteen month parole
14 disqualifier, also $50 violent crime and $75 safe neighborhood
15 assessment.
16        The court does specifically find that these, this was
17 a Graves offense based upon the testimony that was presented at
18 the time of trial.
19        The defendant is entitled to nine hundred and
20 thirty-four days of credit. That is from January 24 of 1996,
21 the date of his arrest, through and including today August 14,
22 '98.
23        Mr. Mathis, you have a right of appeal.
24        If you choose to appeal you must do that within
25 forty-five days of today.

1   If you cannot afford an attorney, you may apply to the
2   Public Defenders office to represent you, and if qualified an
3   attorney will be assigned to represent you in your appeal
4   without any cost to you.
5       That concludes that matter.  Thank you.
6       All sentences imposed are concurrent.
7       (PROCEEDINGS TERMINATED)

C E R T I F I C A T E

I, B. PETER SLUSAREK, C.S.R., License No. XI00291, an Official Court Reporter of the State of New Jersey, do hereby certify the foregoing to be prepared in full compliance with the current Transcript Format for Judicial Proceedings and is a true and accurate non-compressed transcript to the best of my knowledge and ability.

_____        Date: March 15 1999.
B. PETER SLUSAREK, C.S.R., XI00291
Official Court Reporter
Union County Courthouse,
Elizabeth, New Jersey,