```
                        SUPERIOR COURT OF NEW JERSEY
                        UNION COUNTY
                        LAW DIVISION, CRIMINAL PART
                        INDICTMENT NO. 97-02-0123
                        APP. DIV. NO. A-3695-07T4

STATE OF NEW JERSEY,    )
                        )
     Plaintiff,         )       TRANSCRIPT
                        )           of
 vs.                    )       PCR MOTION
                        )
MARVIN MATHIS,          )
                        )
     Defendant.         )

                        Place: Union Co. Courthouse
                               2 Broad Street
                               Elizabeth, NJ 07207

                        Date:  February 29, 2008
```

BEFORE:

    HONORABLE JOHN F. MALONE, J.S.C.

TRANSCRIPT ORDERED BY:

    HELEN C. GODBY, ESQ. (Office of the Public Defender, Appellate Section, 9th Floor, 31 Clinton Street, Box 46003, Newark, New Jersey 07101)

APPEARANCES:

    SARA B. LIEBMAN, ESQ.
    (Assistant Prosecutor, Union County)
    Attorney for the State

    LEWIS D. THOMPSON, ESQ. (Sole Practitioner)
    Attorney for the Defendant



    Transcriber Lauren Torkos
    ELITE TRANSCRIPTS, INC.
    14 Boonton Avenue
    Butler, New Jersey 07405
    (973) 283-0196
    Audio Recorded
    Operator, _____

2

I N D E X

PAGE

RE: MOTION:

ARGUMENT BY:

Mr. Thompson                                                5, 7

Ms. Liebman                                                    5

THE COURT:

Decision                                                       7

---

Colloquy                                                       3

1         THE COURT: Good afternoon, everyone. Thank
2    you. You can be seated. All right. This is the
3    matter of STATE VS. MARVIN MATHIS. It is under
4    Indictment 97-02-123. It is the PCR. Counsels, your
5    appearance for the record please.
6         MR. THOMPSON: Lewis Thompson appearing for
7    Marvin Mathis, who's present on writ from New Jersey
8    State Prison, Your Honor.
9         MS. LIEBMAN: Sara Liebman for the State.
10        THE COURT: Just very briefly before we
11   begin. Let me indicate that this is -- this case
12   arises out of a homicide which occurred on January the
13   22nd, 1996 in Elizabeth. The defendant, Mr. Mathis,
14   was aged 15 at the time that he was arrested on a
15   juvenile complaint charged with participation in that
16   crime.
17        Following his arrest a hearing was held in
18   Family Court at which time the State's motion to waive
19   jurisdiction to the adult court was granted.
20   Thereafter the Union County Grand Jury indicted Mr.
21   Mathis. That indictment was handed down on February
22   the 4th, 1997. And under this indictment number Mr.
23   Mathis was charged with first-degree murder, first-
24   degree armed robbery, first-degree felony murder,
25   second-degree possession of a firearm for unlawful

**STATE OF NEW JERSEY v MARVIN MATHIS -- February 29, 2008**

SHEET 3

Colloquy  4

```
 1   purposes, and third-degree possession of a weapon for
 2   unlawful purpose.
 3             The defendant through counsel filed a motion
 4   for a MIRANDA hearing in connection with this matter.
 5   That hearing was conducted prior to the trial and the
 6   motion to suppress his statement was denied. The trial
 7   followed and the Jury returned a verdict of guilty on
 8   all counts on June 18, 1998. Sentencing took place on
 9   August the 14th of 1998 and the defendant received a
10   cumulative sentence of 50 years to New Jersey State
11   Prison with 30 years of parole ineligibility.
12             Defendant filed an appeal which was decided
13   by the Appellate Decision on June 2, 2000. And the
14   defendant's conviction and sentence were affirmed.
15   Defendant then brought this post-conviction relief
16   petition in which he argues that the decision in the
17   Family Court to waive jurisdiction and transfer the
18   matter to adult court was erroneous, that the failure
19   to suppress his statement on the MIRANDA motion that
20   was erroneous, and that the sentence that was imposed
21   was illegal. The defendant also argues ineffective
22   assistance of counsel in connection with his PCR.
23             I have reviewed all of the papers that have
24   been submitted in connection with this matter. But,
25   Mr. Thompson, I'll hear you for anything you want to
```

