```
                              SUPERIOR COURT OF NEW JERSEY
                              LAW DIVISION, CRIMINAL PART
                              UNION COUNTY
                              INDICTMENT NO. 97-02-0123
                              APP. DIV. NO._____

STATE OF NEW JERSEY,     )
                         )
     Plaintiff,          )        TRANSCRIPT
                         )            of
   vs.                   )      P.C.R. HEARING
                         )
MARVIN MATHIS,           )
                         )
     Defendant.          )

                         Place:   Union County Courthouse
                                  2 Broad Street
                                  Elizabeth, N.J. 07201

                         Date:    January 27, 2012
```

BEFORE:

   HONORABLE JOHN F. MALONE, J.S.C.

TRANSCRIPT ORDERED BY:

   HELEN C. GODBY, ESQ. (Office of the Public Defender, Appellate Section, 9th Floor, 31 Clinton Street, Box 46003, Newark, N.J. 07101)

APPEARANCES:

   SARA B. LEIBMAN, ESQ.
   (Union County Prosecutor's Office)
   Attorney for the State

   CRAIG S. LEEDS, ESQ.
   (Craig S. Leeds, Attorney at Law)
   Attorney for the Defendant

```
                         Transcriber Cynthia Dyson-Colon
                         ELITE TRANSCRIPTS, INC.
                         14 Boonton Avenue
                         Butler, NJ 07405
                         (973) 283-0196

                         Audio Recorded
                         Operator,
```

2

INDEX

|  | Page |
|---|---|
| THE COURT | |
| Procedural History | 03 |
| Findings | 24 |
| DEFENDANT'S MOTION FOR POST CONVICTION RELIEF | |
| Mr. Leeds | 05, 22 |
| Ms. Liebman | 19 |

Procedural History                                              3

1   THE COURT: Be seated please. This is the
2   oral argument on the P.C.R. IN THE MATTER OF STATE V
3   MARVIN MATHIS under Indictment 97-02-123. Counsels if
4   I may have your appearances for the record please for
5   the State.
6       MS. LIEBMAN: Thank you, Your Honor. I'm
7   Sara Liebman for the State.
8       THE COURT: Good afternoon, Ms. Liebman.
9       MR. LEEDS: Good afternoon, Your Honor.
10  Craig Leeds, appearing on behalf of the petitioner,
11  Marvin Mathis. Mr. Mathis is present in Court.
12      THE COURT: Good afternoon. All right. As I
13  indicated this is a P.C.R. oral argument on the P.C.R.
14  I have received the written submission on behalf of the
15  defendant and the State. I want to assure counsel that
16  I have reviewed them. I want to thank both counsel for
17  the thoroughness of their presentation in connection
18  with this matter.
19      Just allow me to briefly indicate that the
20  defendant was initially charged as a juvenile in
21  connection with this matter with an armed robbery and
22  felony murder. The State made an application for
23  waiver of juvenile jurisdiction, which was granted. An
24  indictment followed and on February the 4th, 1997 Mr.
25  Mathis was indicted in a five-count indictment for

Procedural History 4

murder, armed robbery, felony murder, possession of a weapon for unlawful purposes, and unlawful possession of a firearm.

A motion to suppress the statement that Mr. Mathis had given in connection with this matter was filed, heard by the Court, and denied. A trial, a jury trial followed following which Mr. Mathis was convicted. Sentencing occurred in this matter on August the 14th, 1998, resulting in the imposition of an aggregate sentence of 50 years in New Jersey State prison with a 30-year period of parole ineligibility and the various mandatory penalties and assessments.

The conviction was appealed. The conviction and sentence were appealed, affirmed by the Appellate Division June 2nd, 2000. A petition for certification for the Supreme Court was denied on October the 11th of 2000. A P.C.R. was filed I guess initially pro se by Mr. Mathis, assigned to counsel through the Office of Public Defender, heard by this Court and denied on February the 29th, 2008.

