Marvin Mathis
#304144/244859-C
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625-0861
Petitioner, Pro se

October 06, 2015

Honorable Jose L. Linares, U.S.D.J.
United States District Court for the
District of New Jersey
Martin Luther King, Jr., Federal
Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **Marvin Mathis v. Attorney General of New Jersey, et al.**
    **Civil Action No. 15-2092 (JLL)**

Dear Honorable Linares:

Undersigned Petitioner, Marvin Mathis acting Pro se on

a Letter Brief, requesting that you please accept this letter-

in-lieu of a more formal brief, with attached appendix in support

of his Motion for a Evidentiary hearing:

## Table of Contents

STATEMENT OF PROCEDURAL HISTORY AND STATEMENT OF FACTS ....... **1**

LEGAL ARGUMENT

POINT I

PETITIONER'S MOTION FOR AN EVIDENTIARY
HEARING SHOULD BE GRANTED ..................................... **4**

POINT II

THE STATE COURT'S RULING THAT PETITIONER WAS NOT DEPRIVED OF
HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHTS TO EFFECTIVE
ASSISTANCE OF COUNSEL AND COMPULSORY PROCESS FOR OBTAINING
WITNESSES IN HIS FAVOR BY TRIAL COUNSEL, COUNSEL'S FAILURE TO
INVESTIGATE AND PRESENT EVIDENCE OF PETITIONER'S COGNITIVE
LIMITATIONS AND HIS STATUS AS A SPECIAL EDUCATION STUDENT DURING
THE MIRANDA HEARING AND AT TRIAL WAS CONTRARY TO CLEARLY
ESTABLISHED FEDERAL LAW, AND AN UNREASONABLE APPLICATION THEREOF,
THEREFORE THE WRIT SHOULD ISSUE ............................. **7**

i

Conclusion ................................................... **12**

## Table of Appendix[1]

Superior Court of New Jersey,
Appellate Division's Order of
March 15, 1999 Leave To File
Notice of Appeal <u>Nunc</u> <u>Pro</u> <u>Tunc</u> ................................. Ex 1

Superior Court of New Jersey,
Appellate Division Notice of
Appeal................................................................. Ex 2

Superior Court of New Jersey,
Law Division's Order of
February 29, 2008 Denial of Post-
Conviction Relief ..................................................... Ex 3

Superior Court of New Jersey,
Appellate Division's Order of
May 08, 2008 Motion To Proceed
As An Indigent and For Free
Transcript .......................................................... Ex 4

Superior Court of New Jersey,
Law Division's Order of
January 27, 2012 Denial of Post-
Conviction Relief .................................................... Ex 5

Psychological Evaluation of
Petitioner by Dr. Cheryl L.
Thompson ..................................................... Ex 6 to Ex 11

Psychological Evaluation of
Petitioner By Dr. Martha H.
Page......................................................... Ex 12 to Ex 21

Psychological Evaluation of
Petitioner By Dr. Louis B.
Schlesinger ................................................. Ex 22 to Ex 37

---

**1**

For brevity and the convenience of this Court, petitioner will rely on his
<u>Pro</u> <u>se</u> appendix (exhibits) in his Reply to Respondent's Answer to Petition
for a Writ of Habeas Corpus, dated September 15, 2015.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

Prior to the juvenile waiver hearing, petitioner was examined by three psychologists: Dr. Cheryl L. Thompson, Ed.D., Dr. Martha H. Page, Ph.D. (for defense), and Dr. Louis B. Schlesinger, Ph.D. (for State).[3] Each conducted psychological assessment to determine the likelihood of petitioner's successful rehabilitation within the juvenile justice system prior to reaching the age of nineteen. These psychologists determined through several psychological testings that petitioner functioned at a low intellectual level. (Pet Reply App. 8, 10, 13 and 14).

Following a juvenile waiver hearing held on October 10 and November 11, 1996, the Honorable Rudolph N. Hawkins, J.S.C., decided to waive jurisdiction.

On June 11, 1998, at petitioner's trial, the issue of his status as a special education student became the focus of significant attention at sidebar where a lengthy discussion took place between the prosecutor and trial counsel. The prosecutor was troubled when trial counsel asked Detective Thomas Koczur during cross-examination if he was aware that petitioner was a special education student, the prosecutor immediately requested the trial judge to give a curative instruction to the jury.

It is also significant, with respect to trial counsel's notice of facts materially relevant to petitioner's special

---

[2] The Statement of Facts and Procedural History are combined for the purpose of this letter brief.

