**UNION COUNTY PROSECUTOR'S OFFICE**
32 RAHWAY AVENUE
ELIZABETH, NEW JERSEY 07202-2155
(908) 527-4500
FAX: (908) 289-1267

GRACE H. PARK
Acting Prosecutor of Union County

THOMAS K. ISENHOUR
First Assistant Prosecutor

ANN M. LUVERA*
Deputy First Assistant Prosecutor

* CERTIFIED CRIMINAL ATTORNEY

January 14, 2016

Hon. Jose L. Linares, U.S.D.J.
United States District Judge
Martin Luther King, Jr. Federal
Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: <u>Marvin Mathis v. Attorney General of New Jersey, et al.</u>
    Civil Action No. 15-2092 (JLL)

Your Honor:

This letter, in lieu of brief, is submitted on behalf of respondents (hereinafter the "State"), in opposition to petitioner's motion for an evidentiary hearing, pursuant to 28 U.S.C. §2254(e)(2).

An evidentiary hearing on habeas review is permitted in only a limited number of circumstances. <u>Campbell v. Vaughn</u>, 209 F.3d 280, 286 (3d Cir. 2000)(citing 28 U.S.C. §2254(e)). "[A] habeas court is barred from holding an evidentiary hearing unless the petitioner was diligent in his attempt to develop a factual basis for his claim in the state court proceedings, or the petitioner satisfies the criteria set for in §2254(e)(2)(A) and (B)."

Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010)(Internal citations omitted).  Under 28 U.S.C. §2254(e)(2)(A), a petitioner who failed to develop the factual basis of a claim in state court must show: "(1) that the claim relies upon a new rule of constitutional law, previously unavailable, which was made retroactive by the Supreme Court to cases on collateral review; or (2) the factual predicate of the claim could not have been discovered through the exercise of due diligence."  In addition, the petitioner must demonstrate by clear and convincing evidence that the facts underlying the claim were sufficient to establish that, but for the alleged constitutional error, no reasonable factfinder would have found petitioner guilty.  28 U.S.C. §2254(e)(2)(B).

    Then, even if a habeas court found that a petitioner passed the 28 U.S.C. §2254(e)(2) hurdle, "the decision to grant such a hearing rests in the discretion of the district court."  Palmer v. Hendricks, supra, 592 F.3d at 393 (quoting Schriro v. Landrigan, 550 U.S. 465, 468 (2007)).  In determining whether to conduct an evidentiary hearing, courts should first "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  Ibid.  In other words, the court should consider "whether the petition presents a prima facie showing which, if proven, would enable the petitioner to

prevail on the merits of the asserted claim." Ibid.  "[A] court should be reluctant to convene an evidentiary hearing to explore the claims of a petitioner whose pleadings are factually insufficient to suggest any entitlement to habeas relief." Ibid. Moreover, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Ibid.

In this case, as argued in the State's response to petitioner's habeas petition, petitioner failed to develop a factual basis for his claim in the state courts.  Although petitioner requested an evidentiary hearing on his post-conviction petition in state court, the post-conviction court properly denied his petition without an evidentiary hearing where the court concluded "that there has not been a prima facie showing of ineffective assistance of counsel demonstrated in this case from which the Court could determine, should determine that a hearing is required."  (16T28-14 to 18).  In denying his post-conviction petition, the PCR court found that there were not any facts which would demonstrate that petitioner had a learning disability that rendered him incapable of participating in his case at trial or at sentencing, in waiving his Miranda rights, or that would have affected his waiver hearing in juvenile court.  (16T25-12 to 27-17).

Therefore, since petitioner failed to establish a prima facie claim in the state courts and in this Court, his motion for an evidentiary hearing should be denied.

Very truly yours,

GRACE H. PARK
Acting Prosecutor of Union County

s/ Meredith L. Baló

By:  MEREDITH L. BALO
     Special Deputy Attorney General/
     Acting Assistant Prosecutor
     Attorney ID No. 019002007

c  Marvin Mathis, #304144/244859C, pro se