Colloquy  5

```
 1   add or highlight.
 2             MR. THOMPSON: Okay. Thank you, Your Honor.
 3   I'm not going to go through all the details. You've
 4   read the briefs. The essence here is that Mr. Mathis
 5   has had a long history of cognitive difficulties,
 6   inability to understand complex concepts, and problems
 7   with school. And these were well documented by Dr.
 8   Paige (phonetic), Dr. Thompson (phonetic), Dr.
 9   Schlessinger (phonetic).
10             And this is not so much a direct challenge to
11   the waiver, but rather a challenge to the effectiveness
12   of the counsel that he had at the time who's now
13   deceased. Inasmuch as trial counsel didn't perceive
14   when he should have the difficulties that this man, Mr.
15   Mathis, was going to have in understanding the charges
16   against him, and understanding the questions asked of
17   him, and understanding the plea offer, and
18   understanding the proceedings in general.
19             And trial counsel should have basically put
20   forth a defense of inability to stand trial for lack of
21   competence, but this wasn't done, Your Honor. As such
22   this was ineffective to the level of STRICKLAND and the
23   other cases. And we ask that post-conviction relief be
24   granted on this basis, Your Honor.
25             THE COURT: Thank you. Ms. Liebman.
```

**ELITE TRANSCRIPTS, INC.**
14 Boonton Avenue, Butler, New Jersey  07405
973-283-0196  FAX 973-492-2927

STATE OF NEW JERSEY v MARVIN MATHIS -- February 29, 2008

SHEET 4

```
                    Argument - Thompson/Liebman                 6
 1          MS. LIEBMAN:  Thank you, Your Honor.  As
 2  noted in the State's papers many of defendant's claims
 3  are procedurally barred and that they have already been
 4  addressed by the Appellate Division.  And even so --
 5  even if this Court were to consider them they lack
 6  merit.
 7          With regard to the issue of the defendant's
 8  competence or whether he had a defense of diminished
 9  capacity, again in addition to what's in the State's
10  papers, I would just like to point out that the
11  defendant himself submitted numerous briefs and his
12  petition for post-conviction relief.  And reading that
13  it is clear that he has a competent grasp on what is at
14  issue and even the issues that are involved in this
15  post-conviction relief.
16          And I know that the issue is what his mental
17  state was at the time.  But I think that Your Honor can
18  look to that taken in connection with the rest of the
19  factors.  And the fact that the doctor's reports --
20  there is no -- there was no conclusive medical
21  statement that he was not competent or that he had a
22  viable defense of diminished capacity.
23          Under the standard of STRICKLAND, which has
24  been adopted by New Jersey under STATE VS. FRISK
25  (phonetic), the State submits that for these reasons,
```

```
                    Argument - Liebman                          7
 1  the reasons in the State's papers, that the defendant
 2  has not met his burden to entitle him to post-
 3  conviction relief.  And the State respectfully requests
 4  that Your Honor deny his petition on the papers without
 5  any further hearing.
 6          MR. THOMPSON:  Your Honor, Dr. Thompson in
 7  her own report stated that he should have a subsequent
 8  evaluation, a psychiatric evaluation, to determine his
 9  level of retardation and competence.  That was not
10  done.
11          Second of all, Mr. Mathis' functioning level
12  due to maturation and additional training and education
13  now is certainly more than when he was 15 years and 10
14  months.  And as a result saying well, he assisted in
15  preparing these briefs now means that he was competent
16  you know 12 years ago.  And that's not necessarily the
17  case, Your Honor.
18          THE COURT:  As I indicated in my brief
19  outline this post-conviction relief petition really is
20  in two parts.  The comments of counsel today really
21  addressed the second part.  That being the ineffective
22  assistance aspect of the case.  But there is the
23  element of the petition that really makes a primary or
24  direct attack upon some of the aspects of the case, and
25  it is important just for completeness to address those
```

Argument - Liebman/Thompson/Court Decision                8

issues.

The matters of the waiver by the Family Court to adult court and the matter of the legality of the sentence were both addressed in the -- by the Appellate Division in its 2000 decision. And under Rule 3:22-5 the relitigation or the attempt to relitigate those issues in a post-conviction relief petition are barred.

The matter of the -- whether the Trial Court was correct or not in refusing to suppress the statement under MIRANDA is an issue that could have been raised on appeal. And Rule 3:22-4 would bar then consideration of it here in a PCR. But putting even aside the procedural bar it is clear from a review of the record in this matter that the Court did conduct a thorough MIRANDA hearing, evidence.

With respect to the procedures employed and the manner in which the statement was taken from Mr. Mathis, the fact that his mother was present with him when he was interviewed by the police, all of those factors led to the Court's determination prior to trial that the statement should not be suppressed.

And upon review of the record with respect to the matter of the MIRANDA hearing the record is such that it supports the conclusion that the statement was knowingly and voluntarily -- that the rights under



Court Decision                9

MIRANDA were knowingly and voluntarily waived, and the statement was given in a voluntary fashion.