That denial was appealed, resulting in a reversal of the denial and a remand of the matter on October the 12th, 2010 for alternate counsel to be appointed to represent Mr. Mathis and for the matter to be re-presented to the trial court and with direction

Procedural History 5

that all of the various arguments that Mr. Mathis had included in his pro se petition be addressed by counsel and presented to the Court.

The matter then as I said has resulted in the scheduling of this proceeding and the briefs were filed by both the State and the defense in connection with the matter. Counsel for the defendant heeding the direction of the Appellate Division made a very thorough submission to the Court I think which encompasses all of the arguments raised by Mr. Mathis as well as additional arguments by counsel.

And that brief was responded to in kind by the State. So I think all of the issues have been presented to the Court and considered by me and by reviewing, I will certainly allow some additional argument, perhaps to highlight some issues if it need be. So I'll first hear on behalf of Mr. Mathis. Counsel.

MR. LEEDS: Your Honor, just by way of housekeeping, I would just note for the record that I did provide the Court just this morning just momentarily, just moments ago with some correspondence that the defendant has asked me to provide. Specifically, in terms of the procedural history that it appears his initial post conviction relief

Procedural History                                      6

1  application was actually filed back in May of 2001.
2              He wanted that submitted because in the brief
3  that I had filed I did not that it appeared he was a
4  little bit beyond the five year time frame.  I would
5  respectfully submit that's clearly not the case.  And
6  in speaking with the State, it's my understanding that
7  they seem to agree.  And I'll let the prosecutor speak
8  for herself.
9              But it's my understanding they seem to agree
10 that this is, especially in light of the order from the
11 Appellate Division that this is something that should
12 be addressed on the merits and should not be time
13 barred.  With that being said if it pleases the Court
14 what I would like to do for today is essentially, as
15 Your Honor pointed out I'm going to be relying on.
16             And again to look at the housekeeping there
17 was a brief that was filed that was dated October 11th
18 of 2011, some 81 pages.  Accompanying that was an
19 appendix that was some 161 pages.  I'm not going to
20 begin today reading on page one and go through page 81
21 or go into all the appendix.
22             And I would note, Judge, the appendix is
23 substantial.  It's not simply just you know procedural
24 documents.  It includes the defendant's pro se papers,
25 which I am going to be relying on.  If for some reason

Argument - Leeds                                        7

1  I do not cover everything here today, as Your Honor
2  pointed out I'm simply highlighting certain aspects of
3  the brief.  And in particular if it pleases the Court
4  what I'd like to do is highlight those reasons we would
5  respectfully submit an evidentiary hearing is
6  warranted.
7              But, again, I don't want there to be any
8  suggestion that by not covering something here today,
9  that the defendant is waiving those issues.  We most
10 emphatically are not.  With that being said, Your
11 Honor, the main jest of the defendant's petition for
12 post conviction relief really stems from his allegation
13 that he received the ineffective assistance of trial
14 counsel.
15             And at different levels; at the pre-trial
16 level, at the trial of the matter itself, and even
17 subsequently during the sentencing phase.  Beginning
18 with the motion to suppress, the defendant raises an
19 interesting point.  And that is while he concedes that
20 trial counsel certainly did seek to suppress the
21 statement that he made, counsel did not raise the issue
22 that law enforcement failed to advise the defendant
23 that it could be prosecuted as an adult.
24             Now, certainly we would concede that that's
25 not presently the law of New Jersey.  Nonetheless, as