[3] Defense counsel Walter Florczak also represented petitioner at trial.

education status that evidence of him being classified as
"special education classes" and "communication handicap" was
readily available to counsel. It is also important to emphasize
that the issue of petitioner's special education status at
sidebar was left unresolved. Petitioner was ultimately convicted,
and sentenced to an aggregated 50 years with a 30 year parole
ineligibility.

A Pro se petition for post-conviction relief (PCR) was
filed on May 01, 2001. After presiding over a non-evidentiary
hearing on February 29, 2008, Judge Malone denied petitioner's
PCR petition.

Petitioner appealed from that denial. On October 12, 2010,
the Appellate Division reversed and remanded petitioner's case,
finding that PCR counsel failed to comply with the requirements
of R. 3:22-6(d) State v. Rue, 175 N.J. 1, 811 A.2d 425 (2002)
and State v. Webster, 187 N.J. 254, 901 A.2d 338 (2006), under
Docket No. A-3695-07T4.

On January 27, 2012, the PCR Court held oral argument on
petitioner's PCR petition. At the PCR hearing, newly assigned
PCR counsel argued that petitioner received ineffective
assistance of trial counsel because counsel failed to call
witnesses to support the assertion that petitioner had a learning
ability and being classified as "special education classes."
PCR counsel also introduced on record a trial transcript of
June 11, 1998 - morning seession of a sidebar colloquy that
took place between the prosecutor and trial counsel where
petitioner's special education status was at issue.

2

Petitioner's PCR petition was denied on January 27, 2012 without an evidentiary hearing being held. Petitioner then appealed to the Appellate Division under Docket No. A-3222-11T1. The Appellate Division then denied petitioner's appeal on August 01, 2014.

Petitioner filed a Notice of Petition for Certification to the Supreme Court of New Jersey (C-557 September Term 2014 074842). The Supreme Court of New Jersey denied petitioner's Certification on February 03, 2015.

**Pro se Pleading Liberally Construed**

A Pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers. Estelle v. Gamble,
429 U.S. 97, 106 S.Ct. 285, L.Ed.2d 251 (1976); Haines v. Kerner,
404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A Pro
se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance. See Rainey
v. Varner, 603 F.3d. 189, 198 (3d Cir. 2010); Royce v. Hahn,
151 F.3d 116, 118 (3d Cir. 1998).

Here, petitioner respectfully request that this Court to
liberally construe the arguments herein below.

### LEGAL ARGUMENT

#### POINT I

### PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING
### SHOULD BE GRANTED

The legal standard governing evidentiary hearings are set
forth in Palmer v. Hendricks, 592 F.3d. 386; 2010 U.S. App.
Lexis 1683. The decision whether to hold an evidentiary hearing
is subject to the discretion of the District Court, "[p]rior
to the Anti Effective Death Penalty Act (AEDPA), new evidentiary
hearings [in habeas cases] were required in several
circumstances." Campbell v. Vaughn, 209 F.3d. 280, 286-87 (3d
Cir. 2000) (citing Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct.
745, 9 L.Ed.2d. 770 (1963)) (emphasis in original).

AEDPA, in contrast, "permits evidentiary hearings on habeas
review, but only in a limited numbers of circumstances." Id.

4

(citing 28 U.S.C. 2254(e) (emphasis in original). In
particular, a district court is permitted to hold an evidentiary
hearing on a claim asserted in a 2254 petition so long as such
a hearing is not barred by 28 U.S.C. 2254(e)(2). Under that
section, a habeas court is barred from holding an evidentiary
hearing unless the petitioner was diligent in his attempt to
develop a factual basis for his claim in the state court
proceeedings, See Williams v. Taylor, 529 U.S. 420, 430, 120
S.Ct. 1479, L.Ed.2d 435 (2000); Wilson v. Beard, 426 F.3d 653,
665 (3d Cir. 2005), or the petitioner satisfies the criteria
set forth in 2254(e) (2) (A) and (B).

    In this case, petitioner contends that he diligently sought
an evidentiary hearing to state his "factual allegations," which,
if true, would entitle petitioner to federal habeas relief.

    In his habeas petition, petitioner requested for an
"Evidentiary Requested Hearing." (See Pro se habeas corpus
petition, pg 1). Petitioner sought an evidentiary hearing in
his PCR petition. The PCR court denied petitioner his right
to establish his factual allegations about trial counsel's
failure to investigate and present evidence of petitioner's
special education status at the Miranda hearing and at trial,
like his failure to call witnesses to support the assertion
that petitioner had a learning disability and being classified
as "special education student, and the fact that petitioner's
special education status was at issue, which is understood by
the sidebar colloquy, this issue was left unresolved.