Turning now to the claim of ineffective assistance of counsel. Both the attorneys here today have made reference to the STRICKLAND standards, which indicate that in order for a reviewing court on a PCR to conclude that there was ineffective assistance of counsel, the Court must conclude that counsel failed to act as the attorney on behalf of the defendant. That in a proficient manner that his conduct was so deficient as to effectively fail to provide the counsel that the Sixth Amendment guarantees.

The second part of this test is -- and that based upon that -- but for that deficient conduct of counsel the results would have been different. The defendant asserts that the ineffective assistance of his counsel deals with the fact that counsel did not raise, either during the MIRANDA proceeding or at the time of sentencing, his mental status.

It is argued that the defendant, a special ed. student at the time of his arrest suffered from learning disabilities and that therefore, his competency to stand trial, his competency to have made a voluntary statement was lacking, and that he lacked -- that his capacity to formulate the necessary mental





Court Decision                                                10

```
 1   status necessary to convict him of these crimes was
 2   lacking.
 3              So the question then before the Court is was
 4   that failure -- was there a failure on the part of
 5   counsel to raise these issues.  Information has been
 6   presented to the Court eluded to by counsel here in the
 7   argument, the psychological reports that have been
 8   presented to the Court here in connection with this
 9   matter.
10              Based upon my review of those reports it is
11   clear to me that they -- while the evidence does
12   support the conclusion that Mr. Mathis had learning
13   disabilities, that his -- that he -- his learning
14   capacity was as -- I believe it is indicated at a
15   borderline level.  There's also no information
16   contained in these reports that supports a conclusion
17   that he was suffering any psychiatric illness.
18              There is nothing here that says he lacked
19   competence.  That is that he did not understand and
20   appreciate the nature of the charges against him.
21   There is nothing that supports the conclusion that he
22   had a diminished capacity.  That is he did not have the
23   capacity to formulate the ability to act in a
24   purposeful or knowing way.
25              The review of the proceedings indicates that
```

Court Decision                                                11

```
 1   he participated in the interview with the police and
 2   the time he gave his statement -- again in the presence
 3   of his -- of a parent.  He voluntarily waived his
 4   rights.  It is apparent that he understood the
 5   proceedings, that he understood the questions being
 6   posed to him, and was able to formulate answers to
 7   those questions that were appropriate and responsive to
 8   the questions before him.
 9              There is nothing that allows this Court to
10   conclude that the evidence supports a conclusion that
11   the defendant at the time of his trial was incompetent
12   or suffered from diminished capacity.  Thus any failure
13   on the part of his attorney to raise those issues,
14   either in connection with the MIRANDA or at the time of
15   sentencing to mitigate -- as a mitigating factor or to
16   raise as a bar to the prosecution of this case that any
17   failure of counsel to do that was ineffective
18   assistance.  There simply was nothing to present to the
19   Court to argue that the defendant lacked competency or
20   that he suffered diminished capacity.
21              The first prong then of STRICKLAND has not
22   been satisfied.  There is no showing that counsel
23   failed to provide legal service -- legal assistance as
24   is required by the Constitution.
25              Secondly, there is no indication with respect
```

Court Decision                                                    12

1   to the trial that the results would have been different
2   but for any deficiencies on the part of counsel.  The
3   evidence against the defendant in this case, absent his
4   own statement, was still substantial, overwhelming, and
5   easily support a conclusion that the defendant was
6   guilty beyond a reasonable doubt.
7           Two eye witnesses to the crime, albeit
8   persons who themselves were participants in the crime
9   that is part of the group that was out for purposes of
10  committing a robbery, nevertheless those two women did
11  testify and identify the defendant as the person who
12  was the shooter, the person who inflicted the fatal
13  gunshot.  The evidence was substantial.
14          There is simply no basis for this Court to
15  conclude that an evidentiary hearing is necessary.
16  There is no -- been no sufficient demonstration of
17  ineffective assistance of counsel to warrant any
18  further proceedings in this matter.  The petition is
19  denied.  Thank you, Counsel.
20          MS. LIEBMAN:  Thank you, Your Honor.
21          (Proceedings concluded)

                                                                  13

CERTIFICATION

I, Lauren Torkos, the assigned transcriber, do hereby certify the foregoing transcript of proceedings in the Union County Superior Court on February 29, 2008, Tape No. 51-08, Index No. 34 to 1011, is prepared in full compliance with the current Transcript Format for Judicial Proceedings and is a true and accurate compressed transcript of the proceedings as recorded to the best of my knowledge and ability.

_____
Lauren Torkos    T#580
Elite Transcripts, Inc.                 January 5, 2009
Butler, New Jersey 07405