Argument - Leeds                                                  8

1   set forth in my brief there are assisted jurisdictions
2   and in particular New Hampshire that does make it
3   necessary for a defendant to be so advised. We would
4   respectfully submit that the case law in New Jersey
5   certainly does require that a defendant knowingly and
6   intelligently waive his rights.
7             So it is respectfully submitted that it's not
8   a far stretch to say in order for a defendant to
9   knowingly and voluntarily waive his rights, he must
10  know what the consequences of waiving those rights are.
11  And in this case the defendant maintains by virtue of
12  him having been a juvenile and subjecting himself to
13  possibly being waived up as an adult by virtue of not
14  being so advised, he really did not knowingly and
15  intelligently waive his right to remain silent and to
16  counsel.
17            In this instance, as I said trial counsel did
18  not raise that whatsoever. Also, in that same regard
19  at the motion to suppress, trial counsel did not raise
20  the fact or bring to the Court's attention or call
21  witnesses to support the assertion that the defendant
22  had a learning disability and that he was in special
23  education classes.
24            I would not in that regard that even the
25  State in their brief at page eight indicates that

Argument - Leeds                                                  9

1   there's no dispute that the defendant was in special
2   ed. Nonetheless, it is respectfully submitted that
3   trial counsel should have presented such evidence. And
4   it's particularly important because in denying the
5   defendant's application to suppress his statement, the
6   Court basically held and concluded that the defendant
7   was not credible by virtue of his assertion that he
8   didn't understand what was being read to him.
9             Well, had trial counsel presented information
10  -- and by the way again I'm going to rely on the
11  papers, the psychological reports, and everything else
12  that was submitted and attached to the appendix. But
13  the point is trial counsel was aware of this. Trial
14  counsel had psychological reports that had been used as
15  Your Honor has mentioned earlier, there was a juvenile
16  waiver hearing.
17            And so at that hearing and in preparation for
18  that hearing, counsel had retained experts. There were
19  reports. And so it's not as if trial counsel wasn't
20  aware of it, which it's respectfully submitted makes it
21  that much more egregious. He knew about it yet chose
22  not to submit it. And as I've indicated there can be
23  no question that the defendant was prejudiced by that
24  because in denying the motion to suppress, the Court
25  concluded that the Judge did not find the defendant

Argument - Leeds                                        10

1   credible by virtue of the defendant's, among other
2   things, his assertion that he did not understand what
3   was being read to him.
4           Now, as I've said I'm not going to go into
5   all the various points here today.  But certainly
6   suffice to say the defendant does raise other issues
7   regarding ineffectiveness of trial counsel,
8   specifically failing to object to the grand jury
9   proceedings and the cross section of the community.
10  The defendant maintains it was not a make up of a cross
11  section.
12          Likewise with regard to the petite jury.  The
13  defendant maintains that blacks -- to use his term,
14  blacks and Hispanics were under represented.  And in
15  that regard he maintains that there was an equal
16  protection deprivation.  He also notes that with regard
17  to the juvenile waiver hearings that he maintains that
18  other groups are less likely to be waived up, meaning
19  African Americans, according to the defendant, he seems
20  to believe that other groups are less likely to be
21  waived up.
22          And, again, that would suggest that he was
23  deprived of his fundamental right, a constitutional
24  right I might add to equal protection under the law.
25  Now, I've mentioned that the defendant asserts that at

Argument - Leeds                                        11

1   the motion suppress, there should be been some evidence
2   presented with regard to his special education and with
3   regard to his learning disability.
4           Well likewise, Your Honor, even taking aside
5   the motion to suppress and even if that had been
6   submitted and was denied, we respectfully submit that
7   had that information been provided at the motion to
8   suppress, the Court would have found the defendant to
9   be more credible and likely would have granted the
10  suppression hearing.
11          But taking that aside, even if the Court
12  finds otherwise the defendant still could have
13  presented such witnesses at trial.  And, frankly, it's
14  inexplicable why trial counsel wouldn't do that.  And
15  it's interesting to note that at one point during the
16  trial -- and the Court has been provided as was the
17  State provided with the trial proceedings, the
18  transcripts, the minutes.  I'm referring now to June
19  11th, 1998 which if I'm not mistaken that was the
20  morning session.  And I believe that to be 2T.
21          Essentially, beginning on page 114 and then
22  going on all the way through and up to page 117,
23  there's quite a colloquy that takes place wherein the
24  prosecutor actually objects to counsel making reference
25  to the defendant even being in a special education

Argument - Leeds                                    12

class. And the prosecutor seems to opine that a curative charge was required by just making reference to special education.