    Petitioner has went for and beyond the requisite criteria

set forth in Williams, 529 U.S. at 430; See also Thomas v. Horn, 570 F.3d. 105, 125 (3d Cir 2009) ("the petitioner's request for an evidentiary hearing in the state post-conviction court, which was denied, show[s] sufficient diligence to render Section 2254 (e)(2) inapplicaoe") (citing Thomas v. Varner, 423 F.3d 491 (3d Cir. 2005)). Section 2254 (e)(2) would not preclude petitioner from obtaining an evidentiary hearing before the District Court.

Petitioner further contends that as a result, **(1)** petitioner is entitled to an evidentiary hearing in this Court before the Court can make any credibility determinations on the facts alleged in the petition and the Reply /w Appendix; and **(2) any** controverted "fact" found by the state court while denying a request for an evidentiary hearing necessarily result from an "unreasonable determination" of the facts in light of the evidence presented in the state court proceeding, and hence are not entitled to any presumption of correctness. Rountree v. Balicki, 640 F.3d. 530, 542-543 (3d Cir. 2011); Campbell v. Vaughn, 290 F.3d. at 290; See also Miller-El v. Cockrell, 537 U.S. 322, 346, 123 S.Ct. 1029, 154 L.Ed.2d 921 (2003) (A state court's fact-finding may qualify as unreasonable where "the state court . . . had before it apparently ignored," evidence supporting the habeas petitioner's claim).

## POINT II

**THE STATE COURT'S RULING THAT PETITIONER WAS NOT
DEPRIVED OF HIS SIXTH AMENDMENT CONSTITUTIONAL
RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND
COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS
FAVOR BY TRIAL COUNSEL, COUNSEL'S FAILURE TO
INVESTIGATE AND PRESENT EVIDENCE OF PETITIONER'S
COGNITIVE LIMITATIONS AND HIS STATUS AS A SPECIAL
EDUCATION STUDENT DURING THE MIRANDA HEARING AND AT
TRIAL WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL
LAW, AND AN UNREASONABLE APPLICATION THEREOF,
THEREFORE THE WRIT SHOULD ISSUE**

The well-known standard of Strickland v. Washington governs
this claim. 466 U.S. 668, 104 S.Ct. 2052 L.Ed.2d 674 (1984).
Under this Strickland, in order for a convicted defendant to
establish that counsel's assistance was so defective as to
require a reversal of his conviction, he must demonstrate that:
(1) counsel's performance was deficient in that counsel made
errors so serious that counsel was not functioning as the
"counsel" guaranteed by the Sixth Amendment, and (2) that this
deficient performance prejudiced defendant, in that counsel's
error were so serious as to deprived him of a fair trial.
Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064.

The proper standard of evaluating effective assistance
of counsel is whether the attorney's performance is that of
reasonably effective assistance. Strickland v. Washington, 466
U.S. at 687, 104 S.Ct. at 2064. The purpose of the effective
assistance guarantee of the Sixth Amendment is not to improve
the quality of legal representation, but simply to ensure that
criminal defendants receive a fair trial. Strickland v.
Washington, 466 U.S. at 689, 104 S.Ct. at 2065. The
reasonableness of counsel's conduct must be evaluated on the

facts of the particular case, viewed at the time of counsel's conduct. Strickland, 466 U.S. at 690, 104 S.Ct. at 2066.

In Ground Four of his Pro se habeas petition and his Pro se Reply, petitioner argues that throughout his trial, trial counsel repeatedly made references of petitioner's status as a special education student at the Miranda hearing; in defense opening statement; during the testimony of Detective Thomas Koczur; in defense summation and during sentencing. (See Petitioner's Pro se Reply, pg 30).

Trial counsel questioned Detective Thomas Koczur regarding petitioner's special education status in the presence of the jury. (See Petitioner's Pro se Reply, pg 30-31).

The issue of petitioner's status as a special education student became the focus of significant attention at sidebar where a lengthy discussion took place between the prosecutor and trial counsel. The prosecutor was troubled when trial counsel asked Detective Thomas Koczur during cross-examination if he was aware that petitioner was a special education student. The prosecutor immediately requested the trial judge to give a curative instruction to the jury. (See Petitioner's Pro se Reply, pg 31).

It is also significant, with respect to trial counsel's notice of facts materially relevant to petitioner's special education status that evidence of him being classified as "special education classes", and "communication handicap" was readily available to trial counsel. Counsel even had amply opportunity to offer an expert to illustrate what petitioner's

8

status as a special education meant, but trial counsel refused
the aid of an expert. The issue of petitioner's special education
status at sidebar was left unresolved. (See Peitioner's Pro
se Reply, pg 32).