And the reason being that according to the prosecutor an expert would have needed to be proffered. Trial counsel seemed to think that you know just calling a person from the school would suffice. But clearly it was on trial counsel's mind. So you know very often we hear well, you know, from the prosecutor that is we here well this is trial strategy. Where's the trial strategy?

Clearly, counsel wanted to introduce this in some way. But by virtue of counsel's ineffective representation did not do so in a competent and adequate way. Certainly, Judge, the defendant's state of mind and limited in this case special education and being learning disabled was relevant. And I would not that in this particular case, it was of a special importance because the defendant actually testified.

And there's case law I've submitted. And I'm referring now to pages 52 and 53, State v Sexton, for example, where it's submitted that the defendant was essentially -- and what I'd like to do here is actually quote a little bit from State v Sexton, "however, we think it's only fair in the event of a re-trial that

Argument - Leeds                                    13

the defendant have the opportunity upon proper notice to the State to offer relevant experts and/or appropriate school personnel who may be able to fairly describe defendant's mental ability."

Now, I won't read the whole quote. It's there on page 52 of the brief. But essentially the Court in that case noted that there was extensive psychological expert testimony at the juvenile waiver hearing although no expert testimony was presented at trial. Well, that's exactly what we have here. The sa-- I mean you talk about a case that's right on point, that's exactly what we have here.

And the Court in that particular case said look just because the defendant is waived up doesn't mean you can't then bring in those witnesses to establish the facts upon which those experts relied. And in this instance that's exactly what the defendant is asserting. That it still would have helped the jury to assess the defendant's testimony. And by the way for that matter the same thing at the motion to suppress.

It would have helped the Court in assessing the credibility of the defendant. And in this case by virtue of trial counsel's ineffective representation, that did not happen. Now, as I've said we're alleging

STATE OF NEW JERSEY v. MARVIN MATHIS -- January 27, 2012

SHEET 8

Argument - Leeds                                        14

1  ineffectiveness of trial counsel, not only at the pre-
2  trial stage and at the trial level as well, but even
3  right up and through sentencing. The defendant
4  maintains that the sentence is excessive.
5           Now, certainly we do recognize -- and by the
6  way aside from excessive sentence, the defendant in his
7  pro se papers -- and I've alluded to that in my brief
8  -- also maintains that there's constitutional issues
9  here in terms of finding certain factors. I'll rely on
10 the papers there. But with regard to the mitigating
11 factors, it's respectfully submitted that there were
12 certain factors that were present in this case that
13 were not found by the Court.
14          And, again, I'll rely on the brief but, for
15 example, mitigating factors number eight, mitigating
16 factor number nine. There was also mitigating factor
17 number four, mitigating factor number eleven. And the
18 reasons that we say so are stated within the four
19 corners of the brief. What I would point out is at one
20 point during the sentencing hearing, incredibly enough
21 counsel actually alludes to witnesses that he could
22 have called. I mean it's really quite remarkable.
23          Judge, I could have called this; I could have
24 called that but I didn't. That's -- I mean it's quoted
25 on page 59 of my brief the exactly language, "I think