Trial counsel was wholly ineffective because he did not
present such evidence at the suppression hearing. Yet, this
was well documented in petitioner's school records. Moreover,
in advance of the juvenile waiver hearing, the petitioner was
also evaluated by psychologists to assess the likelihood of
successful rehabilitation within the juvenile justice system.
These psychologists also determined that petitioner functioned
at a low intellectual level. (See Petitioner's Pro se Reply,
pg 32).

It is beyond dispute that the right to call witnesses is
protected by the Sixth and Fourteenth Amendments. "Few rights
are more fundamental that of a accused to present witnesses
in his own defense. Indeed, this right is an essential attribute
of adversary system itself." Taylor v. Illinois, 484 U.S. 400,
408, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). (internal citations
omitted). See Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct.
190, 1923, 18 L.Ed.2d 1019 (1967) (right of accused to present
evidence in his defense). This means that petitioner must be
afforded "a meaningful opportunity to present a complete
defense." Crane v. Kentucky, 476 U.S. 683, 690, S.Ct. 2142,
90 L.Ed.2d 636 (1986). This includes presenting witnesses in
his favor. Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct.
1038, L.Ed.2d (1973) ("few rights are more fundamental than

9

that of an accused to present witnesses in his own defense).

In this case, petitioner was precluded from presenting evidence of his special education status, which was readily available to trial counsel. As such, petitioner contends that not only he receive the ineffective assistance of trial counsel as a result of counsel's failure to properly present a defense, but that by virtue of the ineffective assistance of counsel, he was further deprived his Constitutional right to present witnesses on his behalf. (See Petitioner's Pro se Reply, pg 34-35).

As the Third Circuit stated in Marshall v. Hendricks:

> [W]e concluded that Strickland requires an analysis based on a complete record, The reviewing court's reasoning under the first prong needs to be made with an understanding of counsel's thought process, . . . so that a conclusion whether counsel was ineffective can be made based on facts of record, rather than assumptions.

> [307 F.3d. 36, 115 (3d Cir. 2000)].

Here, petitioner respectfully contends that an adequate record upon which to evaluate trial counsel's performance in this case has not yet been developed. A determination of whether to grant petitioner's habeas corpus petition turns on the reasons why his trial counsel did not present readily available evidence of petitioner's special education status at the Miranda hearing at at trial, why counsel refused the aid of an expert to illustrate what petitioner's special education status meant, and the fact that petitioner's special education status was at issue, which is understood by the sidebar colloquy, why this issue was left unresolved. These reasons have not been developed
**4**

Case 2:15-cv-02092-JLL   Document 13-2   Filed 10/14/15   Page 13 of 14 PageID: 2479

in the record, petitioner's claim that trial counsel failed
to investigate and present evidence of his cognitive limitations
and special education status should necessitate an evidentiary
hearing. See e.g. Wilson v. Butler, 813 F.2d. 664, 674 (5th
Cir. 1987) (remanding for evidentiary hearing because the record
did not reflect whether trial counsel made a reasonable strategic
decision not present certain evidence); See also Thomas, 428
F.3d. at 501 ("of course, overcoming the strategic presumption
does not, in itself, entitle Thomas to relief. It merely give
him the opportunity to show that counsel's conduct fell below
objective standards of attorney conduct").

For the aforementioned reasons, Ground Four of petitioner's
Pro se habeas petition requires an Evidentiary hearing.

---

**4**

The Superior Court of New Jersey, Appellate Division, did not specifically
address Strickland's deficient performance prong. (Ra 24 at 7). Accordingly,
the Court's review of the deficiency performance prong is de novo , and
not controlled by 28 U.S.C. 2254(d), which only applies to claims already
"adjudicated on the merits in state court proceedings." See Porter v.
McCollum, 130 S.Ct. 447, 452, 175 L.Ed.2d 398 (2009); Appel v. Horn, 250
F.3d 203, 210 (3d Cir. 2001) (if a properly preserved claim was not addressed
by the state court on the merits, the deferential standards of AEDPA do not
apply; in such instance, the federal habeas court must conduct a de novo
review over pure legal questions and mixed questions of law and facts, as
a court would have done prior to the enactment of AEDPA); See also Wiggins
v. Smith, 529 U.S. 510, 534, 123 S.Ct. 2527 (2003) ("In this case, our review
is not circumscribed by a state court conclusion with respect to prejudice,
as neither of the state courts below reached this prong of the Strickland
analysis.").

## CONCLUSION

Based on the foregoing, petitioner respectfully request the Court to grant an Evidentiary hearing, that the Court appoint counsel for the petitioner, and that the Court grant the writ of habeas corpus.

Dated: October 06, 2015

Respectfully submitted,

Marvin Mathis
Petitioner, Pro se

**12**