Argument - Leeds                                        15

1  two teachers tried or attempted to testify as to his
2  good character. There were other teachers present that
3  weren't called." And it goes on. But essentially
4  nobody was called that could have been called at the
5  time of sentencing.
6           And, again, given the defendant's the fact
7  that he was as I've already explained had a special
8  education class and he was learning disabled, these are
9  things that the Court could have and should have taken
10 into account at the time of sentencing. Now, certainly
11 the defendant's youth is another example. Now, I
12 mention that one because we recognize that is not a
13 statutory mitigating factor.
14          Nonetheless, the defendant's youth is
15 something that the Court can take into account. And I
16 would cite State v Dunbar, recognizing that a
17 defendant's relevant youth ordinarily would enure to
18 his benefit. And holding that the youth of a defendant
19 may be considered as a mitigating factor even though
20 there was no evidence he was influenced by an older
21 person.
22          But guess what, in this case he was
23 influenced by an older person. And, again, that's all
24 set forth in the papers that were submitted in support
25 of the defendant's present petition for post conviction

```
                    Argument - Leeds                    16
 1   relief.  What I would note, Your Honor, is that while
 2   we certainly recognize that the Court can give whatever
 3   weight it wants to in terms of mitigating and
 4   aggravating factors, certainly the Court should not --
 5   the Court must find mitigating factors that are present
 6   in the case.
 7             And it's respectfully submitted in this case
 8   the Court did not do that.  And I'm citing State v
 9   Dazio (phonetic).  And in that case -- and that's on
10   page 61 of the brief -- but essentially that case holds
11   for the proposition that if there are mitigating
12   factors supported by the record, the Court must find
13   those mitigating factors.
14             Again, we recognize that the Court can give
15   whatever weight it deems appropriate.  But to simply
16   disregard or not give the defendant any weight
17   whatsoever for mitigating factors that are clearly
18   present in the case would be improper.  So essentially,
19   Judge, the defendant is maintaining that he received
20   the ineffective assistance of trial counsel.  As I've
21   said, typically the prosecution will very often say
22   this was trial strategy.
23             What possible trial strategy could there be
24   in not calling experts at that motion to suppress.  Or
25   to make matters worse, at the trial.  The defendant's
```

```
                    Argument - Leeds                    17
 1   attorney was certainly aware of these experts.  And it
 2   clearly impacted not only on the motion to suppress and
 3   denying the defendant's application, but also in
 4   ultimately the defendant being found guilty as opposed
 5   to had the jury been given the benefit of those experts
 6   and been made aware of special education and what that
 7   means.
 8             And, also, in terms of the psychological
 9   reports that counsel was aware of.  Again, it's not a
10   situation where he didn't know about it.  That's what
11   makes it that much more egregious.  To know about it
12   and then not use them.  And so for all of those reasons
13   we would respectfully submit that Your Honor could
14   grant his application outright, finding a per se
15   ineffectiveness.
16             But certainly and in the alternative we would
17   request an evidentiary hearing.  We would respectfully
18   submit that the defendant has certainly and at a
19   minimum made a prima facie case of ineffective
20   assistance of counsel, thereby requiring an evidentiary
21   hearing.
22             Finally, Judge, I would just note that the
23   State in its opposition papers did state quite a few
24   times that, you know, these are issues that could have
25   been raised on appeal.  These are issues that could
```

```
                    Argument - Leeds                    18
 1   have been raised on direct appeal.  To the extent that
 2   Your Ho-- and in some respects the State is right.  But
 3   if the Court were to find that, yes, these are issues
 4   that could have been raised on appeal it almost, you
 5   know, and the State making that argument they're almost
 6   helping to prove our case.
 7            Because one of the things we also allege in
 8   point six of the brief -- of counsel's brief, is that
 9   the defendant received ineffective assistance of
10   appellate counsel.  Well, here's the State saying this
11   could have and should have been raised and it wasn't,
12   so he's barred.  Well, what better proof of
13   ineffectiveness of appellate counsel than from the
14   State's opposition saying it could have been raised on
15   direct appeal and it wasn't.
16            And so it sort of proves the point.  And so
17   to the extent that the Court finds any issues here
18   should be procedurally barred by virtue of appellate
19   counsel not raising those issues, we would ask the
20   Court to find that appellate counsel was indeed
21   ineffectiveness.  And so for that reason we would ask
22   Your Honor to address these issues on the merits,
23   taking into account the ineffectiveness of trial and
24   appellate counsel.
25            THE COURT:  Thank you, counsel.
```

```
                    Argument - Leeds                    19
 1            MR. LEEDS:  Thank you, Judge.
 2            THE COURT:  Ms. Liebman.
 3            MS. LIEBMAN:  Thank you, Your Honor.  Just
 4   one thing.  Just to be clear the Appellate Division
 5   remanded for this hearing.  The remand had nothing to
 6   do with the merits of the Court's decision.  I just
 7   want to make sure the record is clear.  It had to do
 8   with defendant's prior P.C.R. counsels' presentation.
 9   So it's not as if the Court took any issue with they
10   didn't rule on it.  But they didn't have any quarrel
11   with or make any ruling with regard to the merits of
12   the Court's decision, denying the petition for post
13   conviction relief.
14            Turning now to the argument, I'll be brief,
15   Your Honor.  First, with regard to many of the
16   procedural bars that the State cited were claims that
17   actually were raised in the Appellate Division.  And,
18   therefore, they're barred because the defendant can't
19   re-litigate them.  And to the extent that the State
20   argued that some claims were procedurally barred
21   because they could have and should have been raised on
22   direct appeal, in our brief we also addressed the
23   merits.
24            And in addition to being procedurally barred,
25   all of the defendant's claims lack merit and he has not
```

Argument - Liebman                                              20

1   met his burden on any of the claims. The main claim
2   seems to be that evidence of the defendant's lower
3   intellect or perhaps mental deficiency was not
4   presented. First of all the -- counsel's argument
5   presupposes that he has experts that would have
6   established that the defendant had a diminished
7   capacity defense or that it would have been relevant to
8   his issue in understanding his Miranda warnings and
9   giving a statement.
10             And the State submits that that simply is not
11  the case. As pointed out in the State's brief, there
12  were three expert reports. The State also did have an
13  expert. Even the defense experts don't conclusively
14  establish or make any conclusive or unequivocal
15  statement that the defendant had any issues
16  understanding and making decisions and knowing what he
17  was doing and knowing the consequences of his actions.
18             And I would also submit, Your Honor, that the
19  fact that the defendant was able to produce his -- he
20  submitted a pro se brief, the first P.C.R. I don't
21  know if it was the same one this time. But certainly
22  he has a grasp of the legal issues. And to the extent
23  that he was in special ed, yes, the State's not
24  disputing that.
25             But it's a huge difference from being in

Argument - Liebman                                              21

1   special ed or requiring special education to not
2   knowing what you're doing or not understanding what the
3   police were telling you when they were talking to you
4   when you were giving a statement and when your mother
5   was present during the conversation.
6              And as set forth fully in our brief, the
7   findings that the Court made at the motion to suppress
8   were certainly grounded in the credible evidence. And
9   there's nothing showing that had any other information
10  or expert testimony been presented that that would have
11  changed the result further.
12             Even giving the defendant all the benefit and
13  saying okay the confession would have been suppressed,
14  there was still substantial evidence of the defendant's
15  guilt. And he's not able to show that had counsel been
16  able to present expert testimony that would have
17  established for the Court that the defendant was
18  incapable of understanding and waiving his Miranda
19  rights and that his statement wouldn't have been
20  admissible.
21             And, again, the State had an expert that said
22  that that was not the case. So you would have had at
23  best a battle of the experts. But even had he been
24  able to establish that, and even had the Court
25  suppressed the confession, there still was substantial

Argument - Liebman                                    22

1   and overwhelming evidence of his guilt and the verdict
2   would have been the same. And that's the standard that
3   he has to meet. And he has not. He just has not do
4   so, Your Honor.
5             For the rest of the argument, I'll rely on
6   the brief. In conclusion, the defendant has not
7   satisfied his burden. He has not set forth even a
8   prima facie case of ineffective assistance of counsel.
9   His petition should be denied without an evidentiary
10  hearing. Thank you.
11            MR. LEEDS: Your Honor, if I may briefly
12  respond.
13            THE COURT: Very briefly.
14            MR. LEEDS: The State had mentioned just
15  moments ago diminished capacity that the experts do not
16  find diminished capacity. I just want to note, again
17  referring to page 52 of my brief, we're not suggesting
18  here that the defendant had a diminished capacity or an
19  insanity defense.
20            Nonetheless, under State v Sexton 311 N.J.
21  Super 70, an Appellate Division 1998 case, the Court
22  concluded that the defendant's mental condition may
23  nonetheless be admitted as evidence at trial. And,
24  again, I'm just going to quote this and then I'll sit
25  down. This is a quote from State v Sexton. "We note


Argument - Liebman/Leeds                              23

1   that despite extensive psychological expert testimony
2   at the waiver hearing, no expert testimony was offered
3   at trial.
4             "Under those circumstances, it was within the
5   trial judge's discretion either to admit or to exclude
6   defendant's and his mother's testimony regarding his
7   school placement. The trial judge found the proffer so
8   vague as to be more prejudicial and confusing and
9   relevant. However, we think it's only fair in the
10  event of a retrial that the defendant had the
11  opportunity upon proper notice to the State to offer
12  relevant experts and/or appropriate school personnel
13  who may be able to fairly describe a defendant's mental
14  ability."
15            Again, Judge, we're not suggesting here
16  today, we don't want to be disingenuous to suggest
17  there was a diminished capacity defense. What we are
18  suggesting is that nonetheless and as conceded in the
19  State's brief, the defendant was in special education.
20  He had a learning disability. And that is something
21  that the Jury should have been made aware of because it
22  sheds light on the way he testified. And he did
23  testify at trial. Thank you, Your Honor.
24            THE COURT: All right. A couple of things
25  bear nothing before getting into the substance of the

Argument - Leeds                                    24

application before the Court.  This is largely a P.C.R. based upon the contention of ineffective assistance of counsel.  The Strickland test, the two prong test in Strickland is that it guides the Court in considering such application.  It is incumbent upon the defendant to demonstrate that counsel not only committed errors, but did so committed errors of such a serious nature that counsel was not functioning as the attorney required under the Sixth Amendment.

And, secondly, that there is a reasonable probability but for those errors, those serious errors by trial counsel the result would have been different. There are also some court rules that apply in most P.C.R.'s that are worth noting.  Rule 3:22-4 speaks to the issue of matters which might have been or could have been raised at the Appellate level as constituting a bar to a P.C.R.

And I think significantly in this case Rule 3:22-5, those issues which were raised on appeal and the bar to attempting to re-litigate those issues through the P.C.R. process.  I agree there is not a procedural bar here based on time.  This is a remand. And I appreciate the prosecutor pointing out it was not for errors by the trial court but rather deficiencies of P.C.R. counsel.  But it doesn't raise an issue that

Findings                                            25

this is some way barred by time, the timeliness of this application.

Largely, this is a claim of ineffective assistance of counsel related to the claim that counsel failed to raise the learning disability and special education status of the defendant.  And it is contended that that failure occurred at three stages of the proceedings.  And the juvenile court when the waiver to adult court occurred, during the Miranda proceeding, and at the time of sentence.  Let me back up.  At the Miranda and the trial and then again at sentencing.

With respect to the contention that the failure to raise a learning disability or special ed status, constituting ineffective assistance, the Court notes that in reviewing the record, it does not find that there are any facts from which it could be demonstrated that the fact that the defendant was learning disabled or was a special ed student was sufficient to show that he had a mental deficiency that would some way render him incapable of or impairing his ability to participate in this case.

There is nothing that indicates that he was disabled so that he could not knowingly and voluntarily waive his Miranda rights.  That somehow that special ed status would have affected his waiver hearing in

Findings                                          26

1   juvenile court, his participation in the trial, or even
2   affect the sentencing. We are not without a record
3   here. There was a waiver proceeding in the juvenile
4   court. There was a psychologist involved in that
5   proceeding.
6          And again the conclusion of the court is that
7   there was not evidence that the mental deficiency was
8   so severe that the absence of his presentation would
9   have affected the outcome of the proceeding. There is
10  nothing to show that reasonable probability but for the
11  failure to present that evidence, the result somehow
12  would have been different.
13         And with respect to the other various, there
14  are other issues raised in his P.C.R. It is contended,
15  for example, that the waiver was improperly granted.
16  The Court notes that that wasn't a matter that was
17  previously before the Appellate Division and is then
18  subject to the bar of Rule 3:22-5.
19         There is a suggestion that there is some
20  equal protection argument that relates to the juvenile
21  waiver. But, again, there is based upon the contention
22  of the disparate application of the waiver rules, but
23  there is nothing in the record that suggests that in
24  the applicability of that argument in this particular
25  case or that had the argument been made that somehow

Findings                                          27

1   would have affected the outcome.
2          There is a contention that the Miranda, that
3   the determination in the Miranda case was improper.
4   That it should not have been granted separate and apart
5   from the failure, the learning disability aspect of
6   this P.C.R. That is certainly something that could
7   have been raised on appeal. But even not considering
8   the procedural bar, that it could have been
9   adjudicated.
10         There is nothing here again that would
11  suggest that anything could have been presented, should
12  have been presented that would have affected the
13  outcome of the Miranda hearing. The P.C.R. further
14  include issues with respect to the sentence, other than
15  the learning disability and special ed status argument.
16  It is suggested, for example, that the sentence
17  exceeded the maximum.
18         The sentence here was 50 years to State
19  prison which is well within the range of those
20  sentences available for a First Degree murder
21  conviction. There is a suggestion that there may have
22  been a Blakely type issue here. However, as the State
23  pointed out, there is no presumption of a particular
24  sentence in connection with this offense.
25         There is the suggestion of some other

Findings 28

procedural defect based upon arguments, Apprendi type arguments. But, again, no demonstration as to how that would have affected the sentence in this matter. There's a suggestion in the P.C.R. that the grand jury proceeding was deficient based upon equal protection arguments.

Again, it is not developed or demonstrated as to how that would have affected the outcome of this matter. There is simply nothing that indicates to the Court that errors committed by trial counsel, if there were any, were such a substantial nature so that it is reasonably probably that the results would have been different.

I must conclude that there has not been a prima facie showing of ineffective assistance of counsel demonstrated in this case from which the Court could determine, should determine that a hearing is required. This P.C.R. application is denied. Thank you, counsel.

MR. LEEDS: Thank you, Your Honor. Will the State be submitting an order, or would you like me to, Your Honor.

THE COURT: I'll send it to you.

MR. LEEDS: Okay.

MS. LIEBMAN: Thank you, Judge.

Findings 29

MR. LEEDS: Thank you, Judge.

THE COURT: You're welcome.

(Proceedings Concluded)

```
 1                    CERTIFICATION

 2           I, Cynthia Dyson-Colon, the assigned

 3     transcriber, do hereby certify that the foregoing

 4     transcript of proceedings on January 27, 2012 in the

 5     Union County Superior Court, digitally recorded, Time

 6     Index 12:07 to 12:45, is prepared in full compliance

 7     with the current Transcript Format for Judicial

 8     Proceedings and is a true and accurate compressed

 9     transcript of the proceedings as recorded, to the best

10     of my knowledge and ability.

11

12     [signature: Cynthia Dyson-Colon]

13     Cynthia Dyson-Colon      AD/T#560
14     ELITE TRANSCRIPTS, INC.
15     Butler, New Jersey   07405            September 11, 2